**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JUAN LOPEZ,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class,*

                       Plaintiff,

        v.

THERMO TECH MECHANICAL, INC.,
GOWKARRAN BUDHU, and SHANTI BUDHU

                   Defendants.

Case No.: 1:20-cv-09113

### DECLARATION OF JUAN LOPEZ

I, JUAN LOPEZ, under penalty of perjury, declare as follows:

1.     From in or about January 2016 until in or about August 2018, I was employed by Defendants as an HVAC (Heating, Ventilation, and Air Conditioning) installation worker.

2.     Throughout this period, I worked five days a week usually for about forty-five (45) hours a week, often from 7:00 am to 4:00 pm. My pay varied depending on the project, but it was often around $23.00/hr.

3.     Up until around May 2018, I and other employees of Defendants would fill in our timesheets manually, writing down start and end times on a standard form provided by Defendants. However, Defendant Shanti Budhu, the company's accountant, would prevent me and others from writing down the exact time we stopped working. If I tried to do so, Defendant Shanti Budhu would tell me "no, we don't do that here." Instead, I would always have to round down my time to the nearest half-hour.  So if I finished working at 4:25, I would have to write down 4:00. Defendant Shanti Budhu would tell us, "you have to complete the half-hour for it to count." Several

1

time a week, I would have to work 10-25 minutes past my scheduled shift but would not be compensated for this. Based on my personal observations and conversations, other employees of Defendants (including, but not limited to, individuals listed in ¶ 11 herein) also had their hours rounded down in the same manner.

4.      The same thing would happen at the beginning of shifts. I would often be required to begin working 5-10 minutes before my scheduled shift, but I would not be compensated for this extra time because it did not add up to a full half-hour. Based on my personal observations and conversations, other employees of Defendants (including, but not limited to, individuals listed in ¶ 11 herein) also had their hours rounded down in the same way.

5.      I would also be time-shaved through my meal break.  I would always take only a 30-minute break, but Defendants would deduct a full hour from my time.  The standard form on which we wrote down our hours did not contain entries to track the actual time spent in lunch breaks, and I was forced to add up my hours as though I had taken an entire hour for lunch, just as I was forced to pretend that I began and ended working exactly on the hour every day. *See* **Exhibit A** for a true and accurate example of my timesheets. Based on my personal observations and conversations, other employees of Defendants (including, but not limited to, individuals listed in ¶ 11 herein) were also time shaved in the same way.

6.      Around May 2018, Defendants switched to an electronic time keeping system that did record the time we worked precisely. However, Defendants would continue to time shave me and other employees. For example, I worked 38.75 hours in the week beginning May 21, 2018 and ending May 27, 2018. But my paycheck for that week was for only 38.44 hours. *See* **Exhibit B** for true and accurate copies of my timesheet (produced by Defendants) and paystub (that I have retained) for that week. I worked 6.68 hours during the week beginning July 30, 2018 and ending

2

August 5, 2018.  But may paycheck that week was for only 4.5 hours. *See* **Exhibit C** for true and accurate copies of my timesheet (produced by Defendants) and paystub (that I have retained) for that week. Based on my personal observations and conversations, other employees of Defendants (including, but not limited to, individuals listed in ¶ 11 herein) also were time shaved in this way.

7.    When I was hired by Defendants, I did not receive a wage and hour notice. Based on my personal observations and conversations, other employees of Defendants (including, but not limited to, individuals listed in ¶ 11 herein) also did not receive a wage and hour notice at the time of hiring or whenever their wage rates changed.

8.    During my employment with Defendants, I did not receive proper wage statements from Defendants because those Defendants provided did not accurately account for all my hours worked.  Based on my personal observations and conversations with my co-workers, other employees of Defendants (including, but not limited to, individuals listed in ¶ 11 herein) also did not receive proper wage statements and for the same reasons.

9.    My co-workers and I would frequently work on public works projects, most often at public schools, but Defendants never paid us the prevailing wages we were owed. For example, I spent at least part of each day of the week of July 24-28, 2017 working on a public works project at a public school, be it August Martin High School, P.S. X097, or Martin Van Buren High School. But my paystub shows that none of my hours that week were compensated at the prevailing wage. *See* **Exhibit D**. Based on my personal observations and conversations with my co-workers, other employees of Defendants (including, but not limited to, individuals listed in ¶ 11 herein) also did not receive prevailing wages for hours worked on public works projects.

10.     Throughout my employment with Defendants, I regularly observed and spoke with my fellow non-managerial co-workers regarding our wages. Such co-workers include but are not limited to:

| Name | Position |
|------|----------|
| Ceballos | Driver |
| Juan | Mechanic |
| Junior | Mechanic |

Based on my personal observations and conversations with co-workers, I know that all employees of Defendants were subject to the same wage and hour policies. I regularly spoke with my co-workers, and it was common knowledge that we were all being time shaved and deprived of prevailing wages. In particular, I recall routinely discussing the time shaving with Junior as we were working together.

11.     Individual Defendant Gowkarran Budhu was intimately involved in all aspects of Thermo Tech Mechanical, Inc. He was usually there in the mornings to give instructions to me and other employees. If I or another employee wanted a vacation, a schedule change, or a raise, we would have to bring this up with Defendant Budhu.  One time I complained to Defendant Budhu about not being paid prevailing wages on public works projects, and he made clear that this was not up for discussion.

12.     I agree to act as an FLSA Collective and Class representative and am of sound mind and body.

13.     I do not have any conflicts with prospective FLSA Collective Plaintiffs or with Class members.

DocuSign Envelope ID: BDFEEAE9-7BC2-4DB9-B7D2-3F2DE4649EA5

5/18/2021

_____
Date

DocuSigned by:

_____
Juan Lopez