# Lee Litigation Group, PLLC
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

WRITER'S DIRECT:     212-465-1188
cklee@leelitigation.com

May 17, 2022

**<u>Via ECF</u>**
Hon. Laura T. Swain, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

        Re:    *Lopez v. Thermo Tech Mechanical, Inc., et al.*
                  <u>Case No.: 20-cv-9113 (LTS) (BCM)</u>

Dear Judge Swain:

      This office represents Plaintiff, Juan Lopez ("Plaintiff"), in the above-referenced matter. We write to respectfully request: (1) that the Court restore this matter to Your Honor's active calendar; (2) that Your Honor set a briefing schedule regarding Plaintiff's intent to move for sanctions, fees and costs against Defendants, as a result of Defendants' vexatious conduct, which has multiplied the proceedings and frustrated the litigation process; and (3) that Your Honor grant Plaintiff leave to send a notice mailing to employees who received an invalid arbitration agreement from Defendants.

      Plaintiff filed his Complaint with this Court on October 30, 2020, alleging, *inter alia*, violations of Fair Labor Standards Act and New York Labor Law, and failure to pay prevailing wages on public works projects. (Dkt. No. 1). Plaintiff brought these claims as a class and collective action on behalf of all non-exempt HVAC (Heating, Ventilation, and Air Conditioning) workers employed by Defendants during the relevant statutory periods.

      On July 23, 2021, Defendants produced to Plaintiff an employee handbook signed by Plaintiff with an arbitration provision. As a result, by stipulation the parties voluntarily dismissed the matter without prejudice. (Dkt. Nos. 43 and 44), so that Plaintiff could seek relief in an arbitration forum. Your Honor So Ordered the parties' stipulation on July 7, 2021. (Dkt. No. 45).

      Pursuant to the arbitration agreement, on July 26, 2021, Plaintiff initiated an arbitration proceeding with the American Arbitration Association ("AAA"), Case No. 01-21-0004-9203. From the initiation of the arbitration to the date of this letter, the parties actively litigated the matter with regard to Plaintiff's claims. However, on May 17, 2022, AAA informed the parties that the matter would be suspended, due to Respondents'/Defendants' failure to pay required arbitration hearing fees. AAA's decision to suspend the matter came following weeks of conferences, and correspondence between the parties and AAA regarding Respondents'/Defendants' nonpayment of required hearing fees, beginning in or around mid-April 2022.

      Due to Defendants' vexatious conduct by requiring the parties to pursue arbitration, but then refusing to pay arbitration hearing fees and costs, Defendants have delayed the lawsuit by several months and caused Plaintiff's counsel to incur significant fees. Furthermore, Defendants have caused Plaintiff's counsel to cease prosecuting the claims of putative class members by producing the individual arbitration agreement, which Defendants have not honored, or complied with thereby rendering the agreement invalid.

      In light of the foregoing, we respectfully request that this Court reopen this matter, so that Plaintiff may pursue his claims and those of similarly situated employees in a judicial proceeding. Further, Plaintiff requests that Your Honor set a briefing schedule regarding Plaintiff's intent to move for sanctions, fees and costs as a result of Defendants' conduct, and grant Plaintiff leave to send a notice mailing to all of Defendants' employees who received an invalid arbitration agreement due to Defendants' failure to comply with their contractual payment obligations.

      We thank the Court for considering this request.

Respectfully Submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc: all parties via ECF