# EXHIBIT 8

## Re: Thermo Tech -- Waiving Unconscionable Arbitration Clause Provisions

**Rony Guldmann** <rony@leelitigation.com>
Wed 6/30/2021 10:47 AM

To: Jason Mizrahi <Jason@levinepstein.com>
Cc: CK Lee <cklee@leelitigation.com>;Taylor Grasdalen <taylor@leelitigation.com>;Joshua Levin-Epstein <Joshua@levinepstein.com>;Ulysses Kim <ulysses@leelitigation.com>

Stipulation attached. Please sign and we'll file.

---

**From:** Jason Mizrahi <Jason@levinepstein.com>
**Sent:** Tuesday, June 29, 2021 4:32 PM
**To:** Rony Guldmann <rony@leelitigation.com>
**Cc:** CK Lee <cklee@leelitigation.com>; Taylor Grasdalen <taylor@leelitigation.com>; Joshua Levin-Epstein <Joshua@levinepstein.com>
**Subject:** RE: Thermo Tech -- Waiving Unconscionable Arbitration Clause Provisions

Rony,

We are agreeable to stipulating out the language, and changing venues to arbitration before the AAA.

Please prepare a stipulation.

JM

---

Jason Mizrahi, Esq.
Levin-Epstein & Associates, P.C.
60 East 42nd Street, Suite 4700
New York, NY 10165
Phone: (212) 792-0048
Mobile: (301) 758-7351
Facsimile: (646) 786-3170
Email: Jason@levinepstein.com

*The information contained in this transmission, including attachments, is strictly confidential and intended solely for and the use by the intended recipients. This email may be protected by the attorney-client privilege, work-product doctrine, or other applicable legal or professional protections. If you are not the intended recipient, please be notified that any retention, use, disclosure, dissemination, distribution or copying of this email is strictly prohibited, kindly notify us of your inadvertent receipt of the email, by return email, destroy any printouts and delete any electronic copies. Any waiver of any privilege which might otherwise arise from this email being sent to, or received by, an unintended recipient is hereby expressly disclaimed. No attorney-client relationship is created by virtue of a recipients receipt of this email in error. Thank you.*

**From:** Jason Mizrahi
**Sent:** Thursday, June 24, 2021 12:31 PM
**To:** Rony Guldmann <rony@leelitigation.com>
**Cc:** CK Lee <cklee@leelitigation.com>; Taylor Grasdalen <taylor@leelitigation.com>; Joshua Levin-Epstein <Joshua@levinepstein.com>
**Subject:** RE: Thermo Tech -- Waiving Unconscionable Arbitration Clause Provisions

## Re: Thermo Tech -- Waiving Unconscionable Arbitration Clause Provisions

Rony Guldmann <rony@leelitigation.com>
Thu 6/24/2021 2:12 PM

To: Jason Mizrahi <Jason@levinepstein.com>
Cc: CK Lee <cklee@leelitigation.com>;Taylor Grasdalen <taylor@leelitigation.com>;Joshua Levin-Epstein <Joshua@levinepstein.com>

📎 1 attachments (297 KB)
Thermo Tech -- Signed Stipulation.pdf;

Attached.

---

**From:** Jason Mizrahi <Jason@levinepstein.com>
**Sent:** Thursday, June 24, 2021 12:30 PM
**To:** Rony Guldmann <rony@leelitigation.com>
**Cc:** CK Lee <cklee@leelitigation.com>; Taylor Grasdalen <taylor@leelitigation.com>; Joshua Levin-Epstein <Joshua@levinepstein.com>
**Subject:** RE: Thermo Tech -- Waiving Unconscionable Arbitration Clause Provisions

Rony,

Josh and I will speak with our client & consider your proposal.

In the meantime, please execute & remit back the Stip.

JM

---

Jason Mizrahi, Esq.
Levin-Epstein & Associates, P.C.
60 East 42nd Street, Suite 4700
New York, NY 10165
Phone: (212) 792-0048
Mobile: (301) 758-7351
Facsimile: (646) 786-3170
Email: Jason@levinepstein.com

*The information contained in this transmission, including attachments, is strictly confidential and intended solely for and the use by the intended recipients. This email may be protected by the attorney-client privilege, work-product doctrine, or other applicable legal or professional protections. If you are not the intended recipient, please be notified that any retention, use, disclosure, dissemination, distribution or copying of this email is strictly prohibited, kindly notify us of your inadvertent receipt of the email, by return email, destroy any printouts and delete any electronic copies. Any waiver of any privilege which might otherwise arise from this email being sent to, or received by, an unintended recipient is hereby expressly disclaimed. No attorney-client relationship is created by virtue of a recipients receipt of this email in error. Thank you.*

**From:** Rony Guldmann <rony@leelitigation.com>
**Sent:** Wednesday, June 23, 2021 5:44 PM
**To:** Jason Mizrahi <Jason@levinepstein.com>

## Re: Thermo Tech -- Waiving Unconscionable Arbitration Clause Provisions

Rony Guldmann <rony@leelitigation.com>
Wed 6/23/2021 5:44 PM

To: Jason Mizrahi <Jason@levinepstein.com>
Cc: CK Lee <cklee@leelitigation.com>;Taylor Grasdalen <taylor@leelitigation.com>;Joshua Levin-Epstein <Joshua@levinepstein.com>

See also:

Applying the foregoing standard, we hold that plaintiff has made a preliminary showing that the fee sharing and venue provisions in the arbitration agreement [**60] have the effect of precluding him from pursuing his statutory wage claim in arbitration. We remand for further proceedings, consistent with *Brady*, which, at a minimum, would include proof of plaintiff's income [***4] and assets, as well as proof of the expected costs and fees to arbitrate this dispute in Florida. Because the parties' arbitration agreement contains a severability clause, in the event plaintiff prevails on his claim that the aforementioned fee sharing and venue provisions should be held unenforceable under *Brady*, the matter should proceed to arbitration in New York, with defendant to bear the costs of the arbitration.

