**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X

Juan Lopez, *on behalf of himself, FLSA Collective*     Case No.: 20-cv-09113
*Plaintiffs and the Class*,

                                  *Plaintiff*,         Hon. Judge Laura Taylor
                                                           Swain

          *-against-*

Thermo Tech Mechanical Inc. Gowkarran Budhu, and
Shanti Budhu,

                                   *Defendants*.
------------------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

**LEVIN-EPSTEIN & ASSOCIATES, P.C.**
Jason Mizrahi, Esq.
Joshua Levin-Epstein, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
*Attorneys for Defendants*

Dated: New York, New York
        July 28, 2022

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................... iii

PRELIMINARY STATEMENT .................................................................................................. 1

RELEVANT FACTUAL AND PROCEDURAL HISTORY...................................................... 3

    A.  Plaintiff's Delay in the Effectuation of Service of Process Delays the Instant
        Proceeding for Half-A-Year ............................................................................................. 3

    B.  Plaintiff's Misstatement of Fact Concerning the Date on Which Defendants'
        Produced the Employment Manual Containing the Arbitration Provision.................. 4

    C.  Plaintiff's Deficient Discovery Responses Further Delayed the Instant Proceeding ... 5

    D.  Defendants' June 16, 2021 Responses and Objections to Plaintiff's Discovery
        Requests ............................................................................................................................ 6

    E.  Plaintiff's Filing of the Amended Complaint ................................................................. 6

    F.  Plaintiff's Motion for Conditional Certification of a Collective Action, Plaintiff's
        May 19, 2021 Declaration, Filed Under Penalty of Perjury ......................................... 6

    G.  The Voluntary Discontinuance of this Action, and the Commencement of the
        Arbitration........................................................................................................................ 7

    H.  Plaintiff Misrepresents the AAA's Request for a $25,000.00 Advancement ............... 8

LEGAL STANDARD .................................................................................................................. 9

    I.  Sanctions Under 28 U.S.C. § 1927, and the Court's Inherent Authority............................ 9

ARGUMENT............................................................................................................................... 10

    I.  The Court Should Respectfully Decline to Consider the Conclusory and Contradictory
       Assertions in Plaintiff's Memorandum of Law ............................................................... 10

    II.  Sanctions Should Not be Imposed Against the Undersigned Law Firm Pursuant to the
       Court's Inherent Authority or Under 28 U.S.C. § 1927 and Sanctions Should Not be
       Imposed Against Defendants Pursuant to the Court's Inherent Authority ...................... 11

    A.  Plaintiff's Misstatement of Fact Concerning the Date on Which Defendants'
        Produced the Employment Manual Containing the Arbitration Provision................ 12

i

B.  Plaintiff Misrepresents the Facts Concerning the AAA's Request for a $25,000.00 Advancement .................................................................................................................. 12

III.  Plaintiff Has Not Satisfied His Burden for the Imposition of Sanctions Against the Undersigned Law Firm and Defendants Pursuant to the Court's Inherent Authority and 28 U.S.C. § 1927.................................................................................................................. 13

**CONCLUSION** ...................................................................................................................... **14**

## TABLE OF AUTHORITIES

**Cases**

*Calabrese v. CSC Holdings, Inc.*,
   2009 WL 425879 (E.D.N.Y. 2009).................................................................................. 10

*Carl v. Edwards*,
   2017 WL 4271443 (E.D.N.Y. 2017) ................................................................................ 5

*Cicvara v. Duracell*,
   515 F. App'x 27 (2d Cir. 2013) ...................................................................................... 10

*Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.*,
   782 F.2d 329 (2d Cir. 1986)............................................................................................ 9

*Eisemann v. Greene*,
   204 F.3d 393 (2d Cir. 2000)...................................................................................... 3, 14

*Enmon v. Prospect Capital Corp.*,
   675 F.3d 138 (2d Cir. 2012)............................................................................................ 9

*Field Day, LLC v. Cty. of Suffolk*,
   2005 WL 2445794 (E.D.N.Y. 2005)............................................................................... 10

*Fischer v. Forrest*,
   2017 WL 773694 (S.D.N.Y. 2017)................................................................................... 5

