UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
Juan Lopez, *on behalf of himself, FLSA Collective Plaintiffs and the Class*,

                                  *Plaintiff*,

                      -*against*-

Thermo Tech Mechanical Inc. Gowkarran Budhu, and Shanti Budhu,

                                  *Defendants*.

-----------------------------------------------------------------------X

Case No.: 20-cv-09113

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION AND IN SUPPORT OF DEFENDANTS' <u>CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

**LEVIN-EPSTEIN & ASSOCIATES, P.C.**
Jason Mizrahi, Esq.
Joshua Levin-Epstein, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel. No.: (212) 792-0048
Email:    Jason@levinepstein.com
              Joshua@levinepstein.com
*Attorneys for Defendants*

Dated: New York, New York
       January 6, 2023

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................ iii

PRELIMINARY STATEMENT ................................................................................... 1

RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY .................... 4

    A.  Defendants' March 10, 2021 Rule 26(a) Initial Disclosures ......................................... 4

    B.  Plaintiff's May 17, 2021 Amended Complaint............................................................. 4

    C.  Defendants' June 16, 2021 Responses and Objections to Plaintiff's Discovery Requests ................................................................................................................. 5

LEGAL STANDARD .................................................................................................. 5

    I.   Legal Standard on a Motion for Judgment on the Pleadings ....................................... 5

    II.  Legal Standard for Conditional Certification of a Collective Action ............................. 6

ARGUMENT .............................................................................................................. 8

    I.   Plaintiff's FLSA Claim Should be Dismissed Pursuant to Fed.R.Civ.P. 12(c) for Failure to State a Claim ...................................................................................................... 8

        A.  Plaintiff's "Gap-Time" Claim is Not Recoverable Under the FLSA .......................... 8

        B.  The State Law Claims Should be Dismissed Without Prejudice ............................... 10

    II.  The Court Should Deny Conditional Certification .......................................................... 11

        A.  Plaintiff Could not Be "Similarly Situated" to Any Potential Collective Members Because He Has Not Alleged an Unpaid Overtime Claim Under the FLSA.............. 11

        B.  Regardless Of Whether Plaintiff Suffered Any FLSA Violation, The Threadbare Lopez Decl. is Technically Infirm ........................................................................ 12

        C.  Plaintiff Cannot Establish That He is Similarly Situated to the Putative Class.......... 13

        D.  Plaintiff has Failed to Show any Common Policy or Practice that Violates the Law  14

            i.   Plaintiff Cannot Establish a Common Policy Regarding "Time Shaving.".......... 15

III.   Alternatively, The Court Should Deny Equitable Tolling, Limit The Look-Back Period, And Direct That The Parties Submit An Agreed-Upon Revised Notice .......................... 15

    A.   There are No Exceptional Circumstances Justifying Equitable Tolling .................... 15

    B.   The Six-Year Proposed Look Back Period Is Too Long ............................................ 16

    C.   Plaintiff's Proposed Notice is Deficient ..................................................... 17

**CONCLUSION** ............................................................................................................. **18**

## TABLE OF AUTHORITIES

**Cases**

*Abramovich v. Magic Home Care, LLC,*
    1:18-cv-05342 (E.D.N.Y. 2019) ..................................................................... 12

*Ali v. New York City Health & Hosps. Corp.,*
    2013 WL 1245543 (S.D.N.Y. 2013)................................................................. 14

*Alvarez v. IBM Restaurants Inc.,*
    839 F. Supp. 2d 580 (E.D.N.Y. 2012) ............................................................. 16

*Arevalo v. D.J.'s Underground, Inc.,*
    2010 WL 4026112 (D. Md. 2010) ................................................................... 18

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)........................................................................................... 6

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,*
    493 F.3d 87 (2d Cir. 2007)................................................................................. 6

*Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.,*
    373 F.3d 296 (2d Cir. 2004)............................................................................. 10

*Campbell v. PriceWaterhouse Coopers, LLP,*
    2008 WL 2345035 (E.D. Cal. 2008)................................................................ 18

*Contrera v. Langer,*
    278 F. Supp. 3d 702 (S.D.N.Y. 2017).............................................................. 16

*Davis v. City of Loganville, Ga.,*
    2006 WL 826713 (N.D. Ga. 2006) .................................................................... 9

*Eng-Hatcher v. Sprint Nextel Corp.,*
    2009 U.S. Dist. LEXIS 127262 (S.D.N.Y. 2009)...................................... 12, 14

*Franck v. New York Health Care, Inc.,*
    2022 WL 4363855 (S.D.N.Y. 2022)........................................................ *passim*

*Gordon v. Kaleida Health,*
    2009 WL 3334784 (W.D.N.Y. 2009) .............................................................. 18

*Guan v. Long Island Bus. Inst., Inc.*,
    2016 WL 4257549 (E.D.N.Y. 2016)................................................................. 17

*Guillen v. Marshalls of MA, Inc*.,
    841 F. Supp. 2d 797 (S.D.N.Y. 2012)............................................................... 7

*Guo v. Tommy's Sushi Inc*.,
    2014 WL 5314822 (S.D.N.Y. 2014)................................................................. 16

*Hintergerger v. Catholic Health Sys*.,
    2009 WL 3464134 (W.D.N.Y. 2009) ............................................................... 17

