UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN LOPEZ, *on behalf of himself and all others similarly situated*,

           Plaintiff,

-against-

THERMO TECH MECHANICAL INC., et al.,

           Defendant.

20-CV-9113 (LTS) (BCM)

**ORDER REGARDING DEPOSITION SCHEDULING**

**BARBARA MOSES, United States Magistrate Judge.**

    Attorneys who practice before the Southern District of New York are expected to "cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, including in matters relating to the scheduling and timing of various discovery procedures." Local Civ. R. 26.4(a). In this relatively simple, single-plaintiff wage and hour action,[1] the parties are represented by experienced counsel who are certainly capable of negotiating a deposition schedule without judicial assistance. However, they have failed to agree on a single deposition date, and now ask the Court to help them make what should be routine and uncontroversial arrangements.

---

[1] The plaintiff, Juan Lopez, worked for defendant Thermo-Tech Mechanical, Inc. (Thermo Tech) from January 2016 to August 2018 as an HVAC installer. Second Amend. Compl. (SAC) (Dkt. 83) ¶ 14. He was paid an average of $23 per hour, *id*. ¶ 15, which was well above the minimum wage, but alleges that he was not paid for all of his hours worked, including overtime hours, because (i) defendants "rounded down" his hours at the beginning and end of his shifts several times per week (until May 2018, when Thermo Tech installed an accurate electronic time-keeping system), *see* SAC ¶¶ 16-22, 25; (ii) defendants deducted an hour's pay for lunch (again, until May 2018), although Lopez only took 30 minutes, *see id*. ¶¶ 23-25; and (iii) on two occasions after the electronic timekeeping system was installed, defendants paid him for less than all of the hours he worked, shorting him a total of two and a half hours' pay. *Id*. ¶ 25. Additionally, plaintiff alleges that Thermo-Tech did not "always" pay the required "prevailing wage" for "public works" projects when plaintiff performed HVAC installations at public schools. *Id*. ¶¶ 29-33. On May 31, 2023, the Court denied plaintiff's collective certification motion, brought under the Fair Labor Standards Act, 29 U.S.C. § 216(b). (Dkt. 92.).

In a letter-motion dated August 8, 2023 (Pl. Ltr.) (Dkt. 99), plaintiff's lead counsel, C.K. Lee, complains that defendants' lead counsel, Eunon Jason Mizrahi, has refused to provide deposition dates for the named plaintiffs, or for the individuals identified in defendants' Fed. R. Civ. P. 26(a)(1) disclosures, "any sooner than September 28, 2023." Pl. Ltr. at 1. Mr. Lee deems this position unreasonable in light of the scheduled close of fact discovery on December 15, 2023. *Id*. However, Mr. Lee does not identify the proposed witnesses other than the defendants (Thermo Tech and two individuals), does not disclose how many depositions he seeks, and does not state whether, or for what dates, he has served any deposition notices.[2]

In their opposition letter dated August 15, 2023 (Def. Ltr.) (Dkt. 100), defendants complain that plaintiff has not served any notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6) with respect to Thermo Tech, and argue that they cannot prepare for such a deposition without the required list of deposition topics. Def. Ltr. at 1. Mr. Mizrahi notes that this would be Thermo Tech's second Rule 30(b)(6) deposition, explaining that defendants produced individual defendant Gowkarran Budhu as a Rule 30(b)(6) witness on March 2, 2022. *Id*.[3] Mr. Mizrahi confirms that

---

[2] The August 8, 2023 letter-application is the third discovery-related motion filed by Mr. Lee since July 3, 2023. On that day, he complained that defendants had not yet complied with this Court's order to produce certain documents, which were due on June 30, 2023, and requested an order directing production by July 10, 2023. (Dkt. 93.) Although Mr. Lee disclosed that Mr. Mizrahi had contacted him by email to seek an extension of the June 30 due date, but did not mention that defendants specifically offered to produce the documents by July 17. Nor, apparently, did Mr. Lee respond to Mr. Mizrahi's email before seeking judicial intervention. (*See* Dkt. 95.) On July 11, 2023, I directed defendants to produce the documents by July 17, 2023. (Dkt. 96.) On July 18, 2023, plaintiff filed another letter-motion, seeking sanctions for defendants' failure to produce the documents the day before. (Dkt. 98.) I denied the motion, without prejudice to refiling, because there was no indication that Mr. Lee had spoken to defendants' counsel before filing it. Plaintiff did not renew that motion. Mr. Mizrahi now reports that defendants produced approximately 4000 pages on "July 17, 2023 and July 18, 2023." Def. Ltr. at 1.

[3] As of March 2, 2022, this action was closed, having been dismissed in favor of arbitration. (*See* Dkt. 45.) The case was not reopened until June 14, 2022. (Dkt. 50.) The Court cannot determine, on the present record, whether Mr. Mizrahi misstated the date of the deposition, or whether it took place in another forum.

the earliest date he offered for that second Rule 30(b)(6) deposition was "on or around September 28, 2023." *Id*. He does not discuss any of the other depositions that plaintiff proposes to conduct.

In plaintiff's reply letter, also filed on August 15, 2023 (Pl. Reply Ltr.) (Dkt. 101), Mr. Lee complains that defendants' opposition letter was filed two days after it was due, *see* Moses. Ind. Prac. § 2(b), and asks the Court to grant plaintiff's motion "as unopposed" and direct defendants to "provide deposition dates" for the named defendants and for all of the witnesses identified in defendants' initial disclosures, "to take place in August." Pl. Reply Ltr. at 1. Once again, Mr. Lee does not identify any of these witnesses for the Court, nor reveal whether he has served any deposition notices.

It is not an efficient use of this Court's time to micromanage the parties' deposition scheduling negotiations. Nor, even if inclined to do so, could the Court perform that task adequately based on the incomplete information provided in the parties' letters. Consequently, it is hereby ORDERED that plaintiff shall serve his Rule 30(b)(6) deposition notice, specifying the topics as to which testimony is required, no later than **August 18, 2023**. If the parties cannot agree on a date for the deposition of Thermo Tech, it shall take place on **September 28, 2023**, at **10:00 a.m.**

It is further ORDERED that the parties' lead counsel shall promptly meet and confer in good faith and in real time (*e.g.*, in person or by telephone, <u>not</u> solely on email) to prepare a deposition schedule for all other fact witnesses. If they cannot do so by **August 30, 2023**, they shall so advise the Court, in a joint letter, that day. The joint letter shall list (a) all of the individual witnesses for whom a deposition date has been agreed, with the agreed-upon dates; and (b) all of the individual witnesses for whom no agreement has been reached. As to each such individual witness, the letter shall set forth every date proposed or offered (by either side) for his or her

deposition, and every reason why the deposition cannot go forward on that day. Lead trial counsel must then appear before Judge Moses on **August 31, 2023**, at **9:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, bringing with them their own schedules, the schedules of their professional colleagues working on this action, and the schedules of the individual witnesses in question – **<u>for every day between September 1 and October 31, 2023</u>**.

The Clerk of Court is respectfully directed to close the motion at Dkt. 99.

Dated: New York, New York
August 17, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**