USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/7/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN LOPEZ,

        Plaintiff,

-against-

THERMO TECH MECHANICAL INC., et al.,

        Defendants.

20-CV-9113 (LTS) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court is in receipt of plaintiff's letter dated December 1, 2023 (Dkt. 114), requesting that the Court (i) enter a briefing schedule for his class certification motion, and (ii) sanction defendants for their failure to pay $500 to him by November 27, 2023, as ordered by the Court. Defendants filed a responding letter the same day. (Dkt. 115.) Plaintiff did not reply.

Pursuant to the Court's Order dated October 26, 2023 (Dkt. 112), issued after a conference held to resolve a letter-motion filed by plaintiff to compel discovery, plaintiff was ordered to file any class certification motion no later than December 1, 2023, at which time the parties were directed to also propose a briefing schedule. (*See id.* ¶ 4.) Additionally, defendants and their counsel were ordered to pay $500 to plaintiff, within 30 days, to reimburse the reasonable expenses that plaintiff incurred in making his letter-motion to compel discovery. (*See id.* ¶ 1.)

**Briefing Schedule**

Taking into account both parties' arguments, it is hereby ORDERED that defendants shall file their opposition to the class certification motion no later than **January 5, 2024**, and plaintiff shall file his reply no later than **January 19, 2024**.

**Sanctions**

Plaintiff does not cite any rule or statute as the basis for his sanctions motion, nor does he request any specific sanction. However, Rule 16(f) authorizes a court to impose sanctions on a

party or attorney who "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). "In deciding whether a sanction is merited, the court need not find that a party acted in bad faith. The fact that a pretrial order was violated is sufficient to allow some sanction." *Petrisch v. JP Morgan Chase*, 489 F. Supp. 2d 437, 454 (S.D.N.Y. 2011) (Sullivan, J.) (quoting 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1531 (3d ed. 2010)). Noncompliance with judicial orders "is considered willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." *Figueroa v. W.M. Barr & Co., Inc.*, 2020 WL 996473, at *3 (S.D.N.Y. Mar. 2, 2020) (quoting *Davidson v. Dean*, 204 F.R.D. 251, 255 (S.D.N.Y. 2001)).

"Rule 16(f)'s 'explicit reference to sanctions' reflects the Rule's intention to 'encourage forceful judicial management,'" and it "vests a district court with 'discretion to impose whichever sanction it feels is appropriate under the circumstances.'" *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018) (quoting Fed. R. Civ. P. 16(f) advisory committee's note to 1983 amendment). Moreover, "[b]ecause sanctions pursuant to Rule 16(f) fall within the scope of pretrial matters, magistrate judges are well within their authority to impose such sanctions." *Grenion v. Farmers Ins. Exch.*, 2014 WL 1284635, at *4 (E.D.N.Y. Mar. 14, 2014).

Defendants' counsel's excuse that plaintiff's counsel failed to "provide mailing or payment instructions to Defendants regarding the transmittal of the payment to Plaintiff's counsel's law firm, until 10:36 a.m." on December 1, 2023 (Dkt. 115 ¶ 1), does not justify the failure to timely pay the $500 sanction ordered by the Court.[1] Every letter filed by plaintiff in this action lists plaintiff's counsel's mailing address. Moreover, defendants' counsel is conspicuously silent as to whether and

---

[1] According to defendants' counsel, the payment was "issued" on December 1, 2023, and was due to "arrive' the next week. (*See* Dkt. 115 ¶ 1)

when he *requested* "mailing or payment instructions." (*See id.*) Because the Court clearly and unambiguously ordered defendants and their counsel to pay $500 to plaintiff no later than November 27, 2023, (*see* Dkt. 112 ¶ 1), and because defendants' counsel neither disputes that defendants failed to obey the Court's order nor demonstrates that they were unable to comply with it, defendants and their counsel are now ORDERED to pay a sanction of $25 to the Clerk of Court, within 30 days of this Order.

    The Court reminds the parties – not for the first time in this case – that "[i]t is not an efficient use of this Court's time to micromanage the parties' . . . scheduling negotiations" or "to help them make what should be routine and uncontroversial arrangements." (Dkt. 102 at 1, 3.) By the same token, judicial involvement should not be required with respect to the timing of a $500 payment.

Dated: New York, New York
       December 7, 2023                  **SO ORDERED**.

                                                   **BARBARA MOSES**
                                                   **United States Magistrate Judge**