UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JUAN LOPEZ,

                Plaintiff,

-v-                                                                               No. 20-CV-9113-LTS-BCM

THERMO TECH MECHANICAL INC., et al.,

                Defendants.

-------------------------------------------------------x

MEMORANDUM ORDER TO SHOW CAUSE

In this putative class action, Plaintiff Juan Lopez ("Plaintiff"), individually and on behalf of "all non-exempt employees . . . employed by Defendants" Thermo Tech Mechanical Inc., Gowkarran Budhu, and Shanti Budhu (collectively, "Defendants"), on or after October 30, 2014,[1] asserts claims tied to and arising under the New York Labor Law ("NYLL"). (Docket entry no. 83 ("Second Amended Complaint" or "SAC") ¶¶ 62-78; see also docket entry no. 117 ("Pl. Mem.") at 1, 18 (redefining proposed class).) Plaintiff also asserts a claim individually against Defendants under the Fair Labor Standards Act ("FLSA"). (SAC ¶¶ 51-61; docket entry no. 92 ("FLSA Order") (denying conditional certification of an FLSA collective).) The Court has jurisdiction of the FLSA claim pursuant to 28 U.S.C. section 1331, and, according to Plaintiff, of all NYLL-related claims pursuant to 28 U.S.C. section 1367.

---

[1] In his briefing on the Motion for Class Certification, Plaintiff defines the class period using differing dates. (See docket entry no. 117 at 18, 19.) Given the six-year statute of limitations applicable to his New York Labor Law-related claims, October 30, 2014, appears to be the intended date.

Pending before the Court is Plaintiff's Motion for Class Certification (docket entry no. 116 (the "Motion")) pursuant to Federal Rule of Civil Procedure 23(b)(3).

For the reasons set forth below, Plaintiff is ordered to show cause as to (1) why the Court should not dismiss without prejudice Count II, to the extent it asserts wage and hour notice and wage statement claims, for lack of subject matter jurisdiction, and (2) why the Court should not decline to exercise supplemental jurisdiction of the remainder of Count II and Counts III and IV, insofar as they are pleaded on behalf of the putative class members, as a result of the substantial predominance of those state law claims over Plaintiff's individual FLSA claim.  See 28 U.S.C. § 1367(c)(2).

## BACKGROUND

On October 30, 2020, Plaintiff initiated this action, asserting claims under FLSA and the NYLL, as well as breach of contract claims related to the prevailing wage mandate of section 220 of the NYLL.  (See docket entry no. 1.)  Plaintiff sought to litigate these claims as a collective action as to the FLSA claims and as a class action under the Federal Rules of Civil Procedure as to the NYLL-related claims.  (See id.)  Plaintiff has twice amended his initial Complaint, rendering the Second Amended Complaint the operative pleading.  (See docket entry no. 22 ("First Amended Complaint"); SAC.)  The bulk of the relevant procedural history is set forth in the Honorable Barbara Moses' Memorandum and Order denying Plaintiff's motion for conditional certification of an FLSA collective action pursuant to 29 U.S.C. section 216(b).  (FLSA Order at 2-4.)

Following entry of the FLSA Order, Plaintiff filed his Motion for Class Certification, seeking to litigate his "claims under the New York Labor Law" as a Rule 23(b)(3)

damages class action.  (See Pl. Mem. at 1.)  Plaintiff alleges that he and members of the proposed class were subjected to five "common practices" of the Defendants that purportedly violate various provisions of the NYLL:

> (i) fail[ure] to pay proper wages due to time shaving, (ii) fail[ure] to pay proper wages due to impermissible rounding, (iii) fail[ure] to pay prevailing wages to third party beneficiaries in breach of public works contracts, (iv) fail[ure] to provide proper wage and hour notices, and (vi) fail[ure] to provide proper wage statements[.]

(Id. at 3.)  The Motion is fully briefed.

## DISCUSSION

"'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress."  Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)).  Although neither party addressed the question of jurisdiction in their briefing on the Motion, the Court is always required to establish the basis of its jurisdiction.  See id. at 62 ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte.").

As explained below, there appear to be jurisdictional defects with certain of Plaintiff's claims as pleaded in the SAC, and, in any case, the exercise of supplemental jurisdiction appears inappropriate as to Plaintiff's class-wide state law claims, particularly in light of the Court's denial of Plaintiff's motion for conditional certification under the FLSA.

New York Wage and Hour Notice and Wage Statement Claims

In Count II of the SAC, Plaintiff asserts that Defendants violated NYLL sections 195(1) through 195(3), which require employers to provide employees with written notice of,

inter alia, their pay schedule and rate of pay both at the time of hiring and whenever there is a change to such information, and to "furnish each employee with a statement with every payment of wages[.]" N.Y. LAB. LAW § 195(1)-(3).  Plaintiff seeks to certify a class based on these purported unlawful "common practices."  (Pl. Mem. at 3.)  However, it appears that Plaintiff lacks standing to assert these claims in federal court.

