# EXHIBIT 6

LEE LITIGATION GROUP, PLLC
C.K. Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JUAN LOPEZ,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class,*

      Plaintiff,

              v.

THERMO TECH MECHANICAL, INC.,
GOWKARRAN BUDHU, and SHANTI BUDHU,

      Defendants.

---

Case No.: 20-cv-09113

**SECOND AMENDED CLASS AND**
**COLLECTIVE ACTION**
**COMPLAINT**

**Jury Trial Demanded**,

Plaintiff JUAN LOPEZ ("Plaintiff" or "Plaintiff LOPEZ"), on behalf of himself and others

similarly situated, by and through his undersigned attorneys, hereby files this Second Amended

Class and Collective Action Complaint against Defendants THERMO TECH MECHANICAL,

INC., GOWKARRAN BUDHU, and SHANTI BUDHU (collectively, "Defendants") and states as

follows:

## INTRODUCTION

1.      Plaintiff LOPEZ alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages for all hours worked, including overtime hours, due to improper rounding down of hours, (2) unpaid wages, including overtime wages, due to time shaving, (3) liquidated damages and (4) attorneys' fees and costs.

2.      Plaintiff LOPEZ further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages for all hours worked, including overtime hours, due to improper rounding down of hours, (2) unpaid wages due to time shaving, (3) liquidated damages, (4) statutory penalties, and (5) attorneys' fees and costs.

3.      Plaintiff LOPEZ also alleges that Defendants failed to pay him and Class members prevailing wages for work done on multiple public works projects. In doing so, Defendants: (1) breached the implied covenant of good faith and fair dealing with Plaintiff and Class Members and (2) violated Plaintiff's and Class Members' rights as third-party beneficiaries of the public works contracts between Defendants and the relevant government instrumentality.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the unlawful acts for which Plaintiff seeks relief took place in that District.

## PARTIES

*Plaintiff:*

6.    Plaintiff LOPEZ is a resident of Queens County, New York.

*Defendants:*

7.    Corporate Defendant THERMO TECH MECHANICAL, INC. is a business specializing in the installation, maintenance, and repair of heating, ventilation, and air conditioning (HVAC) systems. Its principal place of business and address for service of process are at 2323 Haviland Avenue, Bronx, NY, 10462.

8.    Individual Defendant GOWKARRAN BUDHU is the president and owner of THERMO TECH MECHANICAL, INC.

9.    GOWKARRAN BUDHU exercised functional control over the business and financial operations of THERMO TECH MECHANICAL, INC. and over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and Class Members. With respect to Plaintiff, FLSA Collective Plaintiffs, and Class Members, GOWKARRAN BUDHU exercised his power to (and also delegated to managers and supervisors the power to) (i) fire and hire, (ii) determine rate and method of pay, (iii) supervise and control employee work schedules or conditions of employment, (iv) maintain employment records, and (iv) otherwise affect the quality of employment. Individual Defendant GOWKARRAN BUDHU had ultimate authority over employee-related decisions, including personnel, workplace conditions, payroll, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class Members.

10.    At all relevant times, Individual Defendant SHANTI BUDHU was the accountant of THERMO TECH MECHANICAL INC.

11.     SHANTI BUDHU exercised functional control over the business and financial operations of THERMO TECH MECHANICAL, INC. and over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and Class Members. With respect to Plaintiff, FLSA Collective Plaintiffs, and Class Members, SHANTI BUDHU exercised her power to (and also delegated to managers and supervisors the power to) (i) fire and hire, (ii) determine rate and method of pay, (iii) supervise and control employee work schedules or conditions of employment, (iv) maintain employment records, and (iv) otherwise affect the quality of employment. Individual Defendant SHANTI BUDHU had ultimate authority over employee-related decisions, including personnel, workplace conditions, payroll, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class Members.

12.     At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## STATEMENT OF FACTS

14.     From in or about January 2016 until in or about August 2018, Plaintiff LOPEZ was employed by Defendants as an HVAC installation worker.

15.     Throughout this period, Plaintiff LOPEZ usually worked five days a week, most often from 7:00 am to 4:00 pm. He worked at different sites, and the pay varied according to the project, but it often hovered around $23.00/hr.

16.     Up until around May 2018, Plaintiff and other employees of Defendants would fill in their timesheets manually, writing down start and end times on a standard form provided by Defendants.

17.     However, Defendant Shanti Budhu, the company's accountant, would prevent Plaintiff and other employees from writing down the precise time they finished working. If Plaintiff tried to do so, Defendant Shanti Budhu would tell him "No, we don't do that here." Instead, Plaintiff was required to round down his time worked to the nearest half-hour.  So, if he finished working at 4:25, he would have to write down 4:00. Defendant Shanti Budhu would tell Plaintiff, "You have to complete the half-hour for it to count."

18.     As a result, several time a week Plaintiff would have to work 10-25 minutes past his scheduled shift but would not be compensated for this.

19.     The same thing would happen at the beginning of shifts. Plaintiff and other employees would often be required to begin working 5-10 minutes before their scheduled shift, but they would not be compensated for this extra time worked because it did not add up to a full half-hour.

20.     Given Defendants' use of a handwritten system to track employees' hours, Defendants had no way to record the additional time spent by Plaintiff working before and after his scheduled shifts. Instead, as mentioned above, Plaintiff and other employees were required to write in their start and end times to the nearest half-hour. As Plaintiff was already regularly working overtime hours, the uncompensated time he spent working "pre" and "post" shift resulted in Defendants' failing to pay Plaintiff significant overtime wages. FLSA Collective Plaintiffs, and the Class were similarly subjected to Defendants' rounding down and time shaving, which also resulted in Defendants' failing to pay them significant overtime wages.

21.     As shown on **Exhibit A**, which are examples of Plaintiff's timesheets, the start and end times are exactly the same each day, rather than including the pre/post time that Plaintiff spent

working each shift. These timesheets are representative of Defendants' rounding and time shaving practices at all times during Plaintiff's employment.

22.     Moreover, as shown on **Exhibit A**, there are handwriting discrepancies on Plaintiff's manual time sheets, indicating that it was one of Defendants' supervisors, and not employees themselves, who filled in the start and end times. Additionally, the "a.m" and "p.m" are in lower case on the first time sheet but capitalized in the second. All of the number "7"s have slashes through them, except for the number "7" on the date line next to what are supposed to be Plaintiff's initials on the first page.

23.     Plaintiff and other employees would also be time-shaved through their meal breaks.  Plaintiff would take only a 30-minute break, but Defendants would deduct a full hour from his time. The standard form on which employees wrote down their hours did not contain entries to track the actual time spent on lunch breaks, and Plaintiff's hours were added up as though he had taken an exactly an hour for lunch, just as he and others were forced to pretend that they began and ended working exactly on the hour every day—both highly unlikely possibilities.

24.     Because Defendants' manual time keeping methods did not include entries to track the time spent by Plaintiff and other employees on lunch breaks, Defendants cannot show that Plaintiff took more than a 30-minute lunch break each shift, and Plaintiff recalls that it was not an hour. "When the employer's records are inaccurate or inadequate, the employee may meet this burden 'if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.' … Plaintiff may meet this burden by relying solely on his or her recollection.") *Rivera v. Ndola Pharm. Corp.*, 497 F. Supp. 2d 381, 388 (E.D.N.Y.

2007) (quoting *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946)) (emphasis added).

25.     Around May 2018, Defendants switched to an electronic time keeping system that did record the precise times Plaintiff and others began and ended work. However, Defendants would continue to time shave Plaintiff and other employees. For example, Plaintiff worked 38.75 hours in the week beginning May 21, 2018 and ending May 27, 2018. But his paycheck for that week was for only 38.44 hours. *See* **Exhibit B.**  He worked 6.68 hours during the week beginning July 30, 2018 and ending August 5, 2018.  But his paycheck for that week was for only 4.5 hours. *See* **Exhibit C**.

26.     Through the foregoing policies, Defendants categorically reduced their employees' compensable hours every week. As a result, Plaintiff, FLSA Collective Plaintiffs, and the Class were not paid compensation for all hours worked.

27.     Defendants also failed to provide Plaintiff, Collective Plaintiffs, and Class members with wage and hour notices when they were hired or upon any change in their hourly wage. Defendants likewise failed to provide Plaintiff, Collective Plaintiffs, and Class members with proper wage statements, since the wage statements they did receive did not accurately reflect all the hours they worked.

28.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and the Class for all regular or overtime hours worked due to Defendants' policy of time shaving, in violation of the FLSA and/or the NYLL.

29.     Much of the work Plaintiff performed was for public works projects funded by New York City government instrumentalities. Plaintiff did HVAC installation work at a number of public schools, including but not limited to:

    a.  Bronx Envision Academy

    b.  Martin Van Buren High School

    c.  Sheepshead Bay High School

    d.  Murry Bergtraum High School for Business Careers

    e.  August Martin High School

    f.  Hamilton Grange Middle School

30.    Under NY Labor Law § 220(a), Defendants were required to pay prevailing wages to employees working on public works projects, including work in public schools. This obligation was either expressly included in or incorporated by reference into Defendants' contract with either a New York City government instrumentality (presumably, the Board of Education) or with any general contractor with which the government instrumentality had a contract.

31.    While the prevailing wage for HVAC installation depends on the exact classification of the tasks undertaken, the prevailing wage for "Steamfitter" work is generally at least $40.00, and sometimes significantly higher, with supplemental benefits of around the same value.[1]

32.    Plaintiff did not always receive the prevailing wage he was owed, however. While the relevant public agency paid Defendants around $90/hour for Plaintiff's labor, Plaintiff only received around $23/hour (this varied with the project). Thus, he was paid less than prevailing wage on public works projects. For example, Plaintiff spent at least part of each day of the week of July 24-28, 2017 working on a public works project at a public school, be it August Martin High School, P.S. X097, or Martin Van Buren High School. But his paystub shows that *none* of his

---

[1] See https://comptroller.nyc.gov/wp-content/uploads/documents/ConstructionWorkerSchedule-2019-2020.pdf

hours that week were compensated at the prevailing wage required for public works contracts. The paystub lists prevailing wages (and supplemental benefits) as a category of earnings, but these entries are blank, showing that Plaintiff was paid only regular and overtime wages. *See* **Exhibit D**.

33.     Whatever the exact prevailing wage Plaintiff and Class members were owed on various project, it was in every case well above the $23/hour they typically earned.

34.     That Plaintiff and Class members were in fact owed prevailing wages for work done at Martin Van Buren High School is proven by **Exhibit E**, a form provided by the New York City School Construction Authority that lists a base wage of "55-88" for work at Martin Van Buren High School and provides a "HOTLINE" phone number for complaints regarding prevailing wages.

35.     Throughout his employment with Defendants, Plaintiff regularly observed and spoke to his co-workers about Defendants' pay practices and policies. Based on Plaintiff's direct observations and conversations with other employees, FLSA Collective Plaintiffs and Class Members were subjected to the same unlawful employment practices as Plaintiff, who were time shaved in the same manner as he.  They also were not paid prevailing wages when they worked on public works projects.

36.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and the Class in this litigation and has agreed to pay the firm a reasonable fee for its services.

## FLSA COLLECTIVE ACTION ALLEGATIONS

37.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt HVAC installation, maintenance, and repair

workers employed by Defendants on or after the date that is three (3) years before the filing of this Complaint ("FLSA Collective Plaintiffs").

38.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them regular and overtime wages for all hours worked due to time shaving through the improper rounding down of hours. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

39.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

40.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt HVAC installation, maintenance, and repair workers employed by Defendants on or after the date that is six (6) years (or a shorter period depending on where the individual class member is located) before the filing of this Complaint (the "Class" or "Class Members").

41.     At all relevant times, Plaintiff and Class Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols,

routines, and rules, all culminating in (1) a willful failure and refusal to pay them regular and overtime wages for all hours worked due to time shaving through the improper rounding down of hours, and (2) a willful failure to pay them prevailing wages for public works projects. The claims of Plaintiff stated herein are essentially the same as those of Class Members.

42.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

43.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) Class Members in the Class.

44.     Plaintiff's claims are typical of claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class or in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (1) failing to pay them regular and overtime wages for all hours worked due to time shaving through the improper rounding down of hours and (2) failing to pay prevailing wages on public works projects.

45.     Defendants failed to provide proper wage notices and failed to provide proper wage statements to Class Members in violation of the NYLL.

11

46. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

47. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

48. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for

Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

49.     Defendants and other employers throughout the country violate their respective states' labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

50.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)  Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL and FLSA;

b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class Members properly;

c)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

d)  Whether Defendants paid Plaintiff and Class Members for all hours worked given Defendants' policy of time shaving through the improper rounding down of hours;

e)  Whether Defendants provided proper wage statements to Class Members per requirements of the NYLL;

f)  Whether Defendants provided proper wage notices to Class Members per requirements of the NYLL;

g)  Whether Defendants paid Class Members prevailing wages on public works projects and, if not, the difference between these wages and the wages actually received by Class Members.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

51.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

52.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

54.     At all relevant times, Defendants had gross annual revenues in excess of $500,000.

55.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs the full amount of wages due to a policy of rounding down hours worked to the nearest hour, in violation of the FLSA.

56.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

57.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all

hours worked, including overtime hours, when Defendants knew or should have known such was due.

58.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

59.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

60.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid regular and overtime wages, plus an equal amount as liquidated damages.

61.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

62.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

63.     At all relevant times, Class Members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

64.     Defendants knowingly and willfully failed to pay Plaintiff and Class Members the full amount of regular and overtime wages as a result of time shaving through rounding down hours to the nearest hour worked, in violation of the New York Labor Law.

65.     Defendants knowingly and willfully failed to provide Plaintiff and Class Members with proper wage statements as required under the New York Labor Law.

66.    Defendants knowingly and willfully failed to provide Plaintiff and Class Members with proper wage and hour notices as required under the New York Labor Law.

67.    Due to the Defendants' New York Labor Law violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid wages due to time shaving through the unlawful rounding down of hours, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the New York Labor Law.

## COUNT III

### BREACH OF CONTRACT
**(implied covenant of good faith and fair dealing)**

68.    Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

69.    Plaintiff and the Class entered into a contract with Defendants to sell their labor to Defendants.

70.    "In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance … This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract … [T]he duties of good faith and fair dealing … encompass any promises which a reasonable person in the position of the promisee would be justified in understanding were included [in the contract]." *511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153, 773 N.E.2d 496, 500-501, 746 N.Y.S.2d 131, 135-136, 2002 N.Y. LEXIS 1579, *10-11 (2002).

71. Plaintiff and Class Members reasonably expected prevailing wages as one of the benefits of entering into a contract with Defendants, which were known to undertake public works projects. Plaintiff and Class Members reasonably understood that Defendants were agreeing to pay them all legally required wages.

72. Plaintiff and Class Members supplied their labor to Defendants as contractually required. But Defendants breached their contract with Plaintiff and Class Members when Defendants failed to pay them legally required prevailing wages.

73. As a result, Plaintiff and Class members have been damaged in an amount to be proven at trial. Defendant must pay this sum to Plaintiff and Class Members, along with an award of interests, costs, and attorneys' fees.[2]

## COUNT IV

### BREACH OF CONTRACT
**(brough as third-party beneficiary)**

74. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

75. When Defendants entered into a contract with the relevant government instrumentality (or its general contractor) to undertake public works, it agreed to pay employees

---

[2] While Defendants' contractual breach originated in violations of Labor Law § 220, Plaintiff and Class Members do not bring their claims under Labor Law § 220. Accordingly, they were not required to exhaust administration remedies before bringing this action. *See Pesantez v. Boyle Envtl. Servs., Inc.*, 673 N.Y.S.2d 659, 661, 251 A.D.2d 11, 12, 1998 N.Y. App. Div. LEXIS 6382, *4-5 (1998) ("We note that while plaintiff class can proceed on its common-law breach of contract claims for underpayment of wages and benefits (*see, Fata v Healy Co.,* 289 NY 401), a private right of action for underpayment of wages does not exist under Labor Law § 220 until there has been an administrative determination pursuant to subdivision (8) that either has gone unreviewed or been affirmed in the claimants-employees' favor").

prevailing wages. *See Wright v. Herb Wright Stucco, Inc.*, 72 A.D.2d 959, 960, 422 N.Y.S.2d 253, 254, 1979 N.Y. App. Div. LEXIS 14775, *4 (1979) ("Subsequent to 1894 contractors doing business in the public sector were required to include in the contract with the public owner a provision that they would pay their employees the prevailing rate of wage.").

76.     Plaintiff and Class Members were the intended beneficiaries of this agreement.

77.     Defendants' failure to pay Plaintiff and Class members the prevailing wage constitutes a material breach of Defendants' contract with the relevant government instrumentality.

78.     As a result, Plaintiff and Class members have been damaged in an amount to be proven at trial.  Defendants must pay this sum to Plaintiff and Class Members, along with an award of interests, costs, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class members respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives, including any and all persons acting in concert with them as provided by law, prohibiting them from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid regular and overtime wages due under the FLSA and NYLL;

d.  An award of liquidated damages as a result of Defendants' willful failure to pay wages pursuant to the FLSA;

e. An award of liquidated damages as a result of Defendants' willful failure to pay wages, pursuant to the NYLL;

f. An award of compensatory damages for Defendants' failure to pay prevailing wages, in an amount to be determined at trial;

g. An award of pre-judgment and post-judgment interest, costs, and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h. Designation of Plaintiff as the Representative of FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiff as Representative of the Class; and

k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand trial by jury on all issues so triable as of right by jury.

Dated: February 17, 2023      Respectfully submitted,

**LEE LITIGATION GROUP, PLLC**

By:     _/s/ C.K. Lee_

C.K. Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 1976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181

_Attorneys for Plaintiff, FLSA Collective Plaintiffs_
_and the Class_

# Exhibit A



**THERMO TECH MECHANICAL**
HVAC Solutions Specialist

528 Leland Avenue Bronx, NY 10473 | Tel: 718-828-4800 718-991-5044 Fax: 718.542.5427
tony@thermotechmech.com | www.thermotechmech.com

J.L.

| DATE | START TIME | END TIME | REGULAR HOURS | OVERTIME HOURS | JOB SITE |
|------|-----------|----------|---------------|----------------|----------|
| 01/16/17 | 7:00 am | 4:00 pm | 8 | | Democracy Prep |
| 01/17/17 | 7:00 am | 4:00 pm | 8 | | Greenwich |
| 01/18/17 | 7:00 am | 4:00 pm | 8 | | Shop |
| 01/19/17 | 7:00 am | 4:00 pm | 8 | | Shop |
| 01/20/17 | 7:00 am | 4:00 pm | 8 | | Shop |
| | | | | | |
| | | | | | |
| **WEEKLY TOTALS:** | | | 40 | | |

| | | | |
|--|--|--|--|
| EMPLOYEE SIGNATURE: | J.L. | DATE: [PICK THE DATE] | 1/24/17 |
| SUPERVISOR SIGNATURE: | | DATE: [PICK THE DATE] | |

This is to advise you of the time sheet.

You MUST Full it out EVERY DAY and give it in on Monday so we (I) can address the proper payroll for you.    This is a MUST for you.

Defendants 0050



# THERMO TECH MECHANICAL
## HVAC Solutions Specialist

528 Leland Avenue Bronx, NY 10473 | Tel: 718-828-4800 718-991-5044 Fax: 718.542.5427
tony@thermotechmech.com | www.thermotechmech.com

Juan Lopez

| DATE | START TIME | END TIME | REGULAR HOURS | OVERTIME HOURS | JOB SITE |
|------|-----------|----------|---------------|----------------|----------|
| 01/23/17 | 7:00 A.M. | 4:00 Pm | 8 | | Shop |
| 01/24/17 | 7:00 A.M. | 4:00 Pm | 8 | | Democracy Prep |
| 01/25/17 | Day off | ▇▇▇▇▇ | | | ~~Shop~~ |
| 01/26/17 | 7:00 Am | 4:00 Pm | 8 | | Democracy Prep |
| 01/27/17 | 7:00 Am | 4:00 Pm | 8 | | Shop |
| | | | | | |
| | | | | | |
| **WEEKLY TOTALS:** | | | | | |

| EMPLOYEE SIGNATURE: J.L. | DATE: [PICK THE DATE] |
|---|---|
| SUPERVISOR SIGNATURE: | DATE: [PICK THE DATE] |

This is to advise you of the time sheet.

You MUST Full it out EVERY DAY and give it in on Monday so we (I) can address the proper payroll for you.  This is a MUST for you.

Defendants 0051

# Exhibit B

**Time Entries**

⊘  ✕

| Timesheets | Manual Time Card | Time Slider |

**+ Add Time**    **Actions** ▾

Today 📅 ‹ › **May 21 – 27, 2018**

**User: Juan Lopez** | Switch User

| Job | Mon, 5/21 | Tue, 5/22 | Wed, 5/23 | Thu, 5/24 | Fri, 5/25 | Sat, 5/26 | Sun, 5/27 | Job Totals |
|---|---|---|---|---|---|---|---|---|
| ✕ Kent Ave- 333 Kent Avenue, Brooklyn, NY | | 7.852 | 7.713 | 7.528 | 7.617 | | | 30.71 |
| ✕ Lunch Break | | 0.5 | 0.5 | 0.5 | 0.5 | | | - |
| ✕ SHOP-2323 Haviland Ave, Bronx, NY | 8.039 | | | | | | | 8.04 |
| ✕ (no job) | | | | | | | | 0 |
| ✕ (no job) | | | | | | | | 0 |
| ✕ (no job) | | | | | | | | 0 |
| OPTIONS ▾ **Totals:** | 8.04 | 7.85 | 7.71 | 7.53 | 7.62 | 0 | 0 | 38.75 |

**Notes:**

🔄 Reset    Save

Defendants 0132

| Company Code | Loc/Dept | Number | Page | | | Earnings Statement |
|---|---|---|---|---|---|---|
| RX / LSF 21384813 | 01/ | 5238463 | 1 of 1 | | | |

THERMO TECH MECHANICAL INC
506 LELAND AVE
BRONX, NY 10473

Period Starting: 05/21/2018
Period Ending: 05/27/2018
Pay Date: 06/01/2018

Business Phone: 718-991-5044

Taxable Marital Status: ███████
Exemptions/Allowances:    Tax Override:
  Federal:         Federal:
  State: ███       State:
  Local:         Local:
Social Security Number: ███████

**Juan Lopez**

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 23.5000 | 38.44 | 903.34 | 9128.34 |
| Overtime | | | 0.00 | 2802.38 |
| PRVAIL | | | 0.00 | 26680.83 |
| SUPPLB | | | 0.00 | 18708.05 |
| **Gross Pay** | | | **$903.34** | $57,319.60 |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 38.44 | 1536.94 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -55.27 | 7016.53 |
| Social Security | -56.01 | 3553.82 |
| Medicare | -13.09 | 831.13 |
| New York State Income | -39.06 | 3343.78 |
| New York Paid Family Leave | -1.14 | 62.55 |
| New York City R Local | -26.61 | 2074.34 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| New York voluntary disability | -0.60 | 18.60 |

| **Net Pay** | **$711.56** |
|---|---|

| Deposits account number | transit/ABA | amount |
|---|---|---|
| | | 711.56 |

Your federal taxable wages this period are $903.34

© 1998, 2006 ADP, LLC. All Rights Reserved

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

THERMO TECH MECHANICAL INC
506 LELAND AVE
BRONX, NY 10473

Pay Date: 06/01/2018

Deposited to the account

| | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | | | 711.56 |

THIS IS NOT A CHECK

Juan Lopez

THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK.    HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT.

# Exhibit C

12:59:24

# Time Entries

? ✕

| Timesheets | **Manual Time Card** | Time Slider |

**+ Add Time**   Actions ▾

Today  📅  <  >  **Jul 30 – Aug 5, 2018**

User: Juan Lopez   Switch User

| Job | Mon, 7/30 | Tue, 7/31 | Wed, 8/1 | Thu, 8/2 | Fri, 8/3 | Sat, 8/4 | Sun, 8/5 | Job Totals |
|---|---|---|---|---|---|---|---|---|
| ✕ SSA Office- 345 E. 102nd Street | 6.681 | | | | | | | 6.68 |
| ✕ (no job) | | | | | | | | 0 |
| ✕ (no job) | | | | | | | | 0 |
| ✕ (no job) | | | | | | | | 0 |
| ✕ (no job) | | | | | | | | 0 |
| ✕ (no job) | | | | | | | | 0 |
| OPTIONS ▾   **Totals:** | 6.68 | 0 | 0 | 0 | 0 | 0 | 0 | 6.68 |

**Notes:**

🔄 Reset   Save

Defendants 0142

# Earnings Statement

ADP

Period Starting: 07/30/2018
Period Ending: 08/05/2018
Pay Date: 08/10/2018

Business Phone: 718-991-5044

Taxable Marital Status:
Exemptions/Allowances:        Tax Override:
  Federal:                          Federal:
  State:                            State:
  Local:                            Local:
Social Security Number:

**Juan Lopez**

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 23.5000 | 4.50 | 105.75 | 17224.09 |
| Overtime | | | 0.00 | 3675.18 |
| Sick | | | 0.00 | 188.00 |
| Holiday | | | 0.00 | 188.00 |
| PRVAIL | | | 0.00 | 26680.83 |
| SUPPLB | | | 0.00 | 18708.05 |
| **Gross Pay** | | | **$105.75** | **$66,664.15** |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 4.50 | 1906.20 |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| | | 97.00 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | 0.00 | 7647.01 |
| Social Security | -6.56 | 4133.18 |
| Medicare | -1.53 | 966.63 |
| New York State Income | 0.00 | 3765.49 |
| New York Paid Family Leave | -0.13 | 74.31 |
| New York City R Local | 0.00 | 2359.83 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| New York voluntary disability | -0.53 | 24.53 |

| **Net Pay** | **$97.00** | |
|---|---|---|

Your federal taxable wages this period are  $105.75

---

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOT

THERMO TECH MECHANICAL INC
506 LELAND AVE
BRONX, NY 10473

Pay Date:        08/10/2018

| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | | | 97.00 |

THIS IS NOT A CHECK

Juan Lopez

THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK.      HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMEN

# Exhibit D



**THERMO TECH MECHANICAL**
HVAC Solutions Specialist

528 Leland Avenue Bronx, NY 10473 | Tel: 718-828-4800 718-991-5044 Fax: 718.542.5427
tony@thermotechmech.com | www.thermotechmech.com

Juan Lopez

| DATE | START TIME | END TIME | REGULAR HOURS | OVERTIME HOURS | JOB SITE |
|------|-----------|----------|---------------|----------------|----------|
| 07/24/17 | 6:00 A.M. | 12:00 AM | 8 | 9 | Shop & August Martin H.S. |
| 07/25/17 | 6:00 A.M. | 12:00 A.M. | 8 | 9 | Shop & August Martin H.S. |
| 07/26/17 | 6:00 A.M. | 6:00 P.M. | 8 | 4 | shop & P.S. X097 |
| 07/27/17 | 7:00 A.M. | 3:30 P.M. | 8 | ½ | P.S. X097 |
| 07/28/17 | 6:00 A.M. | 4:30 P.M. | 8 | 2 | shop & Q435 Martin Van Buren H.S. |
| 07/29/17 | | | | 2 | duct lyft Back to branx |
| **WEEKLY TOTALS:** | | | 40 | 26.5 | |

| EMPLOYEE SIGNATURE: | J. L. | DATE: [PICK THE DATE] | 07/28/17 |
|---|---|---|---|
| SUPERVISOR SIGNATURE: | | DATE: [PICK THE DATE] | |

This is to advise you of the time sheet.

You MUST Full it out EVERY DAY and give it in on Monday so we (I) can address the proper payroll for you.  This is a MUST for you.

Defendants 0067

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| RX / LSF 21384813 | 01/ | 4624115 | 1 of 1 |

THERMO TECH MECHANICAL INC
506 LELAND AVE
BRONX, NY 10473

## Earnings Statement



Period Starting: 07/24/2017
Period Ending: 07/30/2017
Pay Date: 08/02/2017

Business Phone: 718-991-5044

Taxable Marital Status: ███
Exemptions/Allowances:          Tax Override:
Federal:                Federal:
State: ███               State:
Local:                  Local:
Social Security Number: ███

**Juan Lopez**
███

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 21.2500 | 40.00 | 850.00 | 25560.00 |
| Overime | 31.8750 | 26.50 | 844.69 | 6596.27 |
| PRVAIL | | | 0.00 | 333.90 |
| SUPPLB | | | 0.00 | 325.15 |

| Gross Pay | | | $1,694.69 | $32,815.32 |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 66.50 | 1454.00 |

| Deposits | | |
|---|---|---|
| account number | transit/ABA | amount |
| ███ | | 1223.08 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -187.95 | 3298.23 |
| Social Security | -105.07 | 2034.55 |
| Medicare | -24.57 | 475.82 |
| New York State Income | -90.46 | 1542.11 |
| New York City R Local | -62.96 | 670.64 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| New York voluntary disability | -0.60 | 18.60 |

| Net Pay Adjustments | this period | year to date |
|---|---|---|
| *Misc reimbursement | 0.00 | 166.00 |

| Net Pay | | |
|---|---|---|
| | $1,223.08 | |

Your federal taxable wages this period are  $1,694.69
* Excluded from Federal taxable wages

THERMO TECH MECHANICAL INC
506 LELAND AVE
BRONX, NY 10473

Pay Date:          08/02/2017

Deposited to the account
Checking DirectDeposit          account number          transit/ABA          amount
                                ███                                          1223.08

THIS IS NOT A CHECK

Juan Lopez
███

Defendants 0068

# Exhibit E

**PROJECT: Q435 Martin Van Buren H.S. (Queens)**

**DAILY SIGN-in LOG**

New York City
School Construction Authority

PAGE 1 OF 1 (i)

FIRM □ CONTRACTOR [X] SUBCONTRACTOR (A)
Thermo Tech Mechanical

NAME OF SUPERVISOR OF LISTED EMPLOYEES (PRINT)
(ii) Juan D. Lopez

TODAY'S DATED (A)
08/12/2012

PROJECT AND LOCATION
Q435 Martin Van Buren

ADDRESS (B)
528 Leland Ave Bronx, NY 10473

SCA PROJECT NO. (E) SCA CONTRACT NUMBER

DAY OF WEEK
Tuesday

| 1 PRINT EMPLOYEE'S NAME AND SOCIAL SECURITY NUMBER | 2 LIST & CIRCLE WORK CLASSIFICATION (JOURNEY PERSON OR APPRENTICE CLASS 1, 2, 3+) | 3 BASE 4 WAGE RATE PER HOUR | 4 SUPPLE. MENTAL BENEFIT RATE PER HOUR | 5 UNION LOCAL # AFFILIATI ON (IF ANY) OR "NONE" | 6 STARTING TIME (To be completed by ABOVE named SUPERVISOR, as soon as each employee STARTS WORK each day) | 7 QUITTING TIME | 8 TOTAL HOURS WORKED (EXCLUDING MEALS) (G) | 9 EMPLOYEE'S SIGNATURE ➤ DO NOT SIGN this form if there are any blank boxes on your line. |
|---|---|---|---|---|---|---|---|---|
| 085 54 5104 Lyndon Denny 055889? | Electrician J A1 A2 A3 Sheet metal work J A1 A2 A3+ Solann Installer | 55-88 | 28 | 28 | 8 □AM [✓]PM 4 □AM 8 [✓]PM | 4 [✓]PM 8 □AM [✓]PM | 8 HRS 8 HRS | Lyndon Denny ✗ [signature] |
| Harry Jones | J A1 A2 A3+ $ | $ | | | □AM □PM □AM □PM | □AM □PM □AM □PM | HRS HRS | |
| | J A1 A2 A3+ $ | $ | | | □AM □PM □AM □PM | □AM □PM □AM □PM | HRS HRS | |
| | J A1 A2 A3+ $ | $ | | | □AM □PM □AM □PM | □AM □PM □AM □PM | HRS HRS | |

**NOTE:** This form may be partially completed in advance and photocopied, leaving boxes "C" and "D" and columns 6 through 9 blank. **Columns 6 through 9 must be completed IN INK for each daily submission**

This form must be signed and dated by an officer of _____
the firm after it has been signed by the employees.

SCA PM-15 Exhibit 4 (JAN. 96)

➤ It is unlawful to make false entries on this document. <
(iii) I Govikarrun Bidhu, hereby certify
that the information in this form is complete and correct.

Officer's Signature _____ Date: July 2021

QUESTIONS ? WAGE COMPLAINTS ?
Call SCA's PREVAILING WAGE
"HOTLINE" at (718) 472 – 8100