## LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:    (212) 465-1188
cklee@leelitigation.com

**Via ECF**                                                                October 22, 2024
The Honorable Laura Taylor Swain, U.S.D.J.
United States District Court                              **MEMO ENDORSED**
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:   *Lopez v. Thermo Tech Mechanical, Inc., et al.*
              Case No.: 20-cv-9113 (LTS) (BCM)

Dear Judge Swain:

    We are counsel for Plaintiff and write to request that the Court compel Defendants to comply with the directives in the Pretrial Scheduling Order, dated July 11, 2024 (Dkt. No. 132).

    On October 22, 2024, counsel for the parties attempted to meet by telephone to address the directives in the Court's Pretrial Scheduling Order ("Order"). Counsel to Defendants, however, refused to cooperate on the call, resulting in the parties failing to address any of the required directives in the Order.

    By the Court's Order, Motions for Summary Judgment were due on July 12, 2024, motions in limine were due on October 15, 2024, the Final Pretrial Conference is scheduled for November 15, 2024, and the parties are to meet and confer on numerous topics and submit a Joint Pretrial Statement by November 8, 2024. (Dkt. No. 132). Motions for summary judgment were filed in accordance with the Order and a decision is pending.

    On September 27, 2024, Plaintiff requested Defendants' availability to meet and confer regarding the Order and the submissions. On September 30, 2024, in accordance with the Order, Plaintiff sent the proposed Exhibit List and Proposed Witness List to Defendants. Defendants did not serve an Exhibit List or Witness List. Since Defendants did not serve a witness list, Plaintiff has not filed a motion in limine, or any other pretrial motion.

    On September 30, 2024, October 4, 2024, October 7, 2024, and October 14, 2024, Plaintiff requested Defendants' availability to meet and confer regarding the Order. The parties finally confirmed the meet and confer for October 22, 2024. However, on that day, Defendants missed the call and failed to dial in as agreed. Plaintiff emailed Defendants to inquire whether they would dial in. Plaintiff then called Defendants, since they evidently ignored previous correspondence.

    During the call, Defendants had no idea what was due by the Court's Order or what the upcoming deadlines were. Defendants instead repeatedly asked Plaintiff for the docket number regarding the Order, evidently so as to read it for the first time while on the call. From Defendants' questions, it was clear also that Defendants had not reviewed any of the pretrial submissions that

Plaintiff sent to Defendants weeks ago. Counsel to Defendants then claimed he had read the Order and the submissions Plaintiff had sent. Clearly, he had not, since he was extremely confused regarding the content of the Order or the purpose of the meet and confer. Defendants then proceeded to refuse to provide timely responses and submissions as required by the Court's Order.

Plaintiff acknowledges that a decision is still pending on the fully briefed motion for summary judgment. However, since the Pretrial Scheduling Oder includes a date for summary judgment motions to be filed, and also sets a date for the Final Pretrial Conference (and deadlines for related submissions), the Court's directives and deadlines are clear. Defendants have no good basis for refusing to comply with the Order and unfortunately require Court intervention to do so. It should be noted that this is not the first time that Defendants have attempted to impede or frustrate the progress of this matter. Defendants and their counsel were previously sanctioned for failing to abide by Court Orders and discovery. *See* Dkt. Nos. 120, 112, 110. 107.

We thank the Court for its attention to this matter and are available for a conference to discuss these issues if the Court pleases.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc: all parties via ECF

Defense counsel is hereby admonished that it is responsible for prompt and timely familiarization and compliance with all court orders.  Further noncompliance may result in sanctions.  In light of the pendency of the plaintiff's motion for summary judgment, the final pretrial conference date is adjourned to **February 21, 2024, at 11:00 AM**, and the related deadlines are suspended pending further order of the Court.
SO ORDERED.
October 24, 2024
/s/ Laura Taylor Swain, Chief USDJ