UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JUAN LOPEZ,

    Plaintiff,

-v-            No. 20-CV-9113-LTS-BCM

THERMO TECH MECHANICAL INC.,
GOWKARRAN BUDHU, and SHANTI
BUDHU,

    Defendants.

-------------------------------------------------------x

MEMORANDUM ORDER AND OPINION

Pending before the Court is Juan Lopez's ("Plaintiff") motion for summary judgment on his individual claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201 et seq., asserted against Thermo Tech Mechanical Inc. ("Thermo Tech"), Gowkarran Budhu ("Mr. Budhu"), and Shanti Budhu ("Ms. Budhu," and collectively, "Defendants"). (Docket entry no. 134 (the "Motion").)  The Court has jurisdiction of this action pursuant to 28 U.S.C. section 1331.

The Court has reviewed the parties' submissions thoroughly and, for the following reasons, Plaintiff's Motion is denied.

BACKGROUND

The following material facts are drawn from the record and the parties' filings in

connection with the pending Motion, and are undisputed except where noted.[1]

Plaintiff was employed by Thermo Tech, a business specializing in the installation, maintenance, and repair of heating, ventilation, and air conditioning ("HVAC") systems, from around June of 2016 until July 30, 2018.  (Docket entry no. 135 ("Pl. Mem.") at 1; docket entry no. 140 ("56.1 Counter") ¶¶ 2-4.)  Mr. Budhu is the president and owner of Thermo Tech.  (See 56.1 Counter ¶ 5.)  Ms. Budhu performed bookkeeping duties for Thermo Tech.[2]

Until May of 2018, Thermo Tech employees submitted handwritten timesheets to track hours worked.  (56.1 Counter ¶ 24; docket entry no. 142-1 ("2022 Budhu Tr.") at 74-76, 164-65.)  In May of 2018, Thermo Tech began using a GPS-based application ("app") for employees to clock in and clock out.  (2022 Budhu Tr. at 74-76,122-24.)  Employees were thereafter expected to reference the time tracked in the app to fill out and submit a physical timesheet.  (Id. at 122.)

Plaintiff contends that, prior to May 2018, he was prevented from recording his actual hours worked, and was instead told by Ms. Budhu that he had to round down his time to the nearest half hour.  (Docket entry no. 27 ("Lopez Decl.") ¶¶ 3-4.)[3]  He alleges that, although he would work ten to twenty-five minutes past his scheduled shift several times a week, he was

---

[1]    Citations to paragraphs in Defendants' counterstatement pursuant to S.D.N.Y. Local Civil Rule 56.1 (docket entry no. 140) incorporate Plaintiff's statements and Defendants' response, and the evidence cited therein.

[2]    Plaintiff characterizes Ms. Budhu as the accountant for Thermo Tech, which Defendants dispute.  (Docket entry no. 27 ("Lopez Decl.") ¶ 3; docket entry no. 142-1 ("2022 Budhu Tr.") at 23-25 (asserting that Ms. Budhu "was just doing bookkeeping").)

[3]    The Lopez Declaration, which was tendered in connection with earlier class and collective action motion practice, and which relied on company payroll records, was not filed with the motion papers or cited in Plaintiff's 56.1 statement, but was cited by counsel in Plaintiff's reply brief in connection with this Motion.  (See docket entry no. 144 ("Second Lee Decl.") ¶¶ 3-4; see also docket entry no. 143 ("Reply Mem.") at 2-3 (arguing that Plaintiff has already proffered declarations premised on his personal knowledge twice during the duration of this action).)

not compensated for that time, and he would often work five to ten minutes before his scheduled

shift, which also went uncompensated.  (Id.)  Plaintiff does not dispute that the electronic

timekeeping system implemented in May 2018 "did record the time [he] worked precisely," but

he asserts that "Defendants would continue to time shave" him, citing to two examples of weeks

in which he was underpaid regular wages by 0.31 hours and 2.18 hours, respectively.  (Id. ¶ 6;

56.1 Counter ¶ 25.)

        Mr. Budhu testified that he did not "have any issue" with employees inputting

time as "rounded to the nearest hour," rather than inputting their time "exact to the minute,"

because, where the timesheets mirror the hours on Plaintiff's schedule, the timesheets reflect

"what time [Plaintiff] should be [on-site] and . . . what time he should be leaving there."  (Docket

entry no. 142-2 ("2023 Budhu Dep.") at 26-29, 43-44.)  Mr. Budhu further testified that these

hours do not necessarily reflect the time that Plaintiff was actually on-site, given Thermo Tech's

inability to track employees prior to the use of the GPS-based app in May of 2018.  (2022 Budhu

Dep. at 114 ("Q. . . . So he would literally show up on the dot every day 7 a.m., whether at the

shop or the site of the work?  A. That's what he claimed because we don't be there. We didn't

have an app."); id. at 114-16.)  Mr. Budhu asserts, however, that at all times relevant to this

action, Thermo Tech "maintained, inter alia, payroll records, time keeping records, sign-in, sign-

out sheets, text messages, emails, employee manuals and tax filings – which accurately capture,

inter alia: (i) the performance of compensable work of its employees; (ii) its employee's dates of

employment; (iii) its employee's rate(s) of pay."  (Docket entry no. 141 ("Budhu Aff.") ¶ 11

(emphasis added).)  Mr. Budhu further testified that company policy was that all overtime work

was required to be authorized in advance.  (2023 Budhu Dep. at 26-29.)  With respect to

unauthorized overtime reported after the fact, Mr. Budhu explained that, if, for example, Plaintiff

worked twenty-five minutes past shift, Plaintiff would be compensated for that time, but he stated that Plaintiff would be warned "not to do it" if that overtime was not authorized in advance, because unauthorized overtime is against Thermo Tech policy and that, if the company made such after-the-fact payments, "after that, everybody would want to do their own thing." (Id. at 30-32.)  Mr. Budhu also asserted that, "[a]t no point during [Plaintiff's] employment, ha[d] Plaintiff ever complained to [him] about being paid less than what he was owed."  (Budhu Aff. ¶ 7.)  Plaintiff argues that Mr. Budhu's statements, and Defendants' time records, corroborate Plaintiff's allegations of forced omissions of overtime from the time records he submitted to the company.  (Pl. Mem. at 4-9.)

On October 30, 2020, Plaintiff initiated this action, asserting claims under the FLSA and the New York Labor Law ("NYLL"), as well as breach of contract claims related to the prevailing wage mandate of section 220 of the NYLL, individually and on behalf of similarly situated individuals as against all Defendants.  (See docket entry no. 1.)  Plaintiff filed a second amended complaint on February 17, 2023, which remains the operative pleading.  (Docket entry no. 83 ("SAC").)  On May 31, 2023, the Hon. Barbara C. Moses denied Plaintiff's motion for conditional certification of an FLSA collective as untimely.[4]  (Docket entry no. 92.)  Plaintiff thereafter filed a motion pursuant to Federal Rule of Civil Procedure 23, seeking to litigate the NYLL-related claims as representative of a Rule 23(b)(3) class.  (Docket entry no. 116.)

---

[4]    Judge Moses found that Plaintiff adequately alleged an FLSA claim for unpaid overtime wages for the period running from October 30, 2017, through, at the latest, May 18, 2018. (Docket entry no. 92 at 11-12.)  Because Plaintiff filed his motion for collective certification on May 19, 2021, and the maximum statute of limitations for violations of the FLSA is three years, however, Judge Moses found that any potential plaintiff attempting to opt-in to would have necessarily been time-barred from doing so.  (Id. at 12-14 (noting that the statute of limitations is not tolled until the time that a plaintiff "opts in").)

Following the Court's entry of an order to show cause regarding apparent jurisdictional deficiencies in Plaintiff's NYLL-related claims, Plaintiff stipulated to voluntary dismissal of all NYLL-related claims, which the Court so-ordered on May 22, 2024.  (Docket entry nos. 124, 126.)

The sole remaining claim in this action is Plaintiff's individual claim under the FLSA.  Plaintiff moves for summary judgment on this remaining claim, seeking declaratory and monetary relief, including liquidated damages.  (See SAC at 18-19; docket entry no. 134-1 ("Prop. Order").)

<u>DISCUSSION</u>

Summary judgment is to be granted in favor of a moving party if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A fact is considered material if it "might affect the outcome of the suit under the governing law," and an issue of fact is a genuine one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Holtz v. Rockefeller & Co. Inc.</u>, 258 F.3d 62, 69 (2d Cir. 2001) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)).  In determining whether there is a genuine dispute as to a material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." <u>Johnson v. Killian</u>, 680 F.3d 234, 236 (2d Cir. 2012) (citation omitted).

"To establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work."  <u>Kuebel v. Black & Decker Inc.</u>,

643 F.3d 352, 361 (2d Cir. 2011) (citations omitted).  Ordinarily, an FLSA plaintiff's burden as

to the first element may be "easily discharge[d]" by reference to the employer's wage and hour

records.  See Anderson v. Mt Clemens Pottery Co., 328 U.S. 680, 687 (1946).  If, however, an

employer's records are inaccurate or inadequate, the employee-plaintiff may meet their burden

by proffering "sufficient evidence to show the amount and extent of [the uncompensated work]

as a matter of just and reasonable inference," including estimates based on the plaintiff's own

recollection.  Kuebel, 643 F.3d at 361-62 (quoting Anderson, 328 U.S. at 687, and noting that

"an employee's burden in this regard is not high").  Where an employee's self-reported hours are

false or inaccurate due to instruction of the employer or the employer's agents, an employee may

nevertheless be afforded the benefit of the "just and reasonable inference" standard derived from

Anderson.  Kuebel, 643 F.3d at 363.  Once a plaintiff has satisfied their initial burden under

Anderson, the burden shifts to the employer to proffer "evidence of the precise amount of work

performed or [respond] with evidence to negative the reasonableness of the inference to be

drawn from the employee's evidence."  Anderson, 328 U.S. at 687-88.

      The statute of limitations for an FLSA claim is ordinarily two years, unless the

violation was "willful," in which case the limitations period is extended to three years.  29

U.S.C. § 255(a) (Westlaw through P.L. 118-158).  "An employer willfully violates the FLSA

when it 'either knew or showed reckless disregard for the matter of whether its conduct was

prohibited by' the Act."  Kuebel, 643 F.3d at 266 (citation omitted).  "In a suit for unpaid

overtime wages, willfulness means that the employer knew that it had failed to properly pay its

employees or was reckless with regard to that failure."  Perry v. City of New York, 78 F.4th 502,

520 (2d Cir. 2023); see also McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)

(reasoning that "willful," as used in the FLSA, amounts to more than "negligent" conduct).

"Reckless disregard can be shown through action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." Perry, 78 F.4th at 520 (citations and internal quotation marks omitted).  Willfulness is an "independent element" for claims of "willful violation of the FLSA" -- the burden of proof as to the question of willfulness falls on the FLSA plaintiff, not the defendant.  Whiteside v. Hover-Davis, Inc., 995 F.3d 315, 321 (2d Cir. 2021).

Plaintiff argues that the more lenient Anderson burden-shifting standard should govern all elements of his remaining FLSA claim because, as to the pre-May 2018 timesheets, Plaintiff was instructed to round down his time, and his records are therefore inaccurate due to no fault of his own (Pl. Mem. at 7-9), and, as to the post-May 2018 timesheets, Defendants only produced two wage statements for the twelve relevant pay periods.  (Id. at 11.)  Plaintiff argues that the inaccuracy of his pre-May 2018 timesheets can also be inferred from (1) the testimony of Mr. Budhu that employees' scheduled hours are the hours that should be reflected on the time sheet (id. at 4-6), and (2) a comparison of hours prior to and following institution of the electronic timekeeping system, demonstrating that "Plaintiff did not always begin and [end] each shift on the exact whole hour."  (See id. at 8-11.)  Plaintiff therefore argues that he is entitled to judgment as a matter of law because his proffer of testimony as to his recollection of uncompensated time worked before and after his shift is sufficient to sustain his burden under Anderson.  (Id. at 11.)  Plaintiff further argues that the three-year statute of limitations should apply, because (1) Mr. Budhu "never consulted an attorney regarding proper wage and hour compliance and simply administered payroll himself" (id. at 12), and (2) Mr. Budhu "testified that he was aware that employees must be paid their actual hours yet still paid Plaintiff only his scheduled hours despite Plaintiff working beyond his scheduled hours," demonstrating that

Defendants' alleged violation of the FLSA was "willful." (Id. at 14.)

Defendants, pointing to Plaintiff's citation of his second amended complaint rather than any declaration in his summary judgment motion papers, argue that Plaintiff has failed to proffer sufficient admissible evidence to support the material factual assertions, including denial of pay for overtime worked, that are set forth in his 56.1 Statement. (Docket entry no. 139 ("Defs. Mem.") at 1-3.) Defendants, again pointing to the materials first submitted in support of the Motion, argue in the alternative that Plaintiff has (1) failed to carry his evidentiary burden, even under the more lenient Anderson standard, having proffered only "threadbare, conclusory allegations about Defendants' alleged rounding policies, and Plaintiff's off-the-clock work" (id. at 6-7), and thus (2) failed to meet the pleading standard for his unpaid overtime claim, as laid out in Lundy v. Catholic Health Sys. Of Long Is. Inc., 711 F.3d 106 (2d Cir. 2013), and its progeny. (Defs. Mem. at 7-9.) Defendants similarly assert that Plaintiff has failed to plead facts sufficient to support application of the three-year statute of limitations, because a "mere averment of willfulness" is insufficient. (Id. at 10-11.)

While Defendants are correct that Plaintiff's opening papers lacked direct evidentiary support for his allegations that he was forced to omit overtime that Defendants knew he had worked from his timesheets, and the allegations in the second amended complaint are quite conclusory, Plaintiff sought to remedy the omission by citing an earlier-filed declaration[5] in his reply papers that includes somewhat more detailed allegations by Plaintiff. (See Lopez Decl.) The Court has considered that declaration in its analysis of the Motion. It bears repeating

---

[5]    Plaintiff purports to offer two declarations made in connection with his class and collective action motion practice, but the cited filings consist of the same declaration from Plaintiff, dated May 18, 2021. (See Second Lee Decl. ¶¶ 3-4 (citing docket entry nos. 27, 119).)

at this point that, to be entitled to a grant of summary judgment, the moving party must demonstrate that there are no material disputes of fact and that, drawing all inferences in the light most favorable to the non-moving party, the movant is entitled to judgment as a matter of law.

The Court turns now to the questions of whether Plaintiff has met his burden of demonstrating that he is entitled to summary judgment with respect to the pre-May 2018 period of Plaintiff's employment, the post-May 2018 period of Plaintiff's employment, and the additional relief he seeks.

Pre-May 2018 Period

Plaintiff has failed to meet his burden of demonstrating the absence of a genuine dispute concerning the material facts underlying his claims with respect to the period during which he submitted handwritten timesheets. He alleges that he was forced to omit time actually worked (Lopez Decl. ¶¶ 3-4), while Defendants allege that the company time records were accurate, that overtime was compensable, and that its records captured compensable work accurately. (56.1 Counter ¶¶ 24, 27 (citing Budhu Aff. ¶ 11); 2023 Budhu Dep. at 30-32.) Drawing all inferences in Defendants' favor, the factual disputes concerning whether Plaintiff actually worked more than his scheduled hours, whether Defendants were aware that he was working such overtime, and whether any overtime was authorized or otherwise properly compensable cannot be resolved by the Court at this summary judgment stage.

Plaintiff's Motion is therefore denied to the extent it seeks judgment in Plaintiff's favor concerning work performed prior to May 2018, i.e., the period during which Plaintiff's timesheets were handwritten.

Post-May 2018 Period

There also remains a genuine factual dispute regarding "the amount and extent" of

overtime hours that purportedly went uncompensated as a result of Defendants' actions

following implementation of electronic timekeeping.  See Anderson, 328 U.S. at 687.  Plaintiff's

declaration cites two examples of underpayment for regular wages, but he does not articulate a

practice of rounding or timeshaving resulting in unpaid overtime wages, and he has provided no

estimates of unpaid overtime wages for the remaining pay periods, whether based on his

recollection or otherwise.  See Nakahata v. New York-Presbyterian Healthcare Sys., 723 F.3d

192, 201-202 (2d Cir. 2013) (noting that the FLSA does not provide a cause of action for claims

premised on recovery of unpaid hours worked that are below the overtime threshold and where

pay is above the statutory minimum wage threshold); (Lopez Decl. ¶ 6 (stating, in conclusory

fashion, that, "Defendants . . . continue[d] to time shave me").)

   Moreover, the alleged rounding practice as to the handwritten timesheets,

whereby Plaintiff asserts he was instructed to round down his hours by as much as thirty-five

minutes a day, does not apply to the electronically recorded timesheets, which Plaintiff concedes

reflect his actual hours worked.  (56.1 Counter ¶¶ 25 ("Around May 2018, Defendants switched

to an electronic time keeping system that recorded the precise duration of on-the-clock time

worked by Plaintiff each shift." (emphasis added)); id. ¶ 27 ("Prior to the implementation of the

electronic time keeping system, Defendants improperly rounded [Plaintiff's] hours down to the

nearest whole hour, according to his scheduled shift." (emphasis added)); Lopez Decl. ¶ 6.)

   Because Plaintiff has failed to carry his burden of demonstrating his entitlement to

judgment as a matter of law with respect to the post-May 2018 time period, this aspect of his

Motion is denied as well.

Remaining Arguments

   As to the relevant statute of limitations, there remain, for the reasons outlined

above, material factual disputes regarding whether Defendants violated the FLSA and whether

any FLSA violation for unpaid wages was "willful" within the meaning of the statute, rather than

merely negligent.  "Failure to consult an attorney, in and of itself, does not establish willfulness

for an FLSA violation," Trimmer v. Barnes & Noble, Inc., 31 F. Supp. 3d 618, 629 n.5

(S.D.N.Y. 2014) (citing McLaughlin, 486 U.S. at 135), and whether any Defendant knew about

or intentionally caused Plaintiff to underreport hours, leading to unpaid overtime wages, is in

dispute, as set forth above.  Cf., e.g., Keun-Jae Moon v. Joob Gan Kwon, 248 F. Supp. 2d 201,

231 (S.D.N.Y. 2002) (finding willfulness where, inter alia, senior manager responsible for

payroll matters "admitted that he knew [plaintiff] was not paid overtime").  Indeed, Mr. Budhu

asserted that Plaintiff never notified Mr. Budhu of any unpaid overtime (see Budhu Aff. ¶ 7)—a

contention that Plaintiff does not dispute.

In view of the foregoing genuine disputes of material fact, the Court declines at

this stage to address whether Plaintiff is entitled to liquidated damages under the FLSA, whether

both of the individual Defendants are "employers" within the meaning of the FLSA, and whether

Mr. Budhu and Thermo Tech may be held jointly and severally liable as employers under the

FLSA.  (See Pl. Mem. at 15-17); see also, e.g., Williams v. Bier Int'l, LLC, No. 14-CV-03894-

LTS-JCF, 2015 WL 4461668, at *3 (S.D.N.Y. July 21, 2015) (declining to address issue of

liquidated damages where liability as against defendants under the FLSA had not yet been

established).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment on his

individual FLSA claim, which is the only remaining claim in this action, is denied in its entirety.

The parties will be referred to the Court's mediation program, and the final pre-trial conference is adjourned to **May 29, 2025**, at 11:00 AM.  The parties must confer and make submissions in advance of that conference as provided in the Pretrial Scheduling Order filed at docket entry no. 132.

This case remains referred to Judge Moses for general pretrial management.  This Memorandum Order and Opinion resolves docket entry no. 134.

SO ORDERED.

Dated: New York, New York
       February 6, 2025

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge