**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------

JUAN LOPEZ, *on behalf of himself, FLSA*
*Collective Plaintiffs and the Class,*

                 Plaintiff,             Case No. 1:20-cv-09113

           -against-           **Laura Taylor Swain, U.S.D.J.**

THERMO TECH MECHANICAL, INC.,
GOWKARRAN BUDHU, and SHANTI BUDHU,

               Defendants.

-----------------------------------------------------------------------

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, New York 10011
Telephone: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................................................................. 1

II.    PLAINTIFF'S COUNSEL IS ENTITLED TO REASONABLE ATTORNEYS FEES IN ADDITION TO DAMAGES OWED TO PLAINTIFF. ............................................................ 7

    A.   The Lodestar Method is the Presumptive Starting Point in Fee Award Analysis in the Second Circuit ............................................................................................. 9

    B.   The Hourly Rate of Plaintiff's Counsel is Reasonable Within Second Circuit Standards ........................................................................................................ 11

    C.   Quality of Representation ................................................................................ 14

    D.   The Hours Expended by Plaintiff's Counsel Litigating the Matter are Reasonable Within Second Circuit Standards ................................................................... 15

    E.   No Proportionality ......................................................................................... 15

III.   PLAINTIFF'S COUNSEL IS ENTITLED TO REIMBURSEMENT OF LITIGATION EXPENSES ...................................................................................................................... 17

IV.   CONCLUSION ............................................................................................................... 19

## TABLE OF AUTHORITIES

**Cases**

*Adorno v. Port Auth. of N.Y. & N.J.*,
685 F.Supp.2d 507, 512 (S.D.N.Y. 2010)...................................................................................... 16

*Allende v. Unitech Design, Inc.*,
783 F.Supp.2d 509, 512 (S.D.N.Y. 2011)............................................................................ 1, 9, 18

*Arbor Concerned Citizens Neighborhood Ass 'n v. County of Albany*,
522 F.3d 182, 186 (2d Cir. 2008).................................................................................................. 8

*Arbor Hill*, 522 F.3d at 184; *Cao*, 2010 U.S. Dist. LEXIS 109373 at *23-24............................... 11

*Cao v. Wu. Liang Ye Lexington Restaurant, Inc.*,
2010 U.S. Dist. LEXIS 109373 ..................................................................................................... 8

*Carrasco v. Sompo America Insurance Services LLC et al.*,
Case No. 17-cv-7319 (S.D.N.Y.) ................................................................................................. 13

*Cesario v. BNI Constr.*,
2008 U.S. Dist. LEXIS 103155 (Dec. 15, 2008) ......................................................................... 8

*Chang v. Philips Bryant Park LLC et al.*,
Case No. 17-cv-8816 (S.D.N.Y.) ................................................................................................. 13

*Cheeks v. Freeport Pancake House, Inc.*,
796 F.3d 199 (2d Cir. 2015).......................................................................................................... 16

*Chen v. Jin Holdings, et al*,
No. 10-cv-0414 (SDNY January 31, 2012) ................................................................................. 17

*Delijanin v. Wolfgang's Steakhouse Inc. et al.*,
Case No. 18-cv-7854 (S.D.N.Y.) ................................................................................................. 14

*Easterly v. Tri–Star Transportation Corp.*,
No. 11 Civ. 6365, 2015 WL 337565 (S.D.N.Y. Jan. 23, 2015)................................................... 13

*Estrada v. Kingsbridge Marketplace Corp. et al.*,
Case No. 17-cv-9890 (S.D.N.Y.) ................................................................................................. 13

*Fisher v. SD Prot. Inc.*,
948 F.3d 593, 2020 U.S. App. LEXIS 3295, 170 Lab. Cas. (CCH) P36,767, 2020 WL 550470
(2d Cir. 2020)..................................................................................................................... 3, 9, 15, 16

*Francois v. Maze*r,
523 Fed. App'x 28, 29 (2d Cir. 2013)............................................................................................. 7

*Fteja v. Nusret New York LLC et al.,*
 Case No. 19-cv-429 (S.D.N.Y.) .................................................................................. 13

*Garcia v. Roti Restaurants, LLC,*
 Case No. 18-cv-9820 (S.D.N.Y.) ................................................................................ 13

*Grant v. Martinez,*
 973 F.2d 96, 99 (2nd Cir. 1992) ................................................................................... 8

*Healey v. Leavitt,*
 485 F.3d 63, 71 (2d Cir. 2007) ..................................................................................... 1

*Hensley v. Eckerhart,*
 461 U.S. 424 (1983) ................................................................................................. 1, 4

*Hernandez v. P.K.L. Corp.,*
 2013 U.S. Dist. LEXIS 130706 (E.D.N.Y. Aug. 21, 2013) ........................................ 18

*Husain v. Springer,*
 2013 U.S. Dist. LEXIS 37134 (E.D.N.Y. Mar. 14, 2013) ............................................ 7

In re Global Crossing,
 225 F.R.D. at 467 ...................................................................................................... 14

*In re Indep. Energy Holdings PLC Sec. Litig.,*
 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) ......................................................... 18

*Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc.,*
 2010 WL 4159391 (S.D.N.Y. Sept. 30, 2010) ........................................................... 19

*Kadden v. VisuaLex*, LLC,
 2012 WL 6097656 (S.D.N.Y. Dec. 6, 2012) .............................................................. 18

*Kahlil v. Original Old Homestead Restaurant, Inc.,*
 657 F. Supp. 2d 470, 478 (S.D.N.Y. 2009) .................................................................. 8

*Lazo v. Kim's Nails at York Ave., Inc.,*
 No. 14-CV-3309 (JLC), 2015 WL 7780723 (S.D.N.Y. Nov. 30, 2015) ....................... 8

*LeBlanc-Sternberg v. Fletcher,*
 143 F.3d 748, 763 (2d. Cir. 1998) .............................................................................. 18

*Marquez v. Erenler, Inc.,*
 2014 WL 5847441 (S.D.N.Y. Nov. 10, 2014) ............................................................ 18

*McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund,*
 450 F.3d 91, 96-97 (2nd Cir. 2006) ........................................................................... 11

*Morris v. Affinity Health Plan, Inc.,*
  859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012)..................................................................................... 18

*Pacheco et al. v. Chickpea at 14th Street Inc. et al.,*
  Case No. 18-cv-251 (S.D.N.Y.) ...................................................................................................... 14

*Patterson v. Chipotle Mexican Grill, Inc. et al.,*
  Index No. 54446/2020 (Westchester County) ................................................................................. 13

*Perdue v. Kenny A.,*
  559 U.S. 542, 130 S.Ct. 1662, 1676 (2010)................................................................................. 7, 9

*Reiter v. MTA NY City Transit Auth.,*
  457 F.3d 224, 232 (2nd Cir. 2006)................................................................................................. 11

*Rosendo v. Everbrighten Inc.,*
  No. 13 Civ. 7256, 2015 WL 1600057 (S.D.N.Y. April 7, 2015)................................................... 13

*Said v. SBS Electronics, Inc.,*
  No. CV 08-3067 (RJD)(JO), 11, (2010 WL 1265186) .................................................................. 15

*Salazar v. P.V. Bakery, Inc. et al.,*
  Case No. 18-cv-4153 (S.D.N.Y.)..................................................................................................... 13

*Sanchez v. Burgers & Cupcakes LLC,*
  No. 16-CV-3862 (JGK) (JLC), 2017 WL 2171870 (S.D.N.Y. Apr. 27, 2017) .............................. 8

*Sand v. Greenberg,*
  No. 08-cv-7840 (PAC), 2010 U.S. Dist. LEXIS 1120, 2010 WL 69359 (S.D.N.Y. Jan. 7, 2010)
  ........................................................................................................................................................... 16

*Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.,*
  559 U.S. 393, 130 S. Ct. 1431, 2010 LEXIS 2929 ........................................................................ 3

*Taft v. Ackermans,*
  No. 02 Civ. 7951, 2007 WL 414493 (S.D.N.Y. Jan. 31, 2007).................................................... 14

*Tavera v. 18 Greenwich Avenue, LLC et al.,*
  Case No. 19-cv-8258 (S.D.N.Y.)..................................................................................................... 13

*Tendilla et al. v. Pearlstone Restaurant, LLC et al.,*
  Case No. 18-cv-8900 (S.D.N.Y.)..................................................................................................... 13

*Tiacoapa v. Carregal,*
  386 F.Supp.2d. 362, 369 (S.D.N.Y. 2005)...................................................................................... 9

*United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.,*
  501 F.3d 283, 294 (3d Cir. 2007).................................................................................................... 15

*Vazquez et al. v. Eataly America Inc. et al.,*
 Index No. 156933/2018 (New York County) ................................................................ 14

*Wong v. Hunda Glass Corp.,*
 No. 09-cv-4402 (S.D.N.Y. June 23, 2010) ................................................................... 16

## Statutes

29 U.S.C. §216(b) ......................................................................................................... 1, 7, 15

New York Labor Law § 198 ................................................................................................ 7

New York Labor Law §663(1) ....................................................................................... 1, 18

**I.INTRODUCTION**

Lee Litigation Group, PLLC ("LLG" or "Plaintiff's Counsel") respectfully submits this motion for an award of attorneys' fees in the amount of $206,867.50 and reimbursement of $2,986.25 in out-of-pocket expenses that were incurred in prosecuting this action. *See* **Exhibit A** to the Declaration of C.K. Lee in Support of Plaintiff's Motion for Approval of Attorneys' Fees and Reimbursement of Expenses ("Lee Decl.")[1].  The Fair Labor Standards Act ("FLSA"), as well as the New York Labor Law ("NYLL") both provide a successful employee plaintiff with an award of "reasonable attorneys' fees." 29 U.S.C. §216(b); N.Y.L.L. §663(1).  Further, "[t]raditionally 'in determining a fee award, the typical starting point is the so-called lodestar amount, that is 'the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate'." *Allende v. Unitech Design, Inc.,* 783 F.Supp.2d 509, 512 (S.D.N.Y. 2011) (citing *Healey v. Leavitt,* 485 F.3d 63, 71 (2d Cir. 2007) and *Hensley v. Eckerhart,* 461 U.S. 424 (1983)).  There is no proportionality requirement for legal fees.  See *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 2020 U.S. App. LEXIS 3295, 2020 WL 550470 (2d Cir. 2020). Moreover, even though Plaintiff did not prevail on his motions for conditional collective certification and class certification, the work done by counsel in connection with such motions was reasonably necessary to obtain the ultimate Rule 68 Judgment, and is thus, fully compensable.

Plaintiff pursued his claims as a collective and class action, as the violations he suffered by Defendants, he alleged, were part of a common policy. In deciding Plaintiff's motion for conditional collective certification, Judge Moses agreed, finding "…plaintiff has made a 'modest factual showing' that he and other Thermo Tech employees, who were told by Shanti Budhu to 'round down' the hours on their hand-written timesheets, were ' victims of a common policy or

---

[1] Unless otherwise indicated, all exhibits are attached to the Lee Decl.

1

plan that violated the law...'" See Memorandum and Order dated May 31, 2023, Dkt. 92 at 12. Notwithstanding meeting the substantive burden for conditional collective certification, Plaintiff's motion  was denied solely on procedural grounds due to the expiration of the statute of limitations under the FLSA for prospective opt-ins[2] ( the direct result of the significant delay by Defendants, forcing Plaintiff to arbitration years later after failing to paying the arbitration fees). Although collective certification was procedurally denied, the Court did grant in part Plaintiff's accompanying motion to compel Defendants' production of class-wide discovery production and responses.

Following discovery, which confirmed and supported five common practices of Defendants that violated various portions of the NYLL[3], Plaintiff then filed a motion for class certification.  Again, as a result of Defendants' dilatory tactics, the Court issued an Order to Show Cause,  questioning whether jurisdiction was proper over Plaintiff's state law claims which now predominated the action. In order to preserve his rights and the rights of the putative class, in response to the Order to Show Cause, Plaintiff's counsel voluntarily dismissed without prejudice his NYLL claims and contract claims asserted on behalf of himself and the putative class members. Such claims were thereafter re-filed and are currently pending in state court.

With only Plaintiff's individual FLSA claims remaining in the instant action, on June 11, 2025, Plaintiff accepted Defendants' Rule 68 Offer of Judgment of his individual claims. Plaintiff accepted the $8,800.78 Rule 68 Offer of Judgment amount, plus reasonable fees to be

---

[2] Judge Moses found that Plaintiff adequately alleged an FLSA claim for unpaid overtime wages for the period running from October 20, 2017 through May 18, 2018 (Dkt. 92 at 11-12).  However, because Plaintiff filed his motion for collective certification on May 19, 2021, and the maximum statute of limitations for violations of the FLSA is 3 years, Judge Moses found that any potential plaintiff attempting to opt-in would have necessarily been time-barred from doing so. Id at 12-14 noting that the statute of limitations is not tolled until the time that plaintiff "opts in".

[3] (i) failure to pay proper wages due to time shaving, (ii) failure to pay proper wages due to impermissible rounding, (iii) failure to pay prevailing wages to third party beneficiaries in breach of public works contracts, (iv) failure to provide proper wage and hour notices, and (vi) failure to provide proper wage statements.

determined by the Court. This motion seeks a determination by the Court of Plaintiff's counsel's fees incurred in this action.

The legal fees and costs sought herein are justified because:

1.    Defendants were at a no pay position throughout this litigation, willing to negotiate only at nuisance value, even during two court-ordered mediations;

2.    Defendants' Counsel engaged in highly aggressive and dilatory litigation tactics, fighting at every turn, on every issue, to unnecessarily increase both sides' legal fees. This is evidenced by: (i) Defendants' producing their arbitration agreement with Plaintiff only after Plaintiff filed his motion for conditional collective certification, (ii) forcing Plaintiff to spend several months pursuing his claims in arbitration, and ultimately, (iii) refusing to pay the required arbitration fees, necessitating Plaintiff to reopen the case in Federal Court;

3.    Defendants refused to toll the statute of limitations for any of Plaintiff's claims, including Plaintiff's FLSA claims, or the claims of putative collective or class members, instead allowing the statute of limitations to run while stagnating the matter in an arbitration forum;

4.    Plaintiff had a strong interest in vindicating his rights; as his counsel, we had a duty to litigate his case to the best of our abilities;

5.    Defendants' Offer of Judgment only covered Plaintiff's claims, and explicitly stated that reasonable attorney's fees are to be determined by the court;

6.    There is no proportionality requirement for legal fees. See *Fisher*, 948 F.3d 593; *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393, 130 S. Ct. 1431, 2010 LEXIS 2929;

3

7.    Plaintiff is entitled to legal fees as a prevailing party under the FLSA (a fee shifting statute).  The reason this statute is fee shifting is that Congress didn't want defendants to fight where facts are not in dispute and, if they do, they need to compensate Plaintiff; and

8.    Plaintiff's counsel is entitled to fully compensatory legal fees for the entirety of their work spent to the date of the Rule 68 Offer, and fee awards should not be reduced simply because every contention was not successful. *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

Not paying Plaintiff's Counsel, who was required to expend significant time and resources litigating this case due to Defendants' tactics, sets a dangerous precedent for deep pocketed defendants to use dilatory litigation as a defense, knowing they won't have to suffer the consequences, because they would rather pay their lawyer than Plaintiff.

From the commencement of this action, Plaintiff's Counsel attempted to engage in negotiations through not one but two mediations, which would have saved both parties' time and legal fees.  Moreover, Defendants forcing Plaintiff to spend months in arbitration only to refuse to pay their share of required fees impeded the process at every turn and appeared to have the sole objective of dragging out this litigation and wearing Plaintiff down. Defendants' dilatory tactics resulted in driving up Plaintiff's Counsel's legal fees. If Defendants' counsel had truly wanted to resolve this case, he countless opportunities to do so since its inception in 2020.  Most significantly, he could have served a Rule 68 Offer of Judgment in the several years before the initial offer of judgment was served on May 30, 2025. The same applies to the Rule 68 Offer of Judgment served by Defendants on July 12, 2025. But instead, Defendants' counsel aimed to unnecessarily drive up costs, whether or not his clients possessed valid defenses to plaintiff's claims or not.

As reflected in the lengthy record, this case was litigated intensely since its filing <u>more than five (5) years ago</u> on October 30, 2020, including but not limited to: pleadings, preparing and responding to discovery, letter motions concerning several discovery disputes, depositions of parties and party witnesses, motion practice including motions for sanctions, two motions for conditional collective certification, class certification, and a motions for summary judgment. The parties also spent several months in arbitration (detailed below), when Defendants delinquently produced an arbitration agreement after Plaintiff initially filed his motion for conditional collective certification.

Defendants' dilatory and difficult conduct during discovery and throughout the litigation required Plaintiff's Counsel to expend significant time and resources to attempt to vindicate Plaintiff's claims in multiple forums, sometimes seeming like Defendants were simply taking Plaintiff on a wild goose chase in an attempt to wear him down.  See Docket, including but not limited to:

- Complaint filed in October 2020 (Dkt. 1);

- Nearly a year after Plaintiff's filing of the Complaint, following extensive litigation and appearances before the Court, Defendants first produced an employee handbook signed by Plaintiff with an arbitration provision. Reluctantly, Plaintiff voluntarily dismissed the matter without prejudice on July 1, 2021 (Dkt. Nos. 43 and 44), so that Plaintiff could seek relief in an arbitration forum. The Court So Ordered the parties' stipulation on July 7, 2021. (Dkt. No. 45);

- Pursuant to the arbitration agreement, on July 26, 2021, Plaintiff initiated an arbitration proceeding with the American Arbitration Association ("AAA"), Case No. 01-21-0004-9203 (the "Arbitration"). (Dkt. No. 56-1);

- This Arbitration was suspended by AAA on May 17, 2022, due to Defendants' non-payment of required arbitration fees, and was ultimately terminated by AAA on June 17, 2022, for the same reason (Dkt. No. 56-3), almost 2 years after the initial complaint was filed;

- Defendants were well aware of their obligation to pay required arbitration fees yet did not do so (Dkt. No. 56-4), and instead, after discovery in arbitration was

almost complete, Defendants contested the arbitrator's fees (Dkt. No. 56-5), notwithstanding that they had consented to the appointment of Arbitrator several months previously and did not raise any issues with the fees then or during the litigation. (Dkt. No. 56-6);

- It was not until after Plaintiff raised several discovery related issues regarding Defendants' production, and the Arbitrator Ordered Defendants to produce specific documents related to Plaintiff's claims (Dkt. No. 56-7), that Defendants contested the arbitrator's fees and cause the Arbitration to come to a complete halt by failing to pay such required fees. Dkt. No. 56-4);

- Plaintiff requested leave to restore the case to the Court's active docket on May 17, 2022 (Dkt. No. 46);

- Plaintiff requested to reinstate his previously filed motion for conditional collective cortication and the parties continued the briefing (Dkt. No. 62);

- Plaintiff filed an amended pleading (Dkt. No. 83), and a motion for class certification under Fed. R. Civ. P. Rule 23 (Dkt. No. 116);

- Plaintiff moved for partial summary judgment on his FLSA claims (Dkt. No. 134);

- During the litigation, the parties attended two mediations but were unsuccessful at resolving the case (Dkt. Entry dated April 4, 2025, *see also* 156);

- During the litigation, due to Defendants' unwillingness to comply with their discovery obligations, Plaintiff raised numerous disputes and the parties attended numerous appearances before the Court.

As indicated by the above, Defendants are primarily responsible for the high amount of legal fees incurred by Plaintiff, representing five years of legal work. Since the commencement of this action, Plaintiff's Counsel attempted to engage in negotiations through not one but two mediations, which would have saved both parties' time and significant legal fees. However, Defendants were only willing to pay zero or nuisance value.

The Parties attended a third mediation on September 11, 2025, pursuant to the Court's Order (Dkt. No. 164), before mediator Marilyn Kunstler, Esq., limited solely to the dispute between the parties as to the amount of legal fees to which Plaintiff's counsel was entitled. Prior

6

to the mediation, Plaintiff submitted a mediation statement detailing Plaintiff's lodestar and outlining the basis for his entitlement to legal fees. Plaintiff also attended a 1-hour *ex-parte* pre-mediation call and provided follow up case law for the mediator supporting his position. Defendants failed to offer anything exceeding nuisance value and the parties were not able to reach an agreement as to the fees, necessitating the instant fee application.

From Plaintiff's perspective, the reason for the delay was simply that Defendants' Counsel aimed to unnecessarily drive up his fees, whether or not his clients possessed valid defenses to Plaintiff's claims or not.  To that end, not only have Defendants failed to make any substantial offer to resolve the fees incurred in the instant action, the ongoing state court litigation for Plaintiff's and the class's New York Labor Law Claims remains active and unresolved.

## II. PLAINTIFF'S COUNSEL IS ENTITLED TO REASONABLE ATTORNEYS FEES IN ADDITION TO DAMAGES OWED TO PLAINTIFF.

In an action under the FLSA, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Fees and costs are also awardable under the NYLL with respect to the state law claims. NYLL § 198. See also *Francois v. Maze*r, 523 Fed. App'x 28, 29 (2d Cir. 2013) ("Reasonable attorney's fees and costs are awarded as a matter of right to a prevailing plaintiff in an action under the FLSA or NYLL.").

The standard for awarding attorneys' fees and costs is one of reasonableness. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." *Husain v. Springer*, 2013 U.S. Dist. LEXIS 37134, at *15- 16 (E.D.N.Y. Mar. 14, 2013) (citing *Perdue v. Kenny A.*, 559 U.S. 542, 130 S.Ct. 1662, 1676 (2010)). "The most useful starting point for determining the amount of a reasonable fee is the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate." *Arbor Concerned Citizens Neighborhood Ass 'n v. County of Albany*, 522 F.3d 182, 186 (2d Cir. 2008). Prior to *Arbor Hill*, this amount was known as the "lodestar" amount, which the Second Circuit has suggested be known going forward as the "presumptively reasonable fee." Id. at 183; *Cao v. Wu. Liang Ye Lexington Restaurant, Inc.*, 2010 U.S. Dist. LEXIS 109373 at *22. The inquiry should be focused on "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2nd Cir. 1992) (citation omitted). However, in considering the records, the Court should not "engage in 'an *ex post facto* determination of whether attorney hours were necessary to the relief obtained.'" *Cesario v. BNI Constr.*, 2008 U.S. Dist. LEXIS 103155, at *20 (Dec. 15, 2008) (quoting Grant, 973 F.2d at 99), adopted by 2009 U.S. Dist LEXIS 12888 (S.D.N.Y. Feb. 19, 2009).  In fact, under Second Circuit caselaw and New York federal practice, a Rule 68 Offer of Judgment does not require a party to win every motion to recover attorneys' fees related thereto.  The question is whether the plaintiff is the prevailing party overall, and whether the underlying statute treats fees as recoverable.  See *Kahlil v. Original Old Homestead Restaurant, Inc*., 657 F. Supp. 2d 470, 478 (S.D.N.Y. 2009) ("time spent on unsuccessful claims may be compensable"); *Lazo v. Kim's Nails at York Ave., Inc*., No. 14-CV-3309 (JLC), 2015 WL 7780723, at *4 (S.D.N.Y. Nov. 30, 2015) (fees should not be reduced simply because plaintiffs did not prevail on every contention); *Sanchez v. Burgers & Cupcakes LLC*, No. 16-CV-3862 (JGK) (JLC), 2017 WL 2171870, at *7 (S.D.N.Y. Apr. 27, 2017) (the fact that a collective action was not certified does not warrant a fee reduction). That means an attorney can still recover fees for time spent on motions they lost, if those efforts were reasonably related to the ultimate successful result.

8

Plaintiff's Counsel's request for $206,867.50, calculated pursuant to the lodestar method of fee calculation, plus incurred expenses, is reasonable and well within the range approved by courts in similar cases. Importantly, pursuant to *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 2020 U.S. App. LEXIS 3295, 170 Lab. Cas. (CCH) P36,767, 2020 WL 550470 (2d Cir. 2020), the Second Circuit held that there is **no proportionality requirement**. Here, through acceptance of Defendants' Rule 68 Offer of Judgment, Plaintiff's Counsel achieved success on behalf of their client for his individual claims of unpaid wages under the FLSA. Even though Plaintiff's Counsel's fees far exceed the amount of the Offer of Judgment, as there is no proportionality requirement, such fees and expenses should be determined solely based on reasonableness.

## A. The Lodestar Method is the Presumptive Starting Point in Fee Award Analysis in the Second Circuit

The traditional practice of the Second Circuit in determining fee awards is to multiply the reasonable hours expended by the reasonable hourly rate, also known as the lodestar method. "The lodestar represents the presumptively reasonable fee award, but the court may use its discretion to increase or reduce the amount based on the particular circumstances of the case." *Tiacoapa v. Carregal*, 386 F.Supp.2d. 362, 369 (S.D.N.Y. 2005). Within the Second Circuit the lodestar method is favored for its promotion of public policy concerns and its ease of application. See *Allende, supra.*, at 513-14 (citing *Perdue v. Kenny A.,* 559 U.S. 542, 130 S. Ct. 1662 (2010)).

As noted by the Court in *Allende*, utilizing the lodestar method to award attorneys' fees effectuates the greater public policy consideration of providing an FLSA plaintiff with quality representation, because counsel is placed in the same condition as he would have been in the regular course of business, representing any other plaintiff who pays out of pocket. Id. This consideration is of great importance because the typical FLSA plaintiff is represented on a

9

contingent fee or *pro bono* basis, and there is no guarantee that counsel will be paid for his or her work, despite diligent effort.

The Second Circuit typically applies the lodestar analysis test, rather than a strict "win every motion" test to determine reasonable attorneys' fees. As set forth in *Hensley v. Eckerhart*, fee awards should not be reduced simply because every contention was not successful if the claims involve a "common core of facts." *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Therefore, while Defendants may attempt to argue that Plaintiff should not be compensated for the full amount of legal fees incurred as Plaintiff's motions for conditional collective certification and class certification were not granted (based on procedural grounds due to the expiration of the statute of limitations period under the FLSA for prospective opt-ins), such motions involved a common core of facts with Plaintiff's individual FLSA claims, and were necessary to achieving success via the Rule 68 Offer of Judgment. Moreover, in engaging in such motion practice, Plaintiff's counsel provided value to the Plaintiff and the putative class, including (i) obtaining a ruling by Judge Moses that "…plaintiff has made a 'modest factual showing' that he and other Thermo Tech employees, who were told by Shanti Budhu to 'round down' the hours on their hand-written timesheets, were ' victims of a common policy or plan that violated the law...'", (ii) obtaining an Order for Defendants to produce class-wide discovery which showed violations, thus bolstering Plaintiff and the putative class's claims, and (iii) class discovery will allow Plaintiff to uncover third party witnesses to support Plaintiff's claims at trial; as a direct result, Defendants were forced to submit an offer of judgment that excluded fees because the Defendants know they couldn't withstanding a parade of witnesses testifying to the same claims.

Moreover, although Plaintiff did not prevail on summary judgment, the motion itself was a success because it developed the evidentiary records, exposed weaknesses in the Defendants'

10

defense, and materially pushed the litigation to its ultimate conclusion (service and acceptance of the Rule 68 Offer of Judgment).  On this basis, the Court may still award fees for the motion, because the factor is reasonable litigation effort, not isolated success.  In sum, all of the work done by Plaintiff's counsel throughout the five years leading to the Rule 68 Offer of Judgment was reasonably expended in pursuit of the successful result in which Plaintiff was the prevailing party.  At every step, Plaintiff tried to mitigate litigation costs which was thwarted by Defendants, who sought to multiply litigation whenever possible.

## B. The Hourly Rate of Plaintiff's Counsel is Reasonable Within Second Circuit Standards

With respect to figuring a reasonable hourly rate, the Second Circuit has held that the term means "what a reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184; *Cao*, 2010 U.S. Dist. LEXIS 109373 at *23-24. The rate should be "in line with [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA NY City Transit Auth.*, 457 F.3d 224, 232 (2nd Cir. 2006). In considering the appropriate rate, the Court may also use its knowledge of the relevant market. *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96-97 (2nd Cir. 2006).

As of the date of Plaintiff's Acceptance of the Rule 68 Offer of Judgment, Plaintiff's Counsel has spent more than 334.7 attorney and paralegal hours prosecuting this case. Multiplying these hours by the hourly rate of each attorney and paralegal results in a lodestar amount of $206,867.50[4].  Plaintiff's Counsel's efforts to date have been without compensation, and their entitlement to payment has been wholly contingent upon achieving a positive result. The hourly rate of C.K. Lee, Partner, billed in this matter is $1,200 per hour.  The hourly rate of

11

Senior Counsel, Rony Guldmann, is $700 per hour. James Jackson, a seventh-year associate and the primary associate handling this matter, is billed at an hourly rate of $650 per hour.  A full schedule of the fee rates are set forth in the Timekeeper Summary, *see* **Exhibit A** to the Lee Decl**.**

While billable rates at big firms have increased dramatically in the past decade (as of 2025, a first-year associate at a bulge bracket law firm billed at rates approaching $1,000 per hour while a partner could bill close to $3,000), courts have, at times, approved fees for LLG comparable to public interest attorneys.  See Billable Rates: Big Law vs. Small/Medium LAW – The Growing Divide and What It Means For Your Firm (June 4, 2025), https://www.leanlaw.co/blog/billable-rates-big-law-vs-small-law/; Biglaw billing rates have grown by nearly 34% since 2022, when top partners topped out at $2,130 an hour.  See Staci Zaretski, Meet One of Biglaw's Most Well-Known $3,000 An Hour Lawyers (February 26, 2025), Above The Law.

Courts need to not just pay enough for attorneys to cover their overhead, but to compensate them for their opportunity cost if they stayed at a bulge bracket firm and were representing corporate clients at billable rates approaching $3,000 per hour.  For example, most senior partners at elite firms like Kirkland & Ellis or Quinn Emanuel Urquhart & Sullivan, can bill up to $3,000 an hour. See Karen Kwak, AI Dooms the Billable Hour – and Big Law Earnings (July 2, 2025).

A first-year associate at a bulge bracket law firm makes approximately $225,000, exclusive of bonus of approximately $20,000. See Harrison Barnes, 2024-2025 Biglaw Bonuses and Salary Scale: A Comprehensive Guide to the Cravath System and Industry Trends (January 19, 2025), Law Crossing. With significant fee costs, Plaintiff's counsel would not be able to properly recruit qualified candidates. However, Court awards for legal fees have not kept up with

the market realities.  See also *Rosendo v. Everbrighten Inc.*, No. 13 Civ. 7256, 2015 WL 1600057, at \*8 (S.D.N.Y. April 7, 2015) ("[A]ttorneys in FLSA cases typically command … rates of between $250 and $450 per hour, depending on their level of experience."); *Easterly v. Tri–Star Transportation Corp.*, No. 11 Civ. 6365, 2015 WL 337565, at \*10 (S.D.N.Y. Jan. 23, 2015) ("Courts in this District have determined that between $250 and $450 is an appropriate fee for experienced…employment litigators.").  Such awards determined in 2015 are just not competitive and do not accurate reflect the realities of the marketplace.

When LLG is retained by paying defense clients, the rates charged are the same or in excess of those rates applied for herein. *See* **Exhibit C** to the Lee Decl., copies of LLG's invoices with paying defense clients, supporting the contention that the hourly rates charged by LLG attorneys and staff are the hourly rates our paying clients are willing to, and do, pay.  It is also worth noting that Mr. Lopez retained LLG in 2020.  The hourly rates charged by LLG attorneys and paralegals have since increased.

When applying for legal fees with courts, C.K. Lee has been routinely approved for a rate of $800 per hour, in connection with both class and individual actions, since 2017. *See Estrada v. Kingsbridge Marketplace Corp. et al.*, Case No. 17-cv-9890 (S.D.N.Y.), *Tendilla et al. v. Pearlstone Restaurant, LLC et al.,* Case No. 18-cv-8900 (S.D.N.Y.), *Chang v. Philips Bryant Park LLC et al.,* Case No. 17-cv-8816 (S.D.N.Y.), *Fteja v. Nusret New York LLC et al.,* Case No. 19-cv-429 (S.D.N.Y.), *Garcia v. Roti Restaurants, LLC,* Case No. 18-cv-9820 (S.D.N.Y.), *Carrasco v. Sompo America Insurance Services LLC et al.,* Case No. 17-cv-7319 (S.D.N.Y.), *Salazar v. P.V. Bakery, Inc. et al.*, Case No. 18-cv-4153 (S.D.N.Y.), *Tavera v. 18 Greenwich Avenue, LLC et al.,* Case No. 19-cv-8258 (S.D.N.Y.), *Patterson v. Chipotle Mexican Grill, Inc. et al.,* Index No. 54446/2020 (Westchester County), and *Pacheco et al. v. Chickpea at 14th*

13

*Street Inc. et al.,* Case No. 18-cv-251 (S.D.N.Y.), *Vazquez et al. v. Eataly America Inc. et al.,* Index No. 156933/2018 (New York County), *Delijanin v. Wolfgang's Steakhouse Inc. et al.,* Case No. 18-cv-7854 (S.D.N.Y.).  In the several years since, due to skyrocketing inflation, costs of doing business and astronomical employee salaries, the Firm's court-approved lodestar rates must increase in order to support the expanding business costs. Without a corollary increasing, the Firm (and other plaintiff side firm prosecuting for indigent wage clients) cannot successfully compete in the arms race for resources against large management-side defense firms.

### C.  Quality of Representation

"To determine the 'quality of the representation,' courts review, among other things, the recovery obtained and the backgrounds of the lawyers involved in the lawsuit." *Taft v. Ackermans*, No. 02 Civ. 7951, 2007 WL 414493, at *10 (S.D.N.Y. Jan. 31, 2007)  (citing In re Global Crossing, 225 F.R.D. at 467).  Plaintiff's Counsel has substantial experience prosecuting wage and hour cases, both individually and as class and collective actions.  As evidence of this experience, C.K. Lee has been appointed Class Counsel in more than 155 class actions. *See* Lee Decl at ¶ 9; *See also* **Exhibit D** to Lee Decl.  Although my Firm has been asked to not quote judges as part of fee applications, a number of Federal Judges and Magistrate Judges in the Southern and Eastern Districts have repeatedly acknowledged and praised Plaintiff's Counsel and Plaintiff's Counsel's quality of representation, which we can provide upon request.

Despite Defendants' counsel's intentional delays in proceedings and repeated unwillingness to meaningful participate in negotiation and/or good faith mediation, Plaintiff's counsel's was absolutely meritorious and achieved a successful outcome for Plaintiff, representing 100% of his alleged time-shaved overtime wages (inclusive of liquidated damages).

14

### D. The Hours Expended by Plaintiff's Counsel Litigating the Matter are Reasonable Within Second Circuit Standards

Plaintiff's counsel has expended a total of 334.7 hours on this case as of the date of Plaintiff's acceptance of the Rule 68 Offer of Judgment. Plaintiff's Counsel spent significant time and effort on this matter over five years, both in litigating Plaintiff's claims in arbitration venue as well as in federal court, and for the potential collective and class claims, plus time spent in preparation for and engaging in multiple mediations. "A fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed, preferably through contemporaneous time records that describe with specificity the nature of the work done, the hours expended, and the dates." *Said v. SBS Electronics, Inc.*, No. CV 08-3067 (RJD)(JO), 11, (2010 WL 1265186). The time spent by Plaintiff's counsel and staff is supported by the Declaration of C.K. Lee, and Plaintiff's counsel's contemporaneous time records attached thereto. Lee Decl. at **Exhibit A** (Time Records).

### E. No Proportionality

Although Plaintiff's Counsel's lodestar of $206,867.50 far exceeds the amount of the Rule 68 Judgment ($8,800.78), there is no proportionality requirement in the Second Circuit between a plaintiff's recovery and attorneys' fees, so long as "a party [sic] has established his entitlement to **some** relief on the merits of his claims. Neither the text nor the purpose of the FLSA supports imposing a proportionality limit on recoverable attorney's fees. With respect to the statutory text, FLSA simply provides for a "reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b). Nothing in this clause or the surrounding text supports the conclusion that a "reasonable attorney's fee" must be a "proportional" fee. *See, Fisher v. SD Prot. Inc.*, 948 F.3d 593, 603 (2d Cir. 2020). See also *United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 294 (3d Cir. 2007) (explaining that "[n]othing in the text

15

of [ERISA's similar fee-shifting provision] suggests that to be 'reasonable,' fees must be proportional").  A proportionality rule would also be inconsistent with the remedial goals of the FLSA, which we have deemed a "uniquely protective statute." See *Fisher* at 603, *citing Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015) at 207.

By implementing a percentage cap on attorneys' fees in FLSA actions, district courts impede Congress's goals by discouraging plaintiffs' attorneys from taking on "run of the mill" FLSA cases where the potential damages are low and the risk of protracted litigation high. Fee awards in wage and hour cases should "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg*, No. 08-cv-7840 (PAC), 2010 U.S. Dist. LEXIS 1120, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010). In advancing Congress's goals under the FLSA to ensure a "fair day's pay for a fair day's work," the law cannot be read to impose a proportional limitation based on the perceived complexities of the litigation. *Fisher* 948 F.3d at 603, *citing Missel*, 316 U.S. at 578.  The Courts have "rejected a per se proportionality rule, i.e., proportionality linking the prevailing party's attorneys' fees to the degree of monetary success achieved."  *Adorno v. Port Auth. of N.Y. & N.J.*, 685 F.Supp.2d 507, 512 (S.D.N.Y. 2010).  Plaintiff's Counsel is entitled to the amount requested given that Plaintiff is receiving over 100% of his alleged timeshaved overtime wages that could possibly be owed had the case been adjudicated at trial in Plaintiff's favor.

As there is no proportionality requirement with regards to attorneys' fees, courts have commonly awarded legal fees to LLG based on counsel's lodestar, even where the lodestar dwarfed the amount that was awarded to the claimant. *See Wong v. Hunda Glass Corp*., No. 09-cv-4402 (S.D.N.Y. June 23, 2010) (awarding the undersigned $100,100.00 as attorneys' fees

16

when judgment awarded to plaintiff was only $36,953.52); *See also Chen v. Jin Holdings, et al,* No. 10-cv-0414 (SDNY January 31, 2012) (awarding the undersigned $68,131.14, as attorneys' fees, when the judgment awarded to plaintiff was only $4,665.98, reasoning that "[s]ection 216(b) of the FLSA is designed in part to secure legal representation for those who have been injured, but for whom the monetary damages are too small to encourage a private attorney to take the case. In this particular case...plaintiff might well be without a remedy, if no 'reasonable fees' were permitted by statute.") *Id.* at 4.

The Honorable Paul A. Crotty, U.S.D.J. has stated that "the Supreme Court has repeatedly recognized success in litigation as a critical factor in the reasonable fee which may be awarded. *Hensley v. Eckerhart*, 461 U.S. 424 (1983)." *Id.* at 4. Here, Plaintiff is obtaining the best possible outcome on his individual wage and hour claims, plus an additional amount on his WTPA claims. In addition, the relief Plaintiff's counsel obtained is not only limited to the settlement obtained for Plaintiff, because Defendants are now better informed regarding their wage and hour policies.

In view of the foregoing, an award of attorneys' fees utilizing the lodestar method of calculation would be the only reasonable means of achieving the objective of the FLSA's statutory attorneys' fees award provision, to fairly compensate Plaintiff's Counsel for their tireless advocacy for their client in this highly contested almost five-year long litigation, in which he prevailed.

## III. PLAINTIFF'S COUNSEL IS ENTITLED TO REIMBURSEMENT OF LITIGATION EXPENSES

Plaintiff's Counsel is entitled to reimbursement of $2,986.25 in out-of-pocket expenses incurred through the date of Defendants' service of the Rule 68 Offer of Judgment. As the prevailing party, Plaintiff is entitled to reasonable costs for both his federal and state claims. 29

17

U.S.C. § 216(b); N.Y. Labor Law § 663(1); see *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d. Cir. 1998) (Plaintiffs are entitled to recover "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.") "Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients." *In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (internal quotation marks omitted). Plaintiff's Counsel's expenses were incidental and necessary to the representation of Plaintiff. These expenses include the filing fee and process service fees, investigation fees, deposition fees, and printing and mailing fees. For details, see **Exhibit A** to the Lee Decl., costs and disbursements breakdown. It is worth noting that upon the filing of the instant action, LLG contacted Defendants' Counsel in the effort to stipulate to accept service in order to avoid service fees, but Defendants' Counsel refused.

The costs requested by Plaintiffs are reasonable and have been allowed in other similar cases. See *Marquez v. Erenler, Inc.,* 2014 WL 5847441, at *4 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, and process server, deposition, and interpreter expenses); *Kadden v. VisuaLex*, LLC, 2012 WL 6097656, at *3 (S.D.N.Y. Dec. 6, 2012) (awarding filing fee and deposition, process server, and transcript expenses); *Hernandez v. P.K.L. Corp.*, 2013 U.S. Dist. LEXIS 130706 (E.D.N.Y. Aug. 21, 2013) (awarding costs for filing fees, postage, photocopying, and service of process); *Morris v. Affinity Health Plan, Inc.,* 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (awarding expenses including filing fees and postage); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011) (awarding expenses for interpreters at settlement conference and depositions); *Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc.,* 2010

18

WL 4159391, at \*8-9 (S.D.N.Y. Sept. 30, 2010) (awarding filing fee and expenses for transcription services and interpreter).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Approval of Attorneys' Fees and Reimbursement of Expenses, and enter an Order: awarding attorneys' fees in the amount of $206,867.50, and reimbursing $2,986.25 in out-of-pocket expenses that were incurred in this action, for a total of $209,853.75.

Dated: May 1, 2026
      New York, New York

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

By: */s/ C.K. Lee*
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff*