In addition, plaintiff challenges that part of the arbitration agreement permitting defendant, if it prevails in arbitration, to recover attorneys' fees. He argues that he would be unable to afford such fees, and that their recovery is not authorized under Labor Law § 198 (1), which only provides for costs and limited expenses to a prevailing plaintiff enforcing a wage claim. While *Brady* did not expressly address this issue, by extension of its logic, the risk of plaintiff having to pay defendant's attorneys' fees, if it prevails, may be taken into account in considering whether the total costs associated with arbitration preclude plaintiff from pursuing his claim in the arbitral forum.

Adams v Kent Sec. of N.Y., Inc., 156 A.D.3d 588, 590, 68 N.Y.S.3d 58, 59-60, 2017 N.Y. App. Div. LEXIS 9310, *3-4, 2017 NY Slip Op 09274, 2, 2017 WL 6612609

---

**From:** Jason Mizrahi <Jason@levinepstein.com>
**Sent:** Wednesday, June 23, 2021 4:48 PM
**To:** Rony Guldmann <rony@leelitigation.com>
**Cc:** CK Lee <cklee@leelitigation.com>; Taylor Grasdalen <taylor@leelitigation.com>; Joshua Levin-Epstein <Joshua@levinepstein.com>
**Subject:** RE: Thermo Tech -- Waiving Unconscionable Arbitration Clause Provisions

Rony,

Kindly provide us with your authority in support of your position.

JM

---

Jason Mizrahi, Esq.
Levin-Epstein & Associates, P.C.
60 East 42nd Street, Suite 4700

## Re: Thermo Tech -- Waiving Unconscionable Arbitration Clause Provisions

Rony Guldmann <rony@leelitigation.com>
Wed 6/23/2021 5:31 PM

To: Jason Mizrahi <Jason@levinepstein.com>

Cc: CK Lee <cklee@leelitigation.com>;Taylor Grasdalen <taylor@leelitigation.com>;Joshua Levin-Epstein <Joshua@levinepstein.com>

The United States Supreme Court's decision in *Green Tree Financial Corp-Alabama v. Randolph*, 531 U.S. at 79, appears to have vindicated the Second Circuit's latter view, at least in part. One of the two questions presented in *Green Tree Financial* was "whether an arbitration agreement that does not mention arbitration costs and fees is unenforceable because it fails to affirmatively protect a party from potentially steep arbitration costs." *Id.* at 82. The United States Supreme Court answered that question in the negative. *See id.* However, the United States Supreme Court also noted that "the existence of large arbitration costs could preclude a litigant . . . from effectively vindicating her federal statutory rights in the arbitral forum." *Id.* at 90. **Thus, the United States Supreme Court indicated at the end of its decision that a party could avoid arbitration by showing a "likelihood of incurring"** prohibitive costs in arbitration. *See id.* at 92.

D'Antuono v. Serv. Rd. Corp., 789 F. Supp. 2d 308, 333-334, 2011 U.S. Dist. LEXIS 57367, *63-64, 17 Wage & Hour Cas. 2d (BNA) 1429 (D. Conn. 2011).

---

**From:** Jason Mizrahi <Jason@levinepstein.com>
**Sent:** Wednesday, June 23, 2021 4:48 PM
**To:** Rony Guldmann <rony@leelitigation.com>
**Cc:** CK Lee <cklee@leelitigation.com>; Taylor Grasdalen <taylor@leelitigation.com>; Joshua Levin-Epstein <Joshua@levinepstein.com>
**Subject:** RE: Thermo Tech -- Waiving Unconscionable Arbitration Clause Provisions

Rony,

Kindly provide us with your authority in support of your position.

JM

---

Jason Mizrahi, Esq.
Levin-Epstein & Associates, P.C.
60 East 42nd Street, Suite 4700
New York, NY 10165
Phone: (212) 792-0048
Mobile: (301) 758-7351
Facsimile: (646) 786-3170
Email: Jason@levinepstein.com

*The information contained in this transmission, including attachments, is strictly confidential and intended solely for and the use by the intended recipients. This email may be protected by the attorney-client privilege, work-product doctrine, or other applicable legal or professional protections. If you are not the intended recipient, please be notified that any retention, use, disclosure, dissemination, distribution or copying of this email is strictly prohibited, kindly notify us of your inadvertent receipt of the email, by return email, destroy any printouts and delete any electronic copies. Any waiver of any privilege which*

*might otherwise arise from this email being sent to, or received by, an unintended recipient is hereby expressly disclaimed. No attorney-client relationship is created by virtue of a recipients receipt of this email in error. Thank you.*

**From:** Rony Guldmann <rony@leelitigation.com>
**Sent:** Wednesday, June 23, 2021 4:47 PM
**To:** Jason Mizrahi <Jason@levinepstein.com>
**Cc:** CK Lee <cklee@leelitigation.com>; Taylor Grasdalen <taylor@leelitigation.com>
**Subject:** Thermo Tech -- Waiving Unconscionable Arbitration Clause Provisions

Jason,

We've taken a closer look at the arbitration agreement. Before we dismiss, we would like confirmation that your client waives the following provisions in it, which we believe are unconscionable:

"Although the parties shall initially bear the cost of arbitration equally to the extent permitted by applicable law, the prevailing party, if any, as determined by the arbitrator at the request of the parties which is hereby deemed made, shall be entitled to reimbursement for its share of cost and reasonable attorneys' fees, as well as interest at the statutory rate."

Thanks,

Rony