*Gesualdi v. J.H. Reid, Gen. Contractor*,
   2017 WL 752157 (E.D.N.Y. 2017)................................................................................. 10

*Glidepath Holding v. Spherion Corp.*,
   590 F. Supp. 2d 435 (S.D.N.Y. 2007)............................................................................. 10

*In re M.B. Int'l W.W.L.*,
   2014 WL 4160148 (S.D.N.Y. 2014)............................................................................... 13

*Liebowitz v. Bandshell Artist Mgmt.*,
   6 F.4th 267 (2d Cir. 2021) ............................................................................................ 14

*Sierra Club v. U.S. Army Corps of Eng'rs*,
   776 F.2d 383 (2d Cir. 1985)........................................................................................... 14

*Sioson v. Knights of Columbus*,
    303 F.3d 458 (2d Cir. 2002)............................................................................................ 10

*Stephanie Ruiz Guevara et al* v. *Fine & Rare Operations LLC et al*,
    2022 WL 103376 (S.D.N.Y. 2022)................................................................................... 11

*Unite Here v. Cintas Corp.*,
    500 F. Supp. 2d 332 (S.D.N.Y. 2007)................................................................................ 9

*United States v. Prevezon Holdings, Ltd.*,
    305 F. Supp. 3d 468 (S.D.N.Y. 2018)............................................................................. 14

*Weinrib v. Winthrop-Univ. Hosp.*,
    2016 WL 1122033 (E.D.N.Y. 2016)................................................................................ 10

## **Statutes**

Fed.R.Civ.P. 37(c)(1)............................................................................................................ 9, 11

## **Other Authorities**

Local Civil Rule 16.2.............................................................................................................. 18

Defendants Thermo Tech Mechanical Inc., Gowkarran Budhu and Shanti Budhu, (collectively, the "Defendants"), by and through the undersigned counsel, Levin-Epstein & Associates, P.C., respectfully submit this Memorandum of Law, together with the Declaration of Jason Mizrahi, Esq., (the "Mizrahi Decl."), and the exhibits annexed thereto, in opposition to Plaintiff Juan Lopez's (the "Plaintiff") Motion for Sanctions filed on July 15, 2022 [Dckt. Nos. 54-56], pursuant to 28 U.S.C. § 1927, and the Court's inherent authority (the "Motion for Sanctions"), and as grounds thereto respectfully state as follows:

## **PRELIMINARY STATEMENT**

Plaintiff seeks extreme and unprecedented relief against the undersigned law firm for sanctions arising out of Defendants' inability to advance payment of a deposit in the amount of $25,000.00 in arbitration fees and costs before the American Arbitration Association ("AAA").[1] That the undersigned law firm should somehow be liable in form of sanctions, in the requested amount of $137,507.80 for Plaintiff's purported attorneys' fees at the requested hourly rate in the range of $1,200.00 to $1,600.00, for Defendants' inability to advance a $25,000.00 deposit is simply outrageous and offensive. The legal grounds on which Plaintiff's Motion for Sanction rests is as hollow and empty as the factual grounds to hold the undersigned law firm and Defendants liable for sanctions.

Plaintiff's Motion for Sanction as against the undersigned law firm is based on two (2) wrongfully alleged factual predicates that: (i) the undersigned law firm delayed the disclosure of Plaintiff's employee manual (the "Employment Manual") that contained an arbitration provision, and (ii) the undersigned law firm is somehow liable for Defendants' inability to pay an

---

[1] The AAA arbitration was captioned *Lopez v. Thermo Tech Mechanical Inc. et al*, Case No.: 01-21-0004-9203 (the "Arbitration").

advancement deposit in the amount of $25,000.00 to the AAA.[2] As set forth below, Plaintiff's factual bases for sanctions are clear misstatements of facts and deserve no serious consideration.

As to the wrongfully alleged disclosure of the Employment Manual, the undersigned law firm produced it within thirty (30) days of its filing of the notice of appearance in the instant action.[3] Further aggravating matters, Plaintiff (and his counsel) had possession of the Employment Manual given that Plaintiff had also produced it during fact discovery. Thus, Plaintiff's averment of a delay caused by the undersigned law firm belated transmittal of the Employment Manual is factually (and legally) baseless.

As to the wrongfully alleged prejudicial delay caused by Defendants' failure to advance a deposit in the amount of $25,000.00 to the AAA, Plaintiff mischaracterizes the record before this Court and the AAA. Plaintiff would have this Court believe that because this case bears an index number dating back to 2020 that the undersigned law firm somehow delayed the instant proceeding for two (2) years. The record speaks for itself: Plaintiff did not advance this case for nearly half-a-year between the date of the filing of the initial complaint on October 30, 2020 [Dckt. No. 1] and the date of the Initial Case Management Conference on April 29, 2021 [Dckt. No. 21]. The record further shows that Plaintiff has occasioned at least three (3) delays[4] through dilatory practice and discovery gamesmanship. By contrast, Defendants had produced hundreds of pages of payroll records, time keeping records, sign-in, sign-out sheets, text messages, emails, employee manuals, tax filings. Defendants also produced the individual defendant Gowkarran Budhu for a deposition on March 2, 2022. Thus, even with the transfer of the venue back to this Court, the discovery

---

[2] *See* Motion for Sanctions at p. 8.
[3] Defendants' counsel appeared in this action on February 10, 2021. [Dckt. Nos. 12-13].
[4] *To wit*: (i) Plaintiff had waited approximately 65 days to effectuate service of process; (ii) Plaintiff's belated production of deficient responses and objections to Defendants' discovery requests on May 14, 2021; and (iii) Plaintiff's unilateral request that the AAA appoint a new arbitrator on or around November 1, 2021.

2

phase is almost complete and there has been no prejudicial obstruction of the timeline of this case that comes anywhere near the legal threshold to sanction the undersigned law firm.

Plaintiff's Motion for Sanctions as against Defendants, pursuant to the Court's inherent authority is frivolous. Plaintiff cannot come close to satisfying the heavy legal burden of establishing "clear evidence[5]" that Defendant's failure to advance $25,000.00 was "entirely without color,"[6] and such conduct was undertaken in "bad faith—that is, motivated by improper purposes such as harassment or delay."[7] Contrary to the misstatements of fact and mischaracterizations in the Motion for Sanctions, Defendants have meaningfully participated in the case before the AAA and before this Honorable Court. Having produced hundreds of pages of discovery and the completion of Defendants' deposition in the Arbitration, the transfer of venue back to this Court falls far short of the type of type of conduct sanctionable under the conjunctive test for sanctions under the Court's inherent authority.

As set forth more fully below, the Motion for Sanctions must be denied in its entirety as against the undersigned law firm and Defendants because the Motion for Sanctions is factually and legally flawed.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

### A. Plaintiff's Delay in the Effectuation of Service of Process Delays the Instant Proceeding for Half-A-Year

While the instant action bears an index number dating back to 2020, a case management plan had not been entered until April 29, 2021[8] because Plaintiff had waited approximately 65 days to effectuate service of process.

---

[5] *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000).
[6] *Id.*
[7] *Id*.
[8] *See* [Dckt. No. 21].

Plaintiff filed the initial complaint on October 30, 2020. [Dckt. No. 1]. On November 2, 2020, the Court issued electronic summonses as to defendants Thermo Tech Mechanical Inc., and Gowkarran Budhu. [Dckt. Nos. 6-7]. On January 6, 2021 – *i.e.,* 65 days later – Plaintiff filed an affidavit of service, confirming proof of service on defendant Thermo Tech Mechanical Inc. [Dckt. No. 9]. The individual defendant Gowkarran Budhu was never served with a copy of the Summons and Complaint.

As set forth more fully below, Plaintiff's Motion for Sanctions[9] mischaracterizes the timeline of the instant case to give the false impression that the undersigned law firm and Defendants have caused two (2) years of delay.

## B. Plaintiff's Misstatement of Fact Concerning the Date on Which Defendants' Produced the Employment Manual Containing the Arbitration Provision

Defendants' counsel appeared in this action on February 10, 2021. [Dckt. Nos. 12-13]. On March 10, 2021, the undersigned counsel produced the following categories of records as part of Defendants' Fed.R.Civ.P. 26(a) initial disclosures:

1. IRS W-4 Forms for Plaintiff;
2. A signed and dated Employment Manual;
3. Payroll records, and
4. Signed and dated weekly time sheets.

[Mizrahi Decl. at ¶ 3].

Contrary to the misrepresentation[10] in the Motion for Sanctions, the undersigned counsel produced the Employment Manual *one (1) month* after appearing in the instant action. [*Id.* at ¶ 4].

---

[9] *See* Motion for Sanctions at pp. 1, 2, and 8.

[10] The Motion for Sanctions misrepresents that:

"Nearly a year after Plaintiff's filing of the Complaint, following extensive litigation and appearances before the Court, Defendants produced to Plaintiff an employee handbook signed by Plaintiff with an arbitration provision."

"Defendants' counsel apprised Plaintiff of the arbitration agreement in June 2021…."

4

In addition to comprehensive timekeeping and payroll policies, the Employment Manual contained an arbitration provision, requiring any and all claims to be resolved through arbitration. [Mizrahi Decl. at ¶ 5]. The arbitration provision did not contractually obligate Defendants to cover all the arbitration costs. [*Id*. at ¶ 6].

Thus, as set forth more fully below, the insinuation in the Motion for Sanctions that the undersigned law firm failed to timely disclose the Employment Manual, and that Defendants had the sole financial obligation to cover the arbitration costs, are misstatements of fact.

### C. Plaintiff's Deficient Discovery Responses Further Delayed the Instant Proceeding

On March 10, 2021, simultaneously upon transmittal of Defendants' Fed.R.Civ.P. 26(a) initial disclosures, the undersigned counsel served Plaintiff with discovery requests consisting of: (i) requests for the production of documents; (ii) interrogatories; as well as a (iii) notice of deposition. [*Id*. at ¶ 7].

On May 14, 2021, *i.e.*, more than two (2) months later, Plaintiff's counsel produced grossly deficient responses and objections to Defendants' discovery requests. [*Id*. at ¶ 8]. Plaintiff asserted boiler-plate, general objections to each and every one of Defendants' requests, and failed to substantively respond to virtually any of Defendants' requests.[11] [*Id*. at ¶ 9]. Moreover, Plaintiff's May 14, 2021 interrogatory responses were not verified. [12] [*Id*.].

Thus, Plaintiff caused another delay in the instant proceeding.

---

[Motion for Sanctions at pp. 1, 8]. It is well established that misrepresentations include not only literally false statements, but also any "'representation stating the truth so far as it goes but which the maker knows or believes to be materially misleading because of his failure to state additional or qualifying matter.'" *Universal Health Servs. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 1999 (2016) (internal quotations and citation omitted). The law is not "catch me if you can," and a party cannot "submit anything [it] want[s]" and leave it "up to us then to find that out." *See* Trans. of Sept. 5, 2017 and Sept. 11, 2017, *Omega v. 375 Canal*, 12 Civ. 6979 (S.D.N.Y. 2017), at 8:9-14.

[11] Plaintiff has violated both Fed.R.Civ.Pro. 34(b)(2)(B) and 34(b)(2)(C). *See Fischer v. Forrest*, 2017 WL 773694, at 3 (S.D.N.Y. 2017); *see also Carl v. Edwards*, 2017 WL 4271443, at 4 (E.D.N.Y. 2017).

[12] Fed.R.Civ.Pro. 33(b) requires interrogatories to "be answered…by the party to whom they are directed," Fed. R. Civ. P. 33(b)(1)(a), and "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed.R.Civ.P. 33(b)(3).

**D. Defendants' June 16, 2021 Responses and Objections to Plaintiff's Discovery Requests**

On June 16, 2021, Defendants' produced responses and objections to Plaintiff's document requests and interrogatories. [*Id*. at ¶ 10]. Defendants' June 16, 2021 responses included hundreds of pages of payroll records, time keeping records, sign-in, sign-out sheets, text messages, emails, employee manuals, and tax filings, undermining Plaintiff's *de minimis* claims. [*Id*. at ¶ 11]. The record production demonstrated that Plaintiff only worked as a sheet metal installer, or as a site supervisor. [*Id*. at ¶ 12]. The documentary record further demonstrated that Plaintiff received every single dollar for time worked. [*Id*. at ¶ 13]. Plaintiff physically signed daily sign-in sheets, and does not dispute receiving checks, summarized in hundreds of pages of payroll summary reports. [*Id*. at ¶ 14].

**E.  Plaintiff's Filing of the Amended Complaint**

On May 17, 2021, *i.e.,* approximately two (2) months after the production of Defendants' Rule 26(a) disclosures, Plaintiff filed an Amended Complaint (the "Amended Complaint", or the "*Am. Compl.*"). [Dckt. No. 22]. The Amended Complaint principally alleges that Plaintiff was not compensated for alleged work performed 5 to 10 minutes before his scheduled shift, 30 minutes after his lunch break, and 10 to 25 minutes past his scheduled shift. [*Am. Compl.* at ¶¶ 18-19]. The Amended Complaint also alleges that Plaintiff did not receive prevailing wages for "Steamfitter" work he allegedly performed on certain public projects. [*Id.* at ¶¶ 26-28].

**F. Plaintiff's Motion for Conditional Certification of a Collective Action, Plaintiff's May 19, 2021 Declaration, Filed Under Penalty of Perjury**

On May 19, 2021, Plaintiff filed a motion for conditional certification of a collective action pursuant to 29 U.S.C. § 216(b) "on behalf of all non-exempt *HVAC installation, maintenance, and repair workers* employed by Defendants[.]" [Dckt. No. 26 at p. 1] (emphasis added). The

6

factual predicate of the contemplated motion for conditional certification was that Plaintiff worked for Defendants "as an HVAC installation worker." [*Id*. at p. 2]. In support of this motion, Plaintiff filed a declaration, under penalty of perjury, averring that he "was employed by Defendants as an HVAC (Heating, Ventilation, and Air Conditioning) installation worker." [Dckt. No. 27 at ¶ 1].

### G. The Voluntary Discontinuance of this Action, and the Commencement of the Arbitration

On or around July 1, 2021, the parties filed a stipulation of voluntary dismissal, without prejudice, opting to proceed with an arbitration before the AAA. [Dckt. No. 45]. Before executing and filing the stipulation, the parties agreed to waive a prevailing parties provision in the arbitration agreement.  [*Id*.]. Contrary to the misrepresentations in the Motion for Sanctions, the arbitration agreement did not contractually obligate Defendants to cover all of the arbitration costs. [*Id*.]

On or around July 26, 2021, Plaintiff commenced the Arbitration with the AAA. [Mizrahi Decl. at ¶ 15].

On or around September 3, 2021, Defendants remitted a payment of $1,900 to the AAA. [*Id.* at ¶ 16].

On or around October 6, 2021, the AAA administratively appointed Gordon T. Walker to serve as the arbitrator in the Arbitration.  [*Id.* at ¶ 17].

On or around November 1, 2021, Plaintiff unilaterally requested that the AAA appoint a new arbitrator. [*Id.* at ¶ 18]. On or around November 8, 2021, the AAA removed arbitrator Gordon T. Walker, and appointed the Hon. Shira Scheindlin (ret.) to serve as the arbitrator in this case. [*Id.*].

In the Arbitration, Defendants diligently pursued discovery. [*Id.* at ¶ 19]. Defendants' propounded additional requests for the production of documents and interrogatories, and produced a Fed.R.Civ.P. 30(6)(b) witness for a deposition held on March 2, 2022. [*Id.*]. In response to

Defendants' additional requests for the production of documents and interrogatories, Plaintiff, once again, produced grossly deficiency responses and objections, consisting of boiler-plate, general objections, and evasive responses. [*Id.*].

Thus, for the third time, Plaintiff's actions in the form of the unilateral request for the appointment of a new arbitrator and discovery violation delayed the resolution of Plaintiff's case.

## H. Plaintiff Misrepresents the AAA's Request for a $25,000.00 Advancement

Nearly one (1) year after the commencement of the Arbitration, on April 8, 2022, the undersigned received an email from case administrator Maggie Lalowski of the AAA, that:

> "[t]he arbitrator for the above referenced case is requesting a deposit of $25,000
> in order to move forward."

[*Id.* at ¶ 20].  On April 11, 2022 (*i.e.,* three (3) days later), the undersigned responded to Ms. Lalowski's email as follows:

> "This is not economically feasible. My client is a small business owner. Please
> advise on your availability for a phone call so we can resolve this issue."

[*Id.* at ¶ 21].  Over multiple phone calls and emails held between April 25, 2022 and May 17, 2022, the undersigned informed the AAA that requested deposit is prohibitively expensive for a single plaintiff proceeding. [*Id.* at ¶ 22].  The undersigned specifically requested that the AAA appoint an arbitrator with greater economic diversity be appointed, as memorialized in writing in the email circulated on May 17, 2022, reproduced below:

> "We have discussed this issue at length over the phone, multiple times. The
> current arbitrator's fees in this case are prohibitively expensive.
>
> We would request that another arbitrator, with reasonable fees be appointed, so
> we may continue."

[*Id.* at ¶ 23].

On May 18, 2022 (*i.e.,* one (1) day after the transmittal of the May 17th email), in lieu of appointing another arbitrator, the AAA – *sua sponte* – decided to suspend the arbitration. [*Id.* at ¶

24]. On June 1, 2022, the undersigned submitted a formal application for the appointment of another arbitrator, with more economic diversity. [*Id.* at ¶ 25]. As of the date of this filing, the AAA has not responded to the undersigned's June 1, 2022 application. [*Id.* at ¶ 26].

The requested deposit amount of $25,000.00 is greater than the total liability in this case where, Plaintiff is claiming *de minimis* time-shaving violations. Due to financial constraints, Defendants cannot pay the advancement of $25,000.00. [*Id.* at ¶¶ 21-25].

## LEGAL STANDARD

### I.     Sanctions Under 28 U.S.C. § 1927, and the Court's Inherent Authority

The standard for sanctioning counsel pursuant to 28 U.S.C. § 1927 and the Court's inherent power are well established.[13] In order to impose sanctions under either route, the Court must find that "(1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith." *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) (internal quotation marks omitted). Indeed, as the Second Circuit has explained, "[i]n practice, the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is…that awards under § 1927 are made only against attorneys…while an award made under the court's inherent power may be made against an attorney, a party, or both." *Id*. at 144 (internal quotation marks omitted). In order to impose sanctions, a district court must make factual findings with a "high degree of specificity." *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 344 (2d Cir. 1986) (internal quotation marks omitted). The required finding of bad faith can only be inferred from a party's actions when the actions are "so completely without merit" that the Court must conclude that they were taken for an improper purpose. *Enmon*, 675 F.3d at 143 (internal

---

[13] "The standard for sanctioning counsel pursuant to § 1927 is the same standard for imposing sanctions pursuant to a court's inherent authority." *Unite Here v. Cintas Corp*., 500 F. Supp. 2d 332, 335 (S.D.N.Y. 2007).

quotation marks omitted) (quoting *Schaifer Nance & Co., Inc., v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)).

## **ARGUMENT**

### I.    The Court Should Respectfully Decline to Consider the Conclusory and Contradictory Assertions in Plaintiff's Memorandum of Law

Case law is legion that "assertions in a memorandum of law cannot serve as a substitute for evidence." *Calabrese v. CSC Holdings, Inc.*, 2009 WL 425879, at *17 (E.D.N.Y. 2009). To create a factual dispute, a party must submit sworn factual allegations from an affiant with personal knowledge. *Gesualdi v. J.H. Reid, Gen. Contractor*, 2017 WL 752157, at *7 (E.D.N.Y. 2017). Even if the Court were inclined to accept the explanation based on the unsupported assertions in the memorandum of law (which is should not), Plaintiff's explanation "omits material facts that preclude recovery" in his favor. *Id*. This is "particularly true" where, as here, Plaintiff "has failed to identify even a single legal authority in support of its position." *Id*. "Such factual conclusions, with no citations to the record or any legal authority for support does not constitute adequate briefing." *Weinrib v. Winthrop-Univ. Hosp.*, 2016 WL 1122033, at *7 (E.D.N.Y. 2016) (citation omitted). Furthermore, "the Court has no obligation to consider an argument for which a party has cited no legal authority." *Glidepath Holding v. Spherion Corp.*, 590 F. Supp. 2d 435, 459 n.9 (S.D.N.Y. 2007); *see Field Day, LLC v. Cty. of Suffolk*, 2005 WL 2445794, at *18 n.8 (E.D.N.Y. 2005), *aff'd in part, rev'd in part*, 463 F.3d 167 (2d Cir. 2006) ("[B]ecause…[a party] cites absolutely no authority to support…[its argument], the Court will not consider it."); *see also Cicvara v. Duracell*, 515 F. App'x 27, 28 (2d Cir. 2013) (noting that court's role is not to act as an advocate and therefore it is not required to "scour the record" or otherwise "research…legal theor[ies]" on behalf of a litigant); *Sioson v. Knights of Columbus*, 303 F.3d 458, 460 (2d Cir. 2002) (same).

The Motion for Sanctions is replete with conclusory assertions, contradicted by the record, that are not entitled to the presumption of truth. For example, Plaintiff's avers that:

1. Plaintiff has "spent [$137,506.80] on the proceedings to date[.]" [Motion for Sanctions at p. 9].

2. Plaintiff was "forc[ed] to incur legal fees and costs[,]" and "to expend valuable resources in his attempt to obtain relief[.]" [*Id.* at pp. 2, 6, 8, 9].

3. Defendants withheld the Employment Manual, with the arbitration provision, for ***one (1) year***. [*Id.* at p. 1] (emphasis added).

4. The arbitration agreement contractually obligated Defendants to cover all of the arbitration costs. [*Id.* at p. 5]

Plaintiff's failure to support these claims with specific citations to a sworn affidavit is highly questionable and suspect. Further aggravating matters, these claims are ***materially contradicted*** by Plaintiff's counsel's previous representations before this Court.[14] What is more, Plaintiff mischaracterizes what caused the suspension of the underlying arbitration.

Thus, the Court should respectfully decline to consider the above-referenced conclusory and contradictory assertions in Plaintiff's Motion for Sanctions.

II. **Sanctions Should Not be Imposed Against the Undersigned Law Firm Pursuant to the Court's Inherent Authority or Under 28 U.S.C. § 1927 and Sanctions Should Not be Imposed Against Defendants Pursuant to the Court's Inherent Authority**

As set forth more fully below, the two (2) factual predicates undergirding Plaintiff's Motion for Sanctions – *to wit*: (i) the purported delayed production of the Employment Manual; and (ii) Defendants' inability to pay the $25,000.00 AAA advancement, cannot support the imposition of sanctions under the Court's inherent authority and 28 U.S.C § 1927. Sanctions should not be imposed where, as here, neither Defendants nor Defendants' counsel have acted in

---

[14] *See* Dckt. No. 26-1 at p. 25 ("Lee Litigation Group, PLLC…is handling the lawsuit on a 'contingency fee' basis, which means that [plaintiffs] do not have to pay any attorneys' fees or expenses for this lawsuit."); *see also Stephanie Ruiz Guevara et al* v. *Fine & Rare Operations LLC et al*, 2022 WL 103376, at *10 (S.D.N.Y. 2022) (same proposition).

bad faith, and Defendants' counsel has diligently pursued discovery, in preparation for summary judgment or trial.

### A. Plaintiff's Misstatement of Fact Concerning the Date on Which Defendants' Produced the Employment Manual Containing the Arbitration Provision

The Motion for Sanctions misrepresents that:

"Nearly a year after Plaintiff's filing of the Complaint, following extensive litigation and appearances before the Court, Defendants produced to Plaintiff an employee handbook signed by Plaintiff with an arbitration provision…in June 2021…."

[Motion for Sanctions at pp. 1, 8]. This is false.

Contrary to the misrepresentation in the Motion for Sanctions, the undersigned counsel produced the Employment Manual on March 10, 2021, as part of Defendants' Fed.R.Civ.P. 26(a) initial disclosures. [Mizrahi Decl. at ¶¶ 3, 4]. Thus, the Employment Manual, containing the arbitration provision was produced ***one (1) month*** after the undersigned appeared in the instant action. In addition to comprehensive timekeeping and payroll policies, the Employment Manual contained an arbitration provision, requiring any and all claims to be resolved through binding arbitration. [*Id*. at ¶ 5]. The arbitration provision did not contractually obligate Defendants to cover all of the arbitration costs. [*Id*. at ¶ 6]

Thus, the insinuation that the undersigned law firm failed to timely disclose the Employment Manual, and that Defendants had the *sole* financial obligation to cover the arbitration costs, are misstatements of fact.

### B. Plaintiff Misrepresents the Facts Concerning the AAA's Request for a $25,000.00 Advancement

The Motion for Sanctions argues that the timing of Defendants' objections to the $25,000.00 advancements constitutes bad faith because:

12

"Defendants should have already known they were required to pay [the $25,000.00 advancement]"

[Motion for Sanctions at p. 7]. This is another misrepresentation.

Defendants first learned about the $25,000.00 advancement on April 8, 2022, when the undersigned received an email from case administrator Maggie Lalowski of the AAA. [Mizrahi Decl. at ¶ 21]. Before then, Defendants' had remitted its share of the arbitration administrative filing fees of $1,900 at the commencement of the Arbitration. [*Id.* at ¶ 16]. The undersigned promptly responded to the AAA's request for a $25,000.00 advancement, as memorialized in the April 11, 2022 email.  [*Id.* at ¶ 2!]. Over multiple phone calls and emails held between April 25, 2022 and May 17, 2022, the undersigned informed the AAA that requested deposit is prohibitively expensive. [*Id.* at ¶ 22].  The undersigned specifically requested that the AAA appoint an arbitrator with greater economic diversity, as memorialized in writing in the email circulated on May 17, 2022, and a formal application submitted on June 1, 2022. [*Id.* at ¶¶ 22-26].  That is, Defendants wanted to continue the Arbitration.

As the Motion for Sanctions misrepresents the AAA's request for a $25,000.00 advancement, the Court should respectfully deny the factually (and legally) baseless Motion for Sanctions. *See In re M.B. Int'l W.W.L.*, 2014 WL 4160148, at *11 (S.D.N.Y. 2014) (denying motion for sanctions pursuant to § 1927 and the Court's inherent authority alleging party's non-payment of arbitration fees); *U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.*, 2004 WL 2823038, at *10 (S.D.N.Y. 2004) (same proposition).

### III.    Plaintiff Has Not Satisfied His Burden for the Imposition of Sanctions Against the Undersigned Law Firm and Defendants Pursuant to the Court's Inherent Authority and 28 U.S.C. § 1927

To impose sanctions under the Court's inherent authority or 28 U.S.C. § 1927, the moving party must present "clear evidence" that the offending party's claims or actions during the litigation

13

were "entirely without color," and the conduct was undertaken in "bad faith—that is, motivated by improper purposes such as harassment or delay." *Eisemann*, 204 F.3d at 396. "The test is conjunctive and neither meritlessness alone nor improper purpose alone will suffice." *Sierra Club v. U.S. Army Corps of Eng'rs*, 776 F.2d 383, 390 (2d Cir. 1985). Plaintiff cannot meet the burden to satisfy the conjunctive test for sanctions under either procedural base.

"To make a finding of bad faith, a court must (1) find that the challenged actions were taken for improper purposes, such as harassment or delay; and (2) provide a high degree of specificity in the factual findings." *United States v. Prevezon Holdings, Ltd.,* 305 F. Supp. 3d 468, 483 (S.D.N.Y. 2018) (citing *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986)).

As set forth more fully above, Plaintiff cannot meet the "conjunctive" test for the imposition of sanctions because Defendants' objection to the AAA's requested deposit in the amount of $25,000.00 was not "entirely without color" and not undertaken in "bad faith." *Sierra Club,* 776 F.2d at 390. "For a claim to be without color it must lack any legal or factual basis." *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 283 (2d Cir. 2021). This is simply not the case here as Defendants asked the AAA to continue the Arbitration with a less expensive arbitrator following the AAA's request for a deposit in the amount of $25,000. [Mizrahi Decl. at ¶¶ 21-26].

## CONCLUSION

For the reasons stated above, the Court should decline to impose sanctions pursuant to 28 U.S.C. § 1927 or the Court's inherent authority.

Dated: New York, New York
       July 28, 2022

Respectfully Submitted,

LEVIN EPSTEIN & ASSOCIATES, P.C.

*/s Jason Mizrahi*
Jason Mizrahi, Esq.

14

Joshua Levin-Epstein, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel No.: (212) 792-0048
*Attorneys for Defendants*

15