*Hoffman-La Roche, Inc. v. Sperling*,
    493 U.S. 165, 170 (1989)................................................................................... 6

*Horne v. United Servs. Auto. Ass'n*,
    279 F. Supp. 2d 1231 (M.D. Ala. 2003) ......................................................... 13

*Jenkins v. TJX Companies Inc.*,
    853 F. Supp. 2d 317 (E.D.N.Y. 2012) ............................................................ 14

*Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc.*,
    2013 WL 5132023 (E.D.N.Y. 2013)................................................................. 7

*Khan v. Airport Management Servs., Inc.*,
    2011 WL 5597371 (S.D.N.Y. 2011)........................................................... 7, 14

*Levinson v. Primedia Inc.*,
    2003 WL 22533428 (S.D.N.Y. 2003).............................................................. 8

*Lin v. Benihana Nat'l Corp*.,
    755 F. Supp. 2d 504, 510 (S.D.N.Y. 2010)..................................................... 13

*McGuire v. City of New York*,
    2004 WL 307308 (S.D.N.Y. 2004)................................................................. 11

*Mendoza v. Casa de Cambio Delgado, Inc.*,
    2008 WL 938584 (S.D.N.Y. 2008)................................................................. 13

*Mike v. Safeco Ins. Co.*,
    274 F. Supp. 2d 216 (D. Conn. 2003).............................................................. 13

*Morales v. Plantworks, Inc.*,
    2006 WL 278154 (S.D.N.Y. 2006) ............................................................................... 8, 12

*Myers v. Hertz Corp.*,
    624 F.3d 537 (2d Cir. 2010) ...................................................................................... 7, 12

*Nakahata v. New YorkPresbyterian Healthcare Sys., Inc.*,
    723 F.3d 192 (2d Cir. 2013) ...................................................................................... 8, 11

*O'Donnell v. Robert Half Int'l.*,
    429 F. Supp. 2d 246 (D. Mass. 2006) ........................................................................... 14

*Park v. FDM Grp. (Holdings) PLC*,
    2017 WL 946298 (S.D.N.Y. 2017) ............................................................................... 9

*Realite v. Ark Restaurants Corp.*,
    7 F.Supp.2d 303 (S.D.N.Y. 1998) ................................................................................ 13

*Reyes v. Nidaja, LLC*,
    2015 WL 4622587 (S.D.N.Y. 2015) ............................................................................. 13

*Romero v. H.B. Automotive Group, Inc.*,
    2012 WL 1514810 (S.D.N.Y. 2012) ............................................................................. 7

*Rosario v. Valentine Ave. Disc. Store, Co.*,
    828 F. Supp. 2d 508 (E.D.N.Y. 2011) .......................................................................... 17

*Rudd v. T.L. Cannon Corp.*,
    2011 WL 831446 (N.D.N.Y. 2011) .............................................................................. 7

*Rusis v. Int'l Business Machines Corp.*,
    529 F. Supp. 3d 178 (S.D.N.Y. 2021) ........................................................................... 6

*Slamna v. API Rest. Corp.*,
    2013 WL 3340290 (S.D.N.Y. 2013) ............................................................................. 17

*Tortorici v. Bus-Tev, LLC*,
    2021 WL 4177209 (S.D.N.Y. 2021) ............................................................................. 10

*Whitehorn v. Wolfgang's Steakhouse, Inc.*,
    767 F. Supp. 2d 445 (S.D.N.Y. 2011) ........................................................................... 16

*Whitehorn v. Wolfgang's Steakhouse, Inc.*,
    767 F. Supp. 2d 445 (S.D.N.Y. 2011) ........................................................................... 17

*Whiteside v. Hover-Davis, Inc.,*
    995 F.3d 315 (2d Cir. 2021)............................................................................... 10

*Zeledon v. Dimi Gyro LLC*,
    2016 WL 6561404 (S.D.N.Y. 2016) ................................................................... 15

**<u>Statutes</u>**

28 U.S.C. § 1367 .................................................................................................... 10

29 C.F.R. 785.48(b) ............................................................................................ 4, 15

Fed.R.Civ.P. 12(c) ................................................................................................ 5

Defendants Thermo Tech Mechanical Inc., Gowkarran Budhu and Shanti Budhu, (collectively, the "Defendants"), by and through the undersigned counsel, Levin-Epstein & Associates, P.C., respectfully submit this Memorandum of Law, together with the Declaration of Jason Mizrahi, Esq., (the "Mizrahi Decl."), and the exhibits annexed thereto, in opposition to Plaintiff Juan Lopez's (the "Plaintiff") motion for conditional certification of a collective action filed on May 19, 2021 [Dckt. Nos. 25-27], pursuant to 29 U.S.C. § 216(b) (the "Motion for Conditional Certification"), and in support of Defendants' cross-motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12(c), and as grounds thereto respectfully state as follows:

## PRELIMINARY STATEMENT

Plaintiff's *sole* FLSA claim is premised on the conclusory assertion that he was denied overtime wages as a result of an alleged time shaving policy.[1] However, neither the Amended Complaint, nor the declaration[2] offered in support of the Motion for Conditional Certification, identify a ***single, specific workweek*** where Plaintiff was not paid for all overtime hours worked. Instead, Plaintiff alleges two (2) lone instances where he was not paid for "gap-time", for which the FLSA does not provide a cause of action.[3] In the absence of a plausible overtime claim under 29 U.S.C. § 207(a)(1), Plaintiff cannot represent the purported collective, and Plaintiff's FLSA claim should be dismissed pursuant to Fed.R.Civ.P. 12(c).

The failure to state a plausible federal overtime claim has resulted in the denial of a motion for conditional certification, and the recommendation for the dismissal of an identical wage-and-hour action in this District, captioned *Franck v. New York Health Care, Inc.*, 2022 WL 4363855,

---

[1] [*See* Dckt. No. 22 at ¶¶ 34, 56] (the "Amended Complaint", or the "*Am. Compl.*").
[2] [*See* Dckt. No. 27] (the "Lopez Decl.").
[3] *See* § I(A), *infra*.

1

at *13 (S.D.N.Y. 2022). In *Franck*, the plaintiffs filed a motion for conditional certification of a collective action, alleging, *inter alia*, time shaving and overtime violations under the FLSA. *Franck*, 2022 WL 4363855 at *13. In response, the defendants filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), arguing that, *inter alia*; (i) the operative complaint failed to sufficiently allege FLSA overtime violations; and (ii) the plaintiffs' claims for unpaid "gap-time" were not compensable under the FLSA. *Id*. In recommending the dismissal of the complaint, the Court concluded that, *inter alia*, the plaintiffs failed to plead an FLSA claim for overtime because: (i) the only alleged overtime claim fell outside of the relevant statutory period; and (ii) the plaintiffs' "gap-time" claims were not covered under the FLSA. *Id*.[4]  The Court ultimately denied the plaintiff's motion for conditional certification as moot, following the dismissal of the FLSA claims. It is respectfully submitted that this Court dismiss the Amended Complaint on the same grounds as in the *Franck* action.

Assuming *arguendo* that the Motion for Conditional Certification is not mooted by the dismissal of Plaintiff's FLSA claim (which it will be), at a bare minimum, Plaintiff fails to identify a specific common policy or plan that violates the FLSA. Even if a FLSA claim were to exist (which it does not), by Plaintiff's own analysis, the two (2) isolated instances[5] of unpaid "gap-time" were extraordinarily rare. Plaintiff conveniently ignores *hundreds of* other instances over the

---

[4] ("'[T]he Second Circuit has held that the FLSA does not provide for recovery for a 'gap-time claim.'…'A gap-time claim is one in which an employee has not worked 40 hours in a given week but seeks recovery of unpaid time worked, or in which an employee has worked over 40 hours in a given week but seeks recovery for unpaid work under 40 hours.' In the Second Circuit, as long as an employee is being paid at minimum wage or higher, the FLSA 'does not provide recourse for unpaid hours below the 40-hour threshold, even if the employee also works overtime hours the same week.'") (citing *Lundy v. Cath. Health Sys. of Long Island Inc*., 711 F.3d 106, 115-116 (2d Cir. 2013))

[5] *To wit*: (i) the week of May 21, 2018; and (ii) the week of July 30, 2018. [*Am. Compl.* at ¶ 21]; [Lopez Decl. at ¶¶ 5-6].

span of his two-and-a-half-year[6] employment where he does not (and cannot) dispute that Defendants properly paid their employees overtime, and other amounts due.

Plaintiff's threadbare evidence and conclusory statements simply cannot support the modest burden to satisfy Second Circuit precedent for conditional certification of a collective action on the broad terms requested for the inclusion of all "non-exempt heating, ventilation, and air conditioning ("HVAC") installation, maintenance, and repair workers" employed by Defendants within the last six (6) years.[7] Plaintiff (a purported HVAC installation worker[8]) seeks such drastic relief based solely on his own self-serving declaration, which includes assertions with respect to three (3) unnamed individuals, *to wit:* one (1) "driver", and two (2) "mechanic[s]" at Thermotech. The lone Lopez Decl. offered in support of the Motion for Conditional Certification is devoid of any evidence of policies or procedures violative of the FLSA and consists of nothing but speculation and surmise. Accordingly, the motion to conditionally certify amounts to a "fishing expedition" by the lone individual Plaintiff as it is based on pure speculation that there exists other similarly situated HVAC instillation workers who were allegedly subjected to the same gap-time violations as Plaintiff, for which the FLSA does not provide a cause of action.

For the reasons set forth more fully below, Defendants' cross-motion for judgment on the pleadings should be granted, Plaintiff's *sole* FLSA claim for unpaid overtime should be dismissed, and the Motion for Conditional Certification should be denied.

---

[6] Plaintiff allegedly worked from January 2016 to, through and including August 2018. [*Am. Compl.* at ¶ 14]; [Lopez Decl. at ¶ 1].

[7] Plaintiff collective action claims were initially filed on behalf of a purported collective employed by Defendants within the "***last three (3) years***…"[*See Am. Compl.* at ¶ 33] However, the Motion for Conditional Certification inexplicably seeks conditional certification within the last six (6) years. As set forth more fully in § III(B), *infra,* this is overreaching.

[8] [*Am. Compl.* at ¶ 14]; [Lopez Decl. at ¶ 1].

## RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.  Defendants' March 10, 2021 Rule 26(a) Initial Disclosures

On March 10, 2021 (*i.e.*, one (1) month following Defendants' counsel's appearance in this action [*see* Dckt. Nos. 12-13]) the undersigned counsel produced the following categories of records as part of Defendants' Fed.R.Civ.P. 26(a) initial disclosures:

1. IRS W-4 Forms for Plaintiff;
2. A signed and dated employment manual;
3. Payroll records, and
4. Signed and dated weekly time sheets.

[Mizrahi Decl. at ¶ 3].

### B.  Plaintiff's May 17, 2021 Amended Complaint

On May 17, 2021, *i.e.*, approximately two (2) months after the production of Defendants' Rule 26(a) disclosures, Plaintiff filed the Amended Complaint. The Amended Complaint principally alleges that Plaintiff worked at Thermo Tech as an HVAC installation worker, and was not compensated for alleged "gap-time" work performed 5 to 10 minutes before his scheduled shift, 30 minutes after his lunch break, and 10 to 25 minutes past his scheduled shift.[9] [*Am. Compl.* at ¶¶ 14, 18-19]. As a result, Plaintiff alleges that he, and the purported FLSA collective, were not paid "for all regular or overtime hours" under the FLSA. [*Id.* at ¶ 24].

Despite possessing, *inter alia*, payroll and timekeeping records for nearly (2) months before the filing of the Amended Complaint – Plaintiff, has only articulated two (2) lone instances[10] of unpaid "gap-time", for which the FLSA does not provide a cause of action.[11]

---

[9] As set forth more fully in § II(D)(i), *infra*, 29 C.F.R. 785.48(b) expressly permits employers to engage in such "rounding practices". *See* 29 C.F.R. 785.48(b).

[10] *To wit*: (i) the week of May 21, 2018; and (ii) the week of July 30, 2018. [*Am. Compl.* at ¶ 21]

[11] *See* § I(A), *infra*.

### C. Defendants' June 16, 2021 Responses and Objections to Plaintiff's Discovery Requests

On June 16, 2021, Defendants' produced responses and objections to Plaintiff's document requests and interrogatories. [Mizrahi Decl. at ¶ 4]. Defendants' June 16, 2021 responses included hundreds of pages of payroll records, time keeping records, sign-in, sign-out sheets, text messages, emails, employee manuals, and tax filings, undermining Plaintiff's *de minimis* claims. [*Id*.].

Thus, Plaintiff has been in possession of hundreds of pages of payroll and timekeeping records for nearly a-year-and-a-half. However, as of the date of this filing, Plaintiff has only articulated two (2) lone instances[12] of unpaid "gap-time" over the span of his two-and-a-half-year employment, for which the FLSA does not provide a cause of action.[13]

## LEGAL STANDARD

### I. Legal Standard on a Motion for Judgment on the Pleadings

Under the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial[.]" Fed.R.Civ.P. 12(c). "In deciding a Rule 12(c) motion, [courts] apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Franck*, 2022 WL 4363855 at *5 (citing *Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004)) (quotations omitted). "To survive a Rule 12(c) motion, [a] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citing *Johnson v. Rowley,* 569 F.3d 40, 43–44 (2d Cir. 2009)).

---

[12] *To wit*: (i) the week of May 21, 2018; and (ii) the week of July 30, 2018. [*Am. Compl.* at ¶ 21]; [Lopez Decl. at ¶¶ 5-6].
[13] *See* § I(A), *infra*.

"On a [Rule] 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Rusis v. Int'l Business Machines Corp.*, 529 F. Supp. 3d 178, 191 (S.D.N.Y. 2021) (quoting *L-7 Designs, Inc. v. Old Navy LLC*, 647 F.3d 419, 422 (2d Cir. 2011)).

To survive dismissal, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Moreover, "the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' " *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Although Rule 8 "does not require 'detailed factual allegations,' …it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## II. Legal Standard for Conditional Certification of a Collective Action

The FLSA provides for collective actions through an "opt in" procedure. 29 U.S.C. § 216(b). However, a collective action should proceed only where it will facilitate a court's ability to resolve multiple claims efficiently in one proceeding. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). In determining whether to issue court-authorized notice, courts must be "mindful of the potential burdens associated with defending an FLSA claim involving a large and broadly defined collective group of plaintiffs." *Rudd v. T.L. Cannon Corp.*, 2011 WL 831446, at

*6 (N.D.N.Y. 2011), *report and recommendation adopted*, 2011 WL 830636 (N.D.N.Y. Mar. 2011). After all, "[i]t would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action." *Guillen v. Marshalls of MA, Inc.*, 841 F. Supp. 2d 797, 803 (S.D.N.Y. 2012), *adopted*, 2012 WL 2588771 (S.D.N.Y. 2012) (internal quotations and citations omitted). For that reason, § 216(b) provides that only similarly situated employees may utilize the opt-in procedure. 29 U.S.C. § 216(b).

Courts in the Second Circuit utilize a two-tiered approach when deciding whether an FLSA suit may proceed as a collective action. *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010). "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id*. at 555. "At this stage, the court does not prejudge the merits of the plaintiff's claim, **provided the plaintiff has made a colorable claim for relief**." *Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc.*, 2013 WL 5132023, at *1 (E.D.N.Y. 2013) (citation omitted) (emphasis added). Rather, the court looks to pleadings and affidavits to determine whether the putative class members are "similarly situated." *Id*. (citation omitted).

When the pleadings and declaration(s) submitted by a representative plaintiff do not establish the required factual nexus or are based on conclusory assertions, "conditional certification" should be denied. *Id.* at *1 (E.D.N.Y. 2013); *Romero v. H.B. Automotive Group, Inc.*, 2012 WL 1514810, at *10 (S.D.N.Y. 2012) (denying conditional certification because "Plaintiff's 'modest factual showing cannot be satisfied simply by unsupported assertions'" and that "[c]onclusory allegations are not enough[.]" (quoting *Myers*, 624 F.3d at 555); *Khan v. Airport Management Servs., Inc.*, 2011 WL 5597371, at *4-5 (S.D.N.Y. 2011) (denying conditional

certification because plaintiff relied exclusively on conclusory allegations); *Morales v. Plantworks, Inc.*, 2006 WL 278154, at *3 (S.D.N.Y. 2006) (denying conditional certification because plaintiffs offered only conclusory and unsupported allegations in support of their motion); *Levinson v. Primedia Inc.*, 2003 WL 22533428, at *2 (S.D.N.Y. 2003) (denying conditional certifications where plaintiffs merely alleged that they were not paid overtime or the minimum wage, but provided no factual evidence other than their own conjecture that other employees suffered from the same unlawful pay practices).

## **ARGUMENT**

I.   **Plaintiff's FLSA Claim Should be Dismissed Pursuant to Fed.R.Civ.P. 12(c) for Failure to State a Claim**

Notably, the FLSA does not provide a cause of action for "gap-time". *Franck*, 2022 WL 4363855 at *5*Nakahata v. New YorkPresbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 202 (2d Cir. 2013). Gap-time claims are those "in which an employee has not worked 40 hours in a given week, but seeks recovery of unpaid time worked, or in which an employee has worked over 40 hours in a given week but seeks recovery for unpaid work under 40 hours." *Nakahata*, 723 F. 3d at 202. As set forth more fully below, Plaintiff's *sole* claim for unpaid overtime under the FLSA should be dismissed because Plaintiff's claim for uncompensated "gap-time" does not constitute overtime under the FLSA and therefore is non-recoverable.

A.   **Plaintiff's "Gap-Time" Claim is Not Recoverable Under the FLSA**

Plaintiff alleges two (2) lone instances where he was not paid for "gap-time": (i) the week of May 21, 2018; and (ii) the week of July 30, 2018.[14] During the first week, Plaintiff alleges that he worked 38.75 hours, but was only paid for 38.44 hours (*i.e.,* a *de minimis* difference of

---

[14] [*Am. Compl.* at ¶ 21].

approximately 18 minutes of uncompensated work).[15] During the second week, Plaintiff alleges that he worked 6.68 hours, but was only paid for 4.5 hours.[16] Plaintiff does not allege that he worked over 40-hours in either week.[17] Moreover, Plaintiff does not allege a minimum wage claim.[18] Thus, Plaintiff's "gap-time" claims cannot sustain a cause of action under the FLSA. *See Franck*, 2022 WL 4363855 at *13; *Park v. FDM Grp. (Holdings) PLC*, 2017 WL 946298, at *4 (S.D.N.Y. 2017), *order vacated in part on reconsideration sub nom. Park v. FDM Grp., Inc.*, 2018 WL 4100524 (S.D.N.Y. 2018) (dismissing FLSA claims where plaintiff failed to state a plausible overtime claim arising out of uncompensated "gap-time", and was paid above the minimum wage); *Davis v. City of Loganville, Ga.*, 2006 WL 826713, at *9 (N.D. Ga. 2006) ("employers are not obligated under the FLSA to compensate employees for "gap-time," as long as the employees receive at least the statutory minimum wage for all nonovertime hours worked.") (citations omitted), *aff'd* 221 F. App'x 897 (11th Cir. 2007). This Court's recent decision in *Franck* is particularly instructive.

In *Franck*, the plaintiffs filed a motion for conditional certification of a collective action, alleging, *inter alia*, time shaving and overtime violations under the FLSA. *Franck*, 2022 WL 4363855 at *13.  In response, the defendants filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), arguing that, *inter alia*; (i) the operative complaint failed to sufficiently allege FLSA overtime violations; and (ii) the plaintiffs' claims for unpaid "gap-time" were not compensable under the FLSA. *Id*. In recommending dismissal of the complaint, the Court concluded that, *inter alia*, the plaintiffs failed to plead an FLSA claim for overtime because: (i) the only alleged overtime claim fell outside of the relevant period; and (ii) the plaintiffs' "gap-

---

[15] *Id*.
[16] *Id*.
[17] *Id*.
[18] [*Am. Compl.* at ¶¶ 14-15, 28-29] (Alleging that Plaintiff's typically received around $23 per hour).

time" claims were not covered under the FLSA. *Id*[19]. The Court ultimately denied the plaintiff's motion for conditional certification as moot, following the dismissal of the FLSA claims.

**B. The State Law Claims Should be Dismissed Without Prejudice**

In addition to his FLSA claims, Plaintiff brings several claims under New York state law. [*Am. Compl.* at ¶¶ 58-74]. Since Plaintiff has no independent basis for federal jurisdiction, the Court should dismiss the remaining state law claims as well.

On issues of state law, federal courts exercise supplemental jurisdiction where the claims arise out of a "common nucleus of operative fact" as the federal claims over which they have original jurisdiction, such that they "form part of the same case or controversy." 28 U.S.C. § 1367; *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc*., 373 F.3d 296, 308 (2d Cir. 2004). Where, as recommended here, a district court dismisses all claims over which it has original jurisdiction, it "may decline to exercise supplemental jurisdiction" over state law claims. *Tortorici v. Bus-Tev, LLC,* 2021 WL 4177209, at *3 (S.D.N.Y. 2021) (citations omitted). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988)). Likewise here, jurisdiction should be declined over the remaining New York state law claims, which should be dismissed without prejudice. *See Whiteside v. Hover-Davis, Inc.,* 995 F.3d 315, 325 (2d Cir. 2021) (court properly declined to exercise supplemental jurisdiction over state law claims when FLSA claims dismissed

---

[19] ("'[T]he Second Circuit has held that the FLSA does not provide for recovery for a 'gap-time claim.'…'A gap-time claim is one in which an employee has not worked 40 hours in a given week but seeks recovery of unpaid time worked, or in which an employee has worked over 40 hours in a given week but seeks recovery for unpaid work under 40 hours.' In the Second Circuit, as long as an employee is being paid at minimum wage or higher, the FLSA 'does not provide recourse for unpaid hours below the 40-hour threshold, even if the employee also works overtime hours the same week.'") (citing Lundy v. Cath. Health Sys. of Long Island Inc., 711 F.3d 106, 115-116 (2d Cir. 2013))

on statute of limitations grounds) (citing *Klein & Co. Futures, Inc. v. Bd. of Trade of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006)).

## II.      The Court Should Deny Conditional Certification

If the Court grants dismissal in whole or in part, it should therefore also deny conditional certification of a collective with respect to the dismissed claims as moot. *Franck*, 2022 WL 4363855 at \*13; *Nakahata*, 723 F. 3d at 205 (upholding dismissal of certification motions as moot following dismissal of plaintiffs' FLSA overtime claim); *McGuire v. City of New York*, 2004 WL 307308, at \*1 n.1 (S.D.N.Y. 2004) (summary judgment rendered class certification motion moot). Assuming *arguendo* that the Motion for Conditional Certification is not mooted by the dismissal of Plaintiff's FLSA claim (which it will be), at a bare minimum, Plaintiff is not "similarly situated" to potential collective members in relation to their claims. Moreover, Plaintiff still fails to identify a specific common policy or plan that violates the FLSA.

### A.  Plaintiff Could not Be "Similarly Situated" to Any Potential Collective Members Because He Has Not Alleged an Unpaid Overtime Claim Under the FLSA

Plaintiff is not "similarly situated" to any putative collective member with respect to the alleged FLSA overtime claims because he never worked more than 40 hours in any workweek at any time relevant to his FLSA claim. Moreover, Plaintiff does not allege a minimum wage claim.[20] As set forth more fully in § I(A), *supra*, Plaintiff's "gap-time" claims cannot sustain a cause of action under the FLSA. Accordingly, the Court should deny Plaintiff's motion with respect to the FLSA overtime claim.

---

[20] [*See Am. Compl.* at ¶¶ 14-15, 28-29] (alleging that Plaintiff was paid around $23 per hour).

**B. Regardless Of Whether Plaintiff Suffered Any FLSA Violation, The Threadbare Lopez Decl. is Technically Infirm**

Although Plaintiff's factual showing at the conditional certification stage is modest, it cannot be satisfied by unsupported assertions or conclusory allegations. *See Myers*, 624 F.3d 537, at 555; *Morales*, 2006 WL 278154 at 2-3. Such is the case here.

In support of the Motion for Conditional Certification, Plaintiff submit a lone, unverified, declaration (*i.e.,* the Lopez Decl.), with self-serving conclusory legal statements, in an attempt to establish a "common policy" of time shaving, in violation of the FLSA.

The Lopez Decl. fails to provide basic information about the classification of HVAC workers, the amount of HVAC workers employed at Thermo Tech, the nature of the job duties, schedules, pay rates, or any other identifying information pertaining to HVAC workers. [*See generally* Lopez Decl.]. Moreover, the Lopez Decl. contains vague, nonspecific, undated conversations with one (1) "driver" (Ceballos "Doe"), and two (2) "mechanic[s]" (Juan "Doe" and Junior "Doe"), who were allegedly subject to the same unlawful pay practices as Plaintiff. [*Id*. at ¶ 10]. The statements contained in the Lopez Decl. concerning these individuals do not describe when these conversations occurred, or the time period during when the other individuals were allegedly not properly compensated. The Lopez Decl. does not contain details concerning the conversations, and does not provide a description of the other individuals' job duties. Because of the lack of detail, the statements are insufficient to establish the existence of a common illegal wage policy that applied to other employees. *See Franck*, 2022 WL 4363855 at *13; *Abramovich v. Magic Home Care, LLC*, 1:18-cv-05342 (E.D.N.Y. 2019), Dckt. 46 at *7; *Eng-Hatcher v. Sprint Nextel Corp.*, 2009 U.S. Dist. LEXIS 127262 (S.D.N.Y. 2009) (denying motion for collective action where plaintiff identified five individuals who worked at her store and told plaintiff they were not paid for overtime, but plaintiff provided no information about these conversations);

*Mendoza v. Casa de Cambio Delgado, Inc*., 2008 WL 938584, at *2 (S.D.N.Y. 2008) (denying collective certification when "[t]he principal defect in [plaintiffs'] affidavits for collective certification is that not one Plaintiff affidavit purports a factual nexus with other putative employees of the [defendants]"); *Lin v. Benihana Nat'l Corp*., 755 F. Supp. 2d 504, 510 (S.D.N.Y. 2010) ("The plaintiffs' failure to provide affidavits from any other employees" further undermines the allegation of a common policy); *Reyes v. Nidaja, LLC*, 2015 WL 4622587, at *2 (S.D.N.Y. 2015) (single unsupported statement that other employees also did not receive overtime compensation was insufficient to warrant conditional certification.

### C.  Plaintiff Cannot Establish That He is Similarly Situated to the Putative Class.

To warrant the exercise of the court's discretion for conditional collective action certification, a plaintiff must demonstrate that the potential class members are similarly situated. *Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303, 306 (S.D.N.Y. 1998); *Mike v. Safeco Ins. Co.*, 274 F. Supp. 2d 216, 220 (D. Conn. 2003) ("[t]he threshold issue in deciding whether to authorize class notice in an FLSA action is whether the plaintiff has demonstrated that potential class members are similarly situated.").

Plaintiff must make "some rudimentary showing of commonality between the basis for [their] claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions, because without such a requirement, it is doubtful that § 216(b) would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse*." Horne v. United Servs. Auto. Ass'n*, 279 F. Supp. 2d 1231, 1234 (M.D. Ala. 2003) (holding plaintiff did not meet burden of showing that there were similarly situated individuals who would opt-in to the lawsuit where he submitted only his own affidavit, alleging facts specific to him, and did not identify any other potential plaintiff). This is the case here.

In the case bar, the lone Lopez Decl. filed in support of collective action fails to establish a factual nexus with any other HVAC workers at Thermo Tech, that show a common scheme to violate the FLSA. Plaintiff has not provided any evidence that he was not paid properly other than their conclusory self-serving declaration.

Numerous courts have denied conditional certification where, as is the case here, the plaintiff failed to meet their requisite burden. *Jenkins v. TJX Companies Inc.,* 853 F. Supp. 2d 317 (E.D.N.Y. 2012) (denying conditional certification due to the absence of any evidence that others beyond plaintiff's location were subjected to alleged unlawful practices); *Khan*, 2011 U.S. Dist. LEXIS 133134, at 16 ) (denying conditional certification and noting that even at the first stage, plaintiff's burden is not "non existent"); *O'Donnell v. Robert Half Int'l.*, 429 F. Supp. 2d 246, 249 (D. Mass. 2006) (holding that plaintiffs have "failed to convince the Court that the employees in the putative class are 'similarly situated' with the named plaintiffs" and denying plaintiff's motion for conditional certification). Accordingly, Plaintiff was not subject to a common policy that violates the FLSA, and the relief requested in their motion should be limited, if not denied in its entirety.

### D.  Plaintiff has Failed to Show any Common Policy or Practice that Violates the Law

To warrant conditional certification, "the Court must find some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular practice." *Ali v. New York City Health & Hosps. Corp.,* 2013 WL 1245543, at *2 (S.D.N.Y. 2013). A court should also deny conditional certification where, as here, plaintiff fails to show any common policy or practice that violates the law. *See Eng-Hatcher*, 2009 WL 7311383 at *3 ) (denying conditional certification because the plaintiff did not present evidence of a common policy or practice that violated the FLSA's overtime provisions); *see also Zeledon v. Dimi Gyro*

*LLC*, 2016 WL 6561404, at *6 (S.D.N.Y. 2016) (mere allegations of purportedly unlawful policies and procedures, without a showing that those policies and procedures actually violate the FLSA, are insufficient)

### i.       Plaintiff Cannot Establish a Common Policy Regarding "Time Shaving."

Plaintiff purports to identify two (2) lone instances[21] of unpaid "gap-time" over the span of his two-and-a-half-year employment from January 2016 to, through and including August 2018. The extraordinary infrequency of this alleged defect demonstrates the absence of any policy or practice to "time shave."

But more importantly, the payroll records upon which Plaintiff rely do not themselves evidence any violation at all. Plaintiff inexplicably overlook the federal regulation that expressly permits an employer to engage in such rounding to the nearest quarter. 29 C.F.R. 785.48(b).

Plaintiff makes no factual showing, by declaration or otherwise, that any HVAC worker actually performed work during his meal break, or after their shift, such that they were entitled to pay for that time. Plaintiff does not demonstrate any common unlawful policy of "time-shaving" and collective resolution of this claim therefore is improper.

### III.     Alternatively, The Court Should Deny Equitable Tolling, Limit The Look-Back Period, And Direct That The Parties Submit An Agreed-Upon Revised Notice

Should the Court grant conditional certification (it should not), it should deny Plaintiff's request for equitable tolling, limit the look back period to three (3) years from the date of the Court's order approving notice, and revise the misleading sections of the proposed notices.

### A.  There are No Exceptional Circumstances Justifying Equitable Tolling

Plaintiff requests that the statute of limitations for potential opt-in plaintiffs be equitably tolled "until such time that Plaintiff is able to send notice to potential opt-in plaintiffs." [Plaintiff's

---

[21] *See Am. Compl.* at ¶ 21.

MOL at p 15].  Plaintiff's request should be denied. Equitable tolling is available only in "rare and exceptional circumstances," such as "where a plaintiff has been prevented in some extraordinary way from exercising his rights." *Guo v. Tommy's Sushi Inc*., 2014 WL 5314822, at *6 (S.D.N.Y. 2014) (citing *Johnson v. Nyack Hosp*., 86 F. 3d 8, 12 (2d Cir. 1996)); *Whitehorn v. Wolfgang's Steakhouse, Inc*., 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011). Plaintiff makes no attempt even to articulate a particularized basis for this request, let alone any "rare and exceptional circumstances." Rather their arguments imply that plaintiffs are routinely accorded equitable tolling under virtually all circumstances – which is simply not the law.

### B.  The Six-Year Proposed Look Back Period Is Too Long

Plaintiff's proposed six (6) year[22] notice period is too long. The look-back period for employees entitled to notice should be the same as the statute of limitations for FLSA claims, and should run at most three (3) years from the date of any order on this motion. "[T]here is no purpose in sending an FLSA collective notice to time-barred employees informing them that (1) there is a pending opt-in lawsuit, (2) they may not opt in, and (3) they may later receive another notice should their status change due to class certification." *Alvarez v. IBM Restaurants Inc*., 839 F. Supp. 2d 580, 587 (E.D.N.Y. 2012) (internal citations and quotations omitted). "The three-year period more effectively serves the goal of efficiency…and will avoid confusing individuals whose claims arise only under the NYLL." *Contrera v. Langer*, 278 F. Supp. 3d 702, 722 (S.D.N.Y. 2017) (citation omitted) (citing cases). The Court should limit any notice period to three (3) years from the date of any order issuing court-authorized notice

---

[22] Plaintiff collective action claims were initially filed on behalf of a purported collective employed by Defendants within the "***last three (3) years***…"[*See Am. Compl.* at ¶ 33]. This is overreaching.

### C.  Plaintiff's Proposed Notice is Deficient

The Motion for Conditional Certification should be denied because Plaintiff's proposed "opt-in" notice is deficient, for a number of reasons.

First, Plaintiff's proposed notice fails to inform potential plaintiffs that they may be obligated to participate in discovery. *See, e.g., Guan v. Long Island Bus. Inst., Inc.*, 2016 WL 4257549, at *6 (E.D.N.Y. 2016) (court authorizing the inclusion of defense counsel's contact information, and a statement advising that potential opt-in plaintiffs may be required to participate in discovery) (citing *e.g. Bah v. Shoe Mania, Inc.*, 2009 WL 1357223, at 4 (S.D.N.Y. 2009)); *Rosario v. Valentine Ave. Disc. Store, Co*., 828 F. Supp. 2d 508, 520 (E.D.N.Y. 2011) ("[A] neutral and non-technical reference to discovery obligations, to insure that opt-in plaintiffs understand that their participation would entail greater obligations than participation in some Rule 23 class actions." (citing *Lujan v. Cabana Mgmt., Inc.*, 2011 WL 317984, at 11 (E.D.N.Y. 2011)).

Second, Plaintiff's proposed notice fails to identify and provide contact information for defense counsel, which courts recognize could serve as yet another source of information for notice recipients. *See, e.g., Guan*, 2016 WL 4257549, at 6; *Slamna v. API Rest. Corp*., 2013 WL 3340290, at *5 (S.D.N.Y. 2013); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011).

Third, Plaintiff's request for information is overly broad. There has been no showing in this case that mailing notices to the potential class members would be insufficient. Moreover, disclosing all of the information requested, including telephone numbers and email addresses, is an unjustified intrusion into the privacy of non-parties, including many current employees. *See Hintergerger v. Catholic Health Sys*., 2009 WL 3464134, at *11 (W.D.N.Y. 2009) ("The Court agrees that, in the interest of privacy, CHS need not produce phone numbers, social security

numbers, dates of birth, and e-mail addresses."); *Gordon v. Kaleida Health*, 2009 WL 3334784, at

*4 (W.D.N.Y. 2009) ("The Court agrees that, in the interest of privacy, Kaleida need not produce

phone numbers, social security numbers, dates of birth, and e-mail addresses."); *see also Arevalo*

*v. D.J.'s Underground, Inc.*, 2010 WL 4026112, at *3 (D. Md. 2010) (denying plaintiffs' motion

to compel defendants to produce phone numbers for the putative plaintiffs); *Campbell v.*

*PriceWaterhouse Coopers, LLP*, 2008 WL 2345035, at *3 (E.D. Cal. 2008) (holding telephone

and social security numbers should not be released unless notification of putative plaintiffs by first

class mail is insufficient).

### CONCLUSION

For the reasons stated above, the Court should grant Defendants' cross-motion for

judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), dismiss Plaintiff's *sole* FLSA claim for

unpaid overtime, and deny the Motion for Conditional Certification.


Dated: New York, New York
        January 6, 2023

                                        Respectfully Submitted,

                                        LEVIN EPSTEIN & ASSOCIATES, P.C.

                                        */s Jason Mizrahi*
                                        Jason Mizrahi, Esq.
                                        Joshua Levin-Epstein, Esq.
                                        60 East 42nd Street, Suite 4700
                                        New York, New York 10165
                                        Tel No.: (212) 792-0048
                                        *Attorneys for Defendants*