"Article III standing requires plaintiffs to show (1) an 'injury in fact,' (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'"  Maddox v. Bank of N.Y. Mellon Trust Co., N.A., 19 F.4th 58, 62 (2d Cir. 2021) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)).  Following the Supreme Court's decision in TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021), which clarified that "an injury in law," without more, "is not an injury in fact," id. at 2205, "courts in this Circuit have held that plaintiffs lack standing to bring wage notice and statement claims under the NYLL absent any concrete, downstream consequences of the recordkeeping violation."  Chen v. Lilis 200 W. 57th Corp., No. 19-CV-7654-VEC-BCM, 2023 WL 2388728, at *8 (S.D.N.Y. Mar. 7, 2023) (gathering cases); see also, e.g., Gao v. Savour Sichuan Inc., No. 19-CV-2515-JPC, 2024 WL 664718, at *24-25 (S.D.N.Y. Feb. 16, 2024) (same).

Here, Plaintiff has failed to identify any specific, concrete harm that flowed to him from Defendants' purported failure to "provide Plaintiff . . . and Class members with wage and hour notices when they were hired or upon any change in their hour wage" and "proper wage statements."  (See SAC ¶¶ 27, 45, 65-66.)  Accordingly, Plaintiff is ordered to show cause as to why the Court should not dismiss the NYLL wage notice and wage statement claims included in Count II for lack of standing.

Other State Law Claims

Even assuming there were no jurisdictional defects as to the claims discussed above, supplemental jurisdiction is not mandatory, and courts should, when appropriate, "decline to exercise supplemental jurisdiction over a claim." See 28 U.S.C.A. § 1367(c) (Westlaw through P.L. 118-41). Section 1367 permits federal courts to decline to exercise supplemental jurisdiction when: (1) "the claim raises a novel or complex issue of State law"; (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction"; (3) "the district court has dismissed all claims over which it has original jurisdiction"; or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Id. If one of the foregoing conditions is met, a court must "balance the values of judicial economy, convenience, fairness, and comity" in determining whether to exercise jurisdiction. Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y., 464 F.3d 255, 262 (2d Cir. 2006) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

In this case, Plaintiff seeks to litigate a wide array of NYLL claims[2]—spanning the course of six years—on behalf of "well over forty (40)" individuals (Pl. Mem. at 19) in federal court as supplemental to his <u>individual</u> FLSA claim for unpaid overtime wages, which spans approximately six months. (See FLSA Order at 11-12 ("[P]laintiff's FLSA claim is viable for a period of less than seven months, from October 30, 2017 through (at the latest) Friday, May 18, 2018.").) Given the breadth of the state law claims, many of which involve theories of harm distinct from those underlying the alleged FLSA violation, and the size of the class Plaintiff seeks to draw into this action, the state issues would appear to "constitute[] the real body" of this

---

[2] Although the breach of contract claims do not arise under the NYLL, their resolution depends upon obligations set forth in section 220(a) of the NYLL. (See SAC ¶¶ 68-78); see also N.Y. LAB. LAW § 220(a).

case, to which the individualized FLSA claim "is only an appendage." United Mine Workers v. Gibbs, 383 U.S. 715, 727 (1966); see also, e.g., De Ascencio v. Tyson Foods, Inc., 342 F.3d 301, 312 (3d Cir. 2003) (finding district court improperly exercised supplemental jurisdiction over state labor law claims in light of, inter alia, "the inordinate size of the state-law class" and "the different terms of proof required by the implied contract state-law claim" as compared to the FLSA collective action).

Moreover, despite the fact that this action was initiated in October of 2020, no dispositive motions have been decided nor are pending, and this case is nowhere near "trial-ready." Cf., e.g., Kroshnyi v. U.S. Pack Courier Servs., 771 F.3d 93, 102 (2d Cir. 2014) (citation omitted) (affirming district court's exercise of supplemental jurisdiction over long-pending case where "discovery had been completed, dispositive motions had been submitted, and the case would soon be ready for trial"). Any discovery completed thus far would be available for use if the state law claims are refiled in state court, and the Court is unaware of any other special circumstances that would militate against declining jurisdiction.

In light of these considerations, Plaintiff is ordered to show cause as to why the Court should not decline to exercise supplemental jurisdiction of all NYLL and contract claims asserted on behalf of the putative class members.

## CONCLUSION

For the foregoing reasons, Plaintiff is ordered to show cause, within **30 days** of entry of this Order, as to (1) why the Court should not dismiss without prejudice Count II, to the extent it asserts wage and hour notice and wage statement claims, for lack of subject matter jurisdiction, and (2) why the Court should not decline to exercise supplemental jurisdiction of the

remainder of Count II and Counts III and IV, insofar as they are pleaded on behalf of the putative class members, as a result of the substantial predominance of those state law claims over Plaintiff's individual FLSA claim.  See 28 U.S.C. § 1367(c)(2).

    SO ORDERED.

Dated: New York, New York
       April 25, 2024